United States District Court
Southern District of Texas
FILED

DEC 12 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GREATER BROWNSVILLE          §
INCENTIVES CORPORATION,      §
      Plaintiff              §
                     §
                     §      CIVIL ACTION NO. B-03-224
VS.                          §
                     §
                     §
TITAN INTERNATIONAL, INC.,   §
      Defendant              §

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Title 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant Titan International, Inc. (hereinafter referred to as "Removing Defendant") hereby gives notice of removal of an action filed against it in the 107th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, Removing Defendant would show this Court as follows:

### Preliminary Matters

1.      On November 10, 2003, an action was commenced against Titan International, Inc., in the 107th Judicial District Court, Cameron County, Texas, entitled *GREATER BROWNSVILLE INCENTIVES CORPORATION vs. TITAN INTERNATIONAL, INC.*, Cause No. 2003-11-5493-A.

2.      On November 18, 2003, a copy of Plaintiffs' Original Petition was received by Removing Defendant.

3.     This Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Removing Defendant of a copy of the initial pleadings setting forth a claim for relief upon which this action is based. 28 U.S.C. § 1446(b).

### Nature of the Case

4.     This is a civil action for declaratory relief regarding a Project Agreement involving the financing of a tire manufacturing facility in or near Brownsville, Texas and a related Special Warranty Deed executed pursuant to the said Project Agreement. (Plfs.' Original Petition, ¶X). A copy of the Project Agreement and Special Warranty Deed are attached hereto.

5.     As part of the Project Agreement, one of the incentives to be paid to Removing Defendant by Plaintiff was a "Site Development Credit" in the sum of $1,000,000.00, which was not paid in cash, but in the form of a land grant. *Id. at ¶VII A.*

6.     Plaintiff alleges that Removing Defendant no longer maintains a tire manufacturing operation in or near Brownsville as required by the Project Agreement, and therefore the land conveyed by Plaintiff to Removing Defendant has reverted to Plaintiff, under and pursuant to the Project Agreement. *Id.* at ¶ IX.

### Grounds for Removal

7.     The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     According to Plaintiffs' Original Petition, Plaintiffs are an economic development corporation having a principal office and place of business in Brownsville, Cameron County, Texas. *Id.* at ¶ II. Removing Defendant is an Illinois corporation with a principal place of

2

business in Quincy, Adams County, Illinois. *Id.* Thus, complete diversity exists between Plaintiff and Removing Defendant. *See* 28 U.S.C. § 1332(a)(1).

9.    Plaintiffs' Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). The petition asserts that the land conveyed by Plaintiff to Removing Defendant and the improvements thereon have reverted to Plaintiff. (Plfs.' Original Petition, ¶ IX). The petition states that the value of the grant is $1,000,000.00. *Id.* at ¶ VII. Removing Defendant deny that the property should revert back. Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332.

10.    On filing of this Notice of Removal, Removing Defendant will provide written notice to Plaintiff of this action and will file a copy of Defendants' Notice of Removal with the Clerk of the Court for the 107th Judicial District, Cameron County, Texas.

11.    The 107th Judicial District Court of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division.  Further, the attachments accompanying this Notice of Removal constitute all executed process, pleadings and orders, as well as the docket sheet on file in this matter.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING DEFENDANT
TITAN INTERNATIONAL, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

1.    Brian G. Janis
      State Bar No. 10570300
      Sanchez, Whittington, Janis & Zabarte, L.L.P.
      100 North Expressway 83
      Brownsville, Texas 78521
      (956) 546-3731
      Fax (956) 546-3766
      Attorney for Plaintiff

2.    James R. Goza,
      State Bar No. 08239600
      City Attorney, City of Brownsville, Texas
      P.O. Box 911
      Brownsville, Texas 78522
      (956) 548-6011
      Fax (956) 546-4291
      Of Counsel for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.

_____
Michael Rodriguez

RUN DATE 12/10/03
RUN TIME  9:04 AM

# CERTIFIED COPY

* * * C L E R K ' S   E N T R I E S * * *

GREATER BROWNSVILLE INCENTIVES CORPORATION

VS

TITAN INTERNATIONAL, INC.

00002201                                        (06)
HON. BRIAN G. JANIS
100 NORTH EXPRESSWAY 83    DECLARATORY REL:
BROWNSVILLE, TX.    78521 2284

11/10/03 ORIGINAL PETIT:
11/13/03 CITATION (CM):
         INC.
11/13/03    SERVED: 11/:

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

DEC 1 0 2003

BY: _____
                DEPUTY

FILED ____ O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK

NOV 1 0 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-11-5493-

| | |
|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, §<br>§ §<br>    Plaintiff §<br>§<br>VS. §<br>§<br>TITAN INTERNATIONAL, INC., §<br>    Defendant § | IN THE 107ᵗʰ JUDICIAL<br><br>DISTRICT COURT OF<br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and petitions this Court for declaratory relief regarding a certain Project Agreement with and a related Deed to Defendant, TITAN INTERNATIONAL, INC., formerly known as "TITAN WHEEL INTERNATIONAL, INC.," hereinafter "TITAN;" in support of same, Plaintiff would respectfully show the following:

I.

## Discovery Limitations

Pursuant to and as required by Rule 190.1 of the Texas Rules Of Civil Procedure, although no discovery is anticipated in this contract interpretation case by Plaintiff (and presumably, by Defendant), discovery (if it is required) is intended to be conducted under Level 1 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules Of Civil Procedure.

PLAINTIFF'S ORIGINAL PETITION - PAGE 1

II.

## Plaintiff

Plaintiff is an economic development corporation established under Article 5190.6 (Section 4A) of the Texas Revised Civil Statutes, having a principal office and place of business at 1 Market Square, Brownsville, Cameron County, Texas 78520, which expends public funds it receives (from city sales taxes) for economic development purposes (and projects).

III.

## Defendant

Defendant TITAN INTERNATIONAL, INC., formerly known as "TITAN WHEEL INTERNATIONAL, INC.," is an Illinois business corporation, having a principal office and place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, where it may be served with citation, by serving any of its officers or its Registered Agent (Cheri T. Holley), at 2701 Spruce Street, Quincy, Illinois 62301.

IV.

## Jurisdiction

A.

This Court has jurisdiction over the subject matter of this suit for declaratory relief, pursuant to Section 24.007 of the Texas Government Code and Sections 37.003 - 37.004 of the Texas Civil Practice And Remedies Code.

### B.

This Court has jurisdiction over the Defendant, an Illinois business corporation, pursuant to Rule 106 of the Texas Rules Of Civil Procedure, in that such corporation operated a (branch) tire manufacturing facility in Brownsville, Cameron County, Texas, and further, contracted with Plaintiff to finance the establishment of such operation in Brownsville, pursuant to the said Project Agreement.

### C.

Defendant also operates by and through a Texas business corporation known as "TITAN TIRE CORPORATION OF TEXAS," which lists (with the Texas Secretary Of State's Office) its address as the plant/facility of TITAN located at 6700 Paredes Line Road, Brownsville, Cameron County, Texas 78526, and its Registered Agent as TITAN (i.e., TITAN WHEEL INTERNATIONAL, INC.), with the registered office of the Texas corporation (with TITAN as Registered Agent) having the Paredes Line Road address.

### V.

### Venue

The venue of this suit is proper in Cameron County, Texas, because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, and this is the county of the principal office of Defendant in this state at

PLAINTIFF'S ORIGINAL PETITION - PAGE 3

the time the cause of action accrued, in accordance with Section
15.002 of the Texas Civil Practice And Remedies Code.

### VI.

### Project Agreement

#### A.

The Plaintiff, GBIC, entered into a Project Agreement,
involving the financing of a tire manufacturing facility in or near
Brownsville, Texas, with the Defendant, TITAN, although at that
time, that corporation was known as "TITAN WHEEL INTERNATIONAL,
INC."

#### B.

The Project Agreement was entered into as of February 27, 1997
in Brownsville, and was to provide funding for TITAN:

> "... to enable the initiation of a tire
> manufacturing operation in or near Brownsville, to
> enhance economic development and create jobs thereby." ¶
> I.

#### C.

A true and correct copy of the Project Agreement is annexed
hereto as Exhibit "A" and incorporated by reference herein as if
fully copied and set forth at length.

### VII.

### Deed Of Conveyance

#### A.

As part of such Agreement, particularly Subparagraph A. of
Paragraph II., one of the incentives to be paid to TITAN by GBIC

was a "Site Development Credit" in the sum of $1,000,000.00, which was not paid in cash as such but in the form of a grant (i.e., conveyance) of a site to locate the facility needed for this project.

B.

This site (land), of up to two-hundred acres north of Brownsville, to locate the facility for this project (the "plant" of TITAN) in or near Brownsville, was acquired by GBIC as a "site improvement expense."

C.

Subsequently, a Special Warranty Deed, dated November 14, 1996, was executed by GBIC in favor of TITAN, with an effective date of February 28, 1997, pursuant to the said Project Agreement.

D.

The Deed indicates that the consideration given is in accordance with the Project Agreement by and between the Grantor and Grantee (i.e., GBIC and TITAN), and involved the conveyance of 192 acres (more or less), to provide a site for the construction and operation of the said tire manufacturing facility in or near Brownsville.

E.

A true and correct copy of the Special Warranty Deed is annexed hereto as Exhibit "B" and incorporated by reference herein as if fully copied and set forth at length.

VIII.

Contract Terms

A.

Under the Project Agreement, which explicitly refers to a conveyance of land by GBIC for the use of TITAN, as evidenced by the Special Warranty Deed, the land was granted, sold and conveyed to TITAN by GBIC.

B.

However, this conveyance is subject to other provisions of the said Project Agreement, such as the third (unnumbered) subparagraph of Paragraph II. (entitled "Disbursement Of Funds"), at Page 4 of the Agreement, which reads as follows:

> "The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, ... from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business) ... ." ¶ II. (emphasis added).

IX.

Reversion

A.

As reflected by press releases and various public statements, an example of which is annexed hereto as Exhibit "C" and incorporated by reference herein as if fully copied and set forth at length, TITAN announced that it is centralizing its operations, such as the tire manufacturing operation at the Brownsville "plant," in Des Moines, Polk County, Iowa.

B.

As such, TITAN discontinued its operations in Brownsville and "no longer maintains a tire manufacturing operation in or near Brownsville" (as is set forth in the excerpt above [in Paragraph VIII. herein] from the Agreement).

C.

Thus, two of the reasons to invoke the said provision (in Paragraph II. of the Agreement) have occurred, and therefore the land conveyed by GBIC to TITAN (subject to the said condition), and the improvements thereon (to the extent same has also been financed by GBIC), has reverted to GBIC, under and pursuant to the Project Agreement.

D.

In light of the said events (occurring), as indicated above, it has become necessary to seek judicial relief, despite a notice

(letter) provided to TITAN of the foregoing contractual provision and the said interpretation of that provision, a copy of which (the said letter) is annexed hereto as Exhibit "D" and incorporated by reference herein as if fully copied and set forth at length.

## X.

### Enforcement Of Contract

#### A.

Pursuant to Chapter 37 of the Texas Civil Practice And Remedies Code, GBIC seeks a judicial declaration that, because the said contractual provision has been activated by the said acts of TITAN, and such contractual provision is to be enforced and/or is enforceable, the land (including the improvements thereon, as indicated above) conveyed by GBIC to TITAN, as indicated above, has reverted to GBIC, pursuant to the Project Agreement.

#### B.

Accordingly, pursuant to the said Chapter, GBIC is entitled to declaratory relief, to-wit, that by virtue of the said Project Agreement, specifically the paragraph giving rise to a reversion of the land and improvements that were financed by GBIC, in light of the discontinuance of operations and the closing of the tire manufacturing facility in Brownsville, the land and improvements thereon (to the extent indicated above) have, as a matter of contract (and of fact), reverted to GBIC.

XI.

## Attorney Fees

Plaintiff has retained the undersigned counsel to prosecute this claim for declaratory relief and has agreed to pay said counsel reasonable and necessary attorney fees for same. Accordingly, an award of reasonable and necessary attorney fees to GBIC would be equitable and just, as authorized by Section 37.009 of the Texas Civil Practice And Remedies Code.

XII.

## Costs

Pursuant to Section 37.009 of the Texas Civil Practice And Remedies Code, Plaintiff is entitled to an award of its costs of court.

WHEREFORE, GBIC requests that TITAN be cited to appear and answer, and that on final trial, GBIC have judgment against TITAN:

1 - Declaring that under the said Project Agreement (and related Special Warranty Deed), by virtue of TITAN removing its operations from Brownsville, such that it is no longer operating in Brownsville and no longer maintains a tire manufacturing operation in or near Brownsville, the land and improvements thereon (as indicated above), as purchased through funds of GBIC, have reverted to GBIC.

2 - Awarding to GBIC reasonable and necessary attorney fees.

3 - Awarding to GBIC costs expended or incurred in this cause.

4 - Awarding to GBIC such other and further relief to which it is justly and equitably entitled.

DATED this __10th__ day of November, 2003.

PLAINTIFF'S ORIGINAL PETITION - PAGE 9

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
   & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: 956/546-3731
Telefax: 956/546-3766

BY: _____
Brian G. Janis
Texas State Bar No. 10570300
Cameron County ID. No. 2201

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

James R. Goza, City Attorney
(Texas State Bar No. 08239600)
(Cameron County ID. No. 262201)
City Of Brownsville, Texas
P. O. Box 911
Brownsville, Texas 78522-0911
Telephone: 956/548-6011
Telefax: 956/546-4291

PLAINTIFF'S ORIGINAL PETITION - PAGE 10

THE STATE OF TEXAS                  §
                                    §
COUNTY OF CAMERON                   §

## PROJECT AGREEMENT

THIS Project Agreement is made this 27th day of February, 1997 in Brownsville, Cameron County, Texas, between the GREATER BROWNSVILLE INCENTIVES CORPORATION, a Texas non-profit corporation established pursuant to Article 5190.6 of the Texas Revised Civil Statutes, having a principal place of business at 1 Market Square, Brownsville, Cameron County, Texas 78522, and TITAN WHEEL INTERNATIONAL, INC., an Illinois business corporation, having a principal place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, regarding funding for the establishment of a tire manufacturing operation in Brownsville, as follows:

I.

## Use Of Funds

The proceeds provided by this Agreement are to be used by TITAN WHEEL INTERNATIONAL, INC. "to enable the initiation of a tire manufacturing operation in or near Brownsville, and to enhance economic development and create jobs thereby," to be itemized in the schedules or plans for same to be provided to the GREATER BROWNSVILLE INCENTIVES CORPORATION, which Project is to be funded in part by the foregoing proceeds (the said funds having been "leveraged" to obtain additional funding for same).

II.

## Disbursement Of Funds

Such funds will be disbursed in accordance with the following provisions. Assuming compliance with the terms of this Agreement by TITAN WHEEL INTERNATIONAL, INC., such that TITAN WHEEL INTERNATIONAL, INC., is required to create 500 "new jobs" (375 during the first year after construction of the facility for the "Project," 75 during the second year thereafter and 50 during the third year thereafter) over the term of this Agreement (as a condition to funding hereunder), the GREATER BROWNSVILLE INCENTIVES CORPORATION shall pay to TITAN WHEEL INTERNATIONAL, INC., the following:

A – As a "Site Development Credit," the sum of $1,000,000.00, to be paid not in cash but in the form of a grant of a site (of

PROJECT AGREEMENT – PAGE 1

real property, up to 200 acres) north of Brownsville for use as a facility for this "project" (the "plant" for TITAN), such land to be acquired (at a closing to be conducted in the near future) by the GREATER BROWNSVILLE INCENTIVES CORPORATION, constituting part of the "site improvement expense" of TITAN WHEEL INTERNATIONAL, INC., at its new Brownsville area facility, as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the said Brownsville facility (as limited above);

B – As a "Site Development Credit," the sum of $1,000,000.00, paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of the (non-land acquisition) "site improvement expense" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above);

C – As an additional "Site Development Credit," the sum of $460,001.00, paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of additional (non-land acquisition) "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) a 1/4 mile access road, and (2) a facility parking lot, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above), it being provided, however, that the sum of $692,862.00 be paid directly to the Public Utilities Board (i.e., through the City Of Brownsville) for miscellaneous "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) extending water/sewer lines to the site, (2) the purchase of water rights, and (3) acreage charges, which is subject to reimbursement (to GBIC) on receipt of funds from pending grant applications under the auspices of the CITY OF BROWNSVILLE (with the U.S. Economic Development Administration);

D – As yet an additional (and final) "Site Development Credit," the sum of $680,000.00 (or if less, the maximum cost of 240,000 cubic yards of dirt, as explained below), paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of additional (non-land acquisition) "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION,

PROJECT AGREEMENT - PAGE 2

EXHIBIT A
PAGE 2 OF 12 PAGES

for acquiring fill dirt (the local provider of which is to be
identified publicly) to elevate the ground level and to
provide a sufficient base for the construction of the
buildings and improvements required for the contemplated
manufacturing operation of TITAN WHEEL INTERNATIONAL, INC., in



"site development expenses" payable to TITAN hereunder) is to
be paid, instead, to the CITY OF BROWNSVILLE for the "EDA Jose
Escandon Road Project," which project is being funded by the
CITY for the benefit of TITAN and is to involve some
reimbursement or payment from the U.S. Economic Development
Administration, and that TITAN must first expend its (own)
budgeted funds ($50,000.00) for such fill dirt (and invoices
for same must be provided to GBIC) before any of the said
funds above (in this sub-paragraph) are expended, and
moreover, while GBIC will pay for such fill dirt, it (and the
CITY) is not responsible for problems or disputes involving
quantity, quality, time of service or method of delivery, or
the delivery (to the extent possible, the providers of fill
dirt should be from Brownsville or its extraterritorial
jurisdiction, for which TITAN will submit a signed contract

limited above), during the said three (3) years of this Agreement.

The maximum amount of reimbursement is not to exceed (for all credits hereunder) $13,040.73 per "new job created" at TITAN WHEEL INTERNATIONAL, INC. (in or near Brownsville, Texas only), during the term of this Agreement, in accordance with guidelines of the

GREATER BROWNSVILLE INCENTIVES CORPORATION, provided that the GREATER BROWNSVILLE INCENTIVES CORPORATION has first verified and approved the amount of the "site improvement expenses," the "lease/building expense" and the "annual non-principal wages," and the "new jobs created" are valid, continuous and in force for at least ninety (90) days -- as determined at the close of the second quarter of the relevant year -- which amounts are not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 (noting that $692,862.00 will be paid directly to the Public Utilities Board, by and through the City Of Brownsville), $680,000.00 (or if less, the cost of 240,000 cubic yards of dirt), $1,712,500.00 and $975,000.00, respectively, over the term of this Agreement (i.e., five years).'

The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, or if TITAN WHEEL INTERNATIONAL, INC., does not commence such construction within eleven (11) months, does not commence hiring and training for the plant within ten (10) months (involving Spend Skills Development Training dollars, which must be spent in Brownsville), or does not commence operations within two (2) years in or near Brownsville, from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business), and, to avoid commingling or problems with tracing such funds, TITAN WHEEL INTERNATIONAL, INC., shall segregate, for accounting and other similar purposes, all funds (and properties) received from the GREATER BROWNSVILLE INCENTIVES CORPORATION and from other sources.

III.

## Consideration

In consideration of the establishment of a tire manufacturing operation in or near Brownsville, Cameron County, Texas, pursuant to this Agreement, which will create jobs, facilitate commerce and trade and improve the economic infrastructure and labor force of the area, thus enhancing economic development, the stated goal of the GREATER BROWNSVILLE INCENTIVES CORPORATION, said entity will finance, for the benefit of TITAN WHEEL INTERNATIONAL, INC., the said "Site Development Credits," "Lease/Building Assistance Credit" and "Job Creation Credit," to enable the initiation of a tire manufacturing operation in or near Brownsville, funding part of the "cost" of a "project" for economic development thereby, as such terms are described and defined in Article 5190.6 of the Texas Revised Civil Statutes, the said CORPORATION's authorizing legislation, same having been found by the said CORPORATION's Board Of Directors "to be required or suitable for the promotion of development and expansion of manufacturing and industrial facilities, ... distribution centers [etc.] ... ."

The foregoing credits are supplemented by other incentives provided by the State Of Texas and other entities, as reflected by the listing annexed hereto as Exhibit "A" and incorporated by reference herein (the total amount of incentives including the said credits), it being understood by the parties to this Project Agreement that the GREATER BROWNSVILLE INCENTIVES CORPORATION (and by extension, the CITY OF BROWNSVILLE) does not control the provision of such incentives (by the State Of Texas and other entities) and has no responsibility for the provision of same, as reflected by Paragraph XV. (and other provisions) of this Project Agreement.

IV.

## Performance Of Agreement

In providing a tire manufacturing operation in or near Brownsville, TITAN WHEEL INTERNATIONAL, INC., acting by and through its respective agents, will conduct itself in conformity with the requirements and standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION. To this extent, TITAN WHEEL INTERNATIONAL, INC., will perform all acts necessary to successfully fulfill the purpose of this Agreement and shall, at all times, faithfully, industriously and to the best of its abilities, experience and talents, perform all the duties that may be required of and from it pursuant to the express and implicit terms hereof and to the reasonable satisfaction of the GREATER BROWNSVILLE INCENTIVES CORPORATION.

PROJECT AGREEMENT - PAGE 5

EXHIBIT A
PAGE 5 OF 12 PAGES

In a manner calculated to achieve the goals of the GREATER BROWNSVILLE INCENTIVES CORPORATION in enhancing economic development and to maximize the value of the said CORPORATION's investments in various economic development projects, pursuant to the policies set by the CORPORATION's Board Of Directors from time to time, TITAN WHEEL INTERNATIONAL, INC., shall keep the said CORPORATION apprised of the status of the said Project, to insure compliance with this Agreement. To this extent, on a quarterly basis, TITAN WHEEL INTERNATIONAL, INC., shall prepare and send to the GREATER BROWNSVILLE INCENTIVES CORPORATION, by and through its Board Of Directors, a report showing the activities conducted pursuant to this Agreement during the preceding quarter and setting forth an accounting of funds received and expended pursuant to this Agreement during the preceding quarter, with each such report showing the cumulative expenses and revenues for the preceding quarter together with all prior quarters during the term of this Agreement, as well as "employment levels" for all such quarters.

TITAN WHEEL INTERNATIONAL, INC., shall have a "review" audit of all funds and activities of this Project prepared annually by a Certified Public Accountant (which auditor may be employed by the company), a copy of which shall be presented to the GREATER BROWNSVILLE INCENTIVES CORPORATION within ninety (90) days of the close of the said company's fiscal year, and further, the said company will provide a copy of its proposed and adopted budgets regarding this Project to the GREATER BROWNSVILLE INCENTIVES CORPORATION as soon as same can be (reasonably) forwarded to the CORPORATION. Additionally, the said company will make available for inspection, at a reasonable time and place, at the request of the CORPORATION, any or all of the said company's financial and payroll records as same relates to this Project, provided however, that all of such records will be deemed "confidential" and not released to third parties (pursuant to the Texas Open Records Act).

V.

Term Of Agreement

The term of this Agreement shall be five (5) years, commencing November 1, 1996 and ending October 31, 2001.

VI.

Termination

This Agreement may be terminated for cause (including the failure to comply with the requirements or standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION, or any action constituting a

PROJECT AGREEMENT - PAGE 6

EXHIBIT A
PAGE 6 OF 12 PAGES

breach of the terms of this Agreement) by either party, as appropriate, or by mutual agreement of the parties, or in the event of any occurrence (e.g., bankruptcy, dissolution or governmental action, as appropriate) precluding either party from performing the obligations contemplated under this Agreement. In the event of the termination of this Agreement for any reason prior to the expiration of the term of this Agreement, the parties shall be entitled to all compensation earned by them through the effective date of termination, as appropriate, and any remedies available at law or in equity, which rights and remedies shall survive the termination of this Agreement.

## VII.

### Indemnity

TITAN WHEEL INTERNATIONAL, INC., shall indemnify, protect and hold harmless the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, from any and all liabilities, claims, demands, actions, losses, damages and costs, including all costs of defense thereof, of any nature whatsoever, for injury to or death of persons or loss or damage to property, or for any other reason, including economic or environmental loss of any kind, in any manner arising out of or connected with the performance of TITAN WHEEL INTERNATIONAL, INC., under this Agreement, or arising out of the execution of or performance (or non-performance) of this Agreement, and including claims and actions based upon the acts or omissions of TITAN WHEEL INTERNATIONAL, INC., or its shareholders, directors, officers, agents, employees, representatives, parents, subsidiaries, affiliates, related holding companies, successors, assigns and insurers.

Upon demand, TITAN WHEEL INTERNATIONAL, INC., shall, at its own expense, defend the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, against any and all such liabilities, claims, demands, actions, losses, damages and costs. Moreover, TITAN WHEEL INTERNATIONAL, INC., shall give the GREATER BROWNSVILLE INCENTIVES CORPORATION prompt notice of any claim within its knowledge that in any way, directly or indirectly, affects either party. Both parties shall have the right to participate in the defense of such claim to the extent of their interests.

VIII.

## Insurance

Both parties agree to obtain insurance (to the extent available) in the type and amount deemed advisable to protect their respective interests.  To this extent, the parties agree to provide insurance for their respective conveyances, equipment, facilities and instrumentalities, as appropriate.

IX.

## Status Of Parties

The parties hereto shall not be construed to have the relationship of partners, joint venturers, principal-agent or employer-employee.  The parties hereto are separate entities who enter into this Agreement for their respective benefit.

X.

## Compliance With Law

The parties will act, at all times, in compliance with all pertinent and applicable laws.

XI.

## Entire Agreement

This Agreement contains the entire agreement between the parties relating to the rights herein granted and the obligations herein assumed, and supersedes any prior understandings, representations, memorandums or agreements regarding the service relationship that is the subject of this Agreement.  Any oral representations or modifications concerning this instrument shall be of no force or effect.  This Agreement may be amended, provided that no amendment, modification or alteration of the terms of this Agreement shall be binding unless the same is in writing and duly executed by the parties hereto.

XII.

## Law Governing; Venue

This Agreement shall be governed by and construed in accordance with the laws of the State Of Texas (and where applicable, the laws of the United States Of America), and, the

EXHIBIT A
PAGE  8  OF  12  PAGES

obligations and undertakings of each of the parties to this Agreement shall be performable in Cameron County, Texas.

## XIII.

### No Waiver

Any waiver by any party of any default under or breach of this Agreement shall not be construed as a continuing waiver of such default or breach, nor as a waiver of or permission for (express or implied) any other or subsequent default or breach.

## XIV.

### No Assignment

This Agreement shall not be assigned in whole or in part by either party without the consent and approval of the other party, set forth in writing and signed by both parties. Any assignee will be bound by the terms of this Agreement.

## XV.

### No Warranties Or Representations

The parties to this Agreement specifically acknowledge that the GREATER BROWNSVILLE INCENTIVES CORPORATION (or by extension, the CITY OF BROWNSVILLE) shall not be obligated to pay any funds to TITAN WHEEL INTERNATIONAL, INC., beyond the (contingent) payments contemplated by this Agreement, as set forth above, which are not to exceed the sum that is: $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00 (as set forth above) for the "site improvement expenses," $1,712,500.00 for the "lease/building expense" and $975,000.00 for the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., and/or the sum representing $13,040.73 per "new job created," in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION -- for the "Site Development Credits" (not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00, as set forth above), for the "Lease Assistance Credit" (not to exceed the sum of $1,712,500.00), and for the "Job Creation Credit" (not to exceed the sum of $975,000.00).

NO WARRANTY OR REPRESENTATION OF ADDITIONAL PAYMENTS OR FUNDING OR CREDIT OR THE EXTENSION OF CREDIT HAS BEEN MADE, IS BEING MADE OR WILL BE MADE BY THE GREATER BROWNSVILLE INCENTIVES CORPORATION (OR THE CITY OF BROWNSVILLE). FURTHERMORE, NO WARRANTY OR REPRESENTATION OF ANY KIND WHATSOEVER IS BEING MADE BY THE

GREATER BROWNSVILLE INCENTIVES CORPORATION OR TITAN WHEEL
INTERNATIONAL, INC., IN CONNECTION WITH THE EXECUTION OR
PERFORMANCE OF THIS AGREEMENT, except to the extent set forth in
this instrument.

## XVI.

### Parties Bound

This Agreement shall be binding upon and inure to the benefit
of the parties to this Agreement and their respective heirs, legal
representatives, successors and assigns, as appropriate.

## XVII.

### Notices

Any notice to either party shall be sent by certified or
registered mail, addressed to the parties as set forth above, at
their respective addresses set forth above or such other address as
may be designated.

## XVIII.

### Invalidity

If any term, provision, covenant or condition of this
Agreement is held by a tribunal of competent jurisdiction to be
invalid, void or unenforceable, the remainder of the provisions of
this Agreement shall remain in full force and effect and shall in
no way be affected, impaired or invalidated. Moreover, it is the
intention of the parties to this Agreement that in lieu of each
clause or provision of this Agreement that is held to be invalid,
void or unenforceable, there be added as a part of this Agreement
a clause or provision as similar in terms to such invalid, void or
unenforceable clause or provision as may be feasible which shall
nevertheless be valid, legal and enforceable.

## XIX.

### Arbitration

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING
TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR INVALIDITY
THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE
FEDERAL ARBITRATION ACT AND THE COMMERCIAL ARBITRATION RULES OF THE
AMERICAN ARBITRATION ASSOCIATION, USING ONE ARBITRATOR -- SUCH
ARBITRATION TO BE CONDUCTED IN BROWNSVILLE, CAMERON COUNTY, TEXAS,

EXHIBIT A
PAGE 10 OF 12 PAGES

IN THE ENGLISH LANGUAGE -- AND A JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

XX.

## Attorney Fees

If any proceeding is initiated to resolve a dispute arising under or relating to this Agreement by either of the parties hereto, it is expressly agreed that the prevailing party shall be entitled to recover from the other party reasonable attorney fees and expenses in addition to any other relief that may be awarded.

XXI.

## Construction Of Instrument

Each of the parties hereto have been represented by the attorneys of their choice in the negotiation and drafting of this Agreement. Accordingly, this Agreement shall not be construed in favor of either party.

XXII.

## Authority

The parties to this Agreement, to-wit, TITAN WHEEL INTERNATIONAL, INC., and the GREATER BROWNSVILLE INCENTIVES CORPORATION, specifically warrant and represent that the signatories below are authorized to act on behalf of the respective party to this instrument, that the signatories have been specifically authorized to execute this Project Agreement by said parties in accordance with the requisite corporate formalities of each such party, that the execution of this instrument by said signatories constitutes the binding act of each such party to this instrument and that the execution of this instrument and the adoption of same by each party is authorized by law.

EXECUTED in duplicate (as revised) on the ___7th___ day of November, 1997 at Brownsville, Cameron County, Texas.

GREATER BROWNSVILLE INCENTIVES CORPORATION

BY: _____

Eduardo R. Rodriguez, President

PROJECT AGREEMENT - PAGE 11

EXHIBIT _A_
PAGE __ll__ OF __12__ PAGES

ATTEST:

_____
Irv Downing, Secretary


TITAN WHEEL INTERNATIONAL, INC.


BY:  _____
     Gary Carlson, Vice-President


ATTEST:

_____
Name: _____
Title: _____


PROJECT AGREEMENT - PAGE 12

EXHIBIT A
PAGE 12 OF 12 PAGES

SPECIAL WARRANTY DEED

Date: November 14 , 1996     EFFECTIVE DATE: February 28, 1997

Grantor: GREATER BROWNSVILLE INCENTIVES CORPORATION,
a Texas Non-Profit Corporation

Grantor's Mailing Address (including county):

City Hall, Market Square, Brownsville, Texas 78520
CAMERON County

Grantee: TITAN WHEEL INTERNATIONAL, INC.,
an Illinois Business Corporation

Grantee's Mailing Address (including County):

2701 Spruce Street, Quincy, Illinois 62301
ADAMS County

CONSIDERATION: IN ACCORDANCE WITH PROJECT AGREEMENT BY AND
BETWEEN GRANTOR AND GRANTEE OF EVEN DATE HEREWITH

PROPERTY (including any improvements):

BEING a 192.634 acre tract out of a "Parcel One", "Tracts
1, 2, and 3 of Parcel Two" and "Parcel Four" as described
in a Deed from Norwill, Incorporated to Henry A. Willms,
John F. Willms, Gary A. Willms and Myra Foster. Said
Deed is recorded in Volume 2200, Page 92 of the Deed
Records of Cameron County, Texas. Said 192.634 acre
tract being more particularly described on the Exhibit
"A" attached hereto and made a part hereof.

SAVE & EXCEPT there is hereby reserved a 100' wide strip
along the South Boundary line for possible future
dedication to the City of Brownsville for Jose Escandon
Road. In the event that said 100' wide strip is not
dedicated for said purpose on or before twenty five (25)
years from date hereof, this reservation shall lapse.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

This conveyance is made and accepted subject to any and all
restrictions, covenants, conditions, easements, mineral and
royalty reservations, zoning laws, leases, regulations and
ordinances of municipal and other governmental authorities, if
any, and only to the extent that same are still in effect,
shown of record in Cameron County, Texas; together with any
and all visible and apparent easements, to include but not
limited to easements for roadways on or across the land.

TAX ROLL-BACK:

If Grantee's use of the property hereafter results in the
assessment of additional taxes for periods prior to date
hereof such additional taxes shall be the obligation of
Grantee.

DISCLAIMER OF REPRESENTATIONS AND WARRANTIES:

GRANTOR HAS NOT MADE AND HEREBY SPECIFICALLY DISCLAIMS ANY
WARRANTY, GUARANTY, OR REPRESENTATION, ORAL OR WRITTEN, PAST,
PRESENT, FUTURE, AS TO, OR CONCERNING (i) THE NATURE AND
CONDITION OF THE PROPERTY, INCLUDING BUT NOT BY WAY OF
LIMITATION, THE WATER, SOIL, AND GEOLOGY, AND THE SUITABILITY
THEREOF FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY
ELECT TO CONDUCT THEREON, (ii) THE MANNER, CONSTRUCTION,
CONDITION, AND STATE OF REPAIR OR LACK OF REPAIR OF ANY OF THE
PROPERTY, (iii) EXCEPT FOR ANY WARRANTIES CONTAINED IN THE
DEED, THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE,

POSSESSION, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHERWISE, AND (iv) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, RULES, ORDINANCES, OR REGULATIONS OF ANY GOVERNMENT OF OTHER BODY, GRANTEE HEREBY EXPRESSLY ACKNOWLEDGES AND AGREES THAT GRANTEE HAS THOROUGHLY INSPECTED AND EXAMINED THE PROPERTY TO THE EXTENT DEEMED NECESSARY BY GRANTEE IN ORDER TO ENABLE GRANTEE TO EVALUATE THE PURCHASE OF THE PROPERTY. GRANTEE HEREBY FURTHER ACKNOWLEDGES AND AGREES THAT GRANTEE IS RELYING SOLELY UPON THE INSPECTION, EXAMINATION, AND EVALUATION OF THE PROPERTY "AS IS", "WHERE IS" AND "WITH ALL FAULTS" BASIS AND GRANTEE EXPRESSLY ACKNOWLEDGES THAT IN CONSIDERATION OF THE AGREEMENT OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE IN RESPECT OF THE PROPERTY. IT IS FURTHER AGREED THAT GRANTOR HAS NOT WARRANTED, AND DOES NOT HEREBY WARRANT, THAT THE PROPERTY OR ANY IMPROVEMENTS LOCATED THEREON NOW OR IN THE FUTURE WILL MEET OR COMPLY WITH THE REQUIREMENTS OF ANY SAFETY CODE OR REGULATION OF THE STATE OF TEXAS, THE CITY WHERE THE PROPERTY IS LOCATED, THE COUNTY WHERE THE PROPERTY IS LOCATED, OR ANY OTHER AUTHORITY OR JURISDICTION. IT IS FURTHER AGREED THAT GRANTOR DOES NOT MAKE ANY REPRESENTATIONS OR WARRANTIES REGARDING SOLID WASTE, AS DEFINED IN THE TEXAS SOLID WASTE DISPOSAL ACT AND THE REGULATIONS ADOPTED THEREUNDER OR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGULATIONS AT 40 C.F.R., PART 261, THE DISPOSAL OR EXISTENCE IN, OR EMANATING FROM THE PROPERTY, OR ANY HAZARDOUS SUBSTANCE, AS DEFINED BY THE COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT OF 1980, AS AMENDED, AND REGULATIONS PROMULGATED THEREUNDER. GRANTEE HEREBY ASSUMES ALL RISKS (SPECIAL, DIRECT, INDIRECT, CONSEQUENTIAL, OR OTHER DAMAGES) RESULTING OR ARISING FROM OR RELATING TO THE OWNERSHIP, USE, CONDITION, LOCATION, MAINTENANCE, REPAIR OR OPERATION OF THE PROPERTY.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor's heirs, executors, administrators and successors are hereby bound to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, by, through or under Grantor, but not otherwise.

When the context requires, singular nouns and pronouns include the plural.

GREATER BROWNSVILLE INCENTIVES CORPORATION

by: _Donald G. Johnson_

DONALD G. JOHNSON,
Chairman of the Board

## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on February 28, 1997, by DONALD G. JOHNSON, Chairman of the Board of GREATER BROWNSVILLE INCENTIVES CORPORATION.



Notary Public, State of TEXAS

AFTER RECORDING RETURN TO:
TITAN WHEEL INTERNATIONAL, INC.
2701 Spruce Street
Quincy, Illinois  62301

PREPARED IN THE OFFICE OF:
MICHELE SANCHEZ, P.C.
717 North Expressway 83
Brownsville, Texas  78520

EXHIBIT _B_
PAGE _3_ OF _3_ PAGES

TITAN TIRE                    PAGE 01/01

# ØTITAN

| **News Release from Titan International, Inc.** | **NYSE: TWI** |

Contact: Lisa Ross
Communications Coordinator
(217) 221-4489
July 28, 2003

*FOR IMMEDIATE RELEASE*

## Titan International, Inc. consolidates tire manufacturing

Quincy, IL - Titan Tire, a subsidiary of Titan International, Inc. (NYSE: TWI), is consolidating all tire manufacturing into its principal tire facility located in Des Moines, Iowa. The Brownsville, Texas, location will continue as a distribution and warehouse center for Titan, however, production will be suspended until market demand requires additional capacity. The majority of the costs related to the consolidation will occur in the second and third quarters of 2003.

Prior to the 1998 labor strikes, Titan Tire was pursuing an aggressive plan to increase production capacity which included buying control of bankrupt Fidelity Tire in Natchez, Mississippi, which has been idled since early 2001, and building a one-million square foot factory in Brownsville, Texas. Following the resolution of the 40-month labor strike and corporate campaign against the company, Titan has been steadily increasing efficiency at the Des Moines tire facility. Titan decided to consolidate all tire manufacturing to Des Moines until that facility is operating near its full capacity. The company is maintaining adequate capacity to meet current and future demands without additional planned capital expenditures.

The agricultural and construction markets have not experienced the forecasted growth in 2003 and the new farm bill has not significantly impacted equipment sales this year but an increase is expected in 2004. Growth has been slowed by additional pricing pressure from imports. The weak U.S. dollar should improve this situation over the next six months.

"The North American large farm equipment market has been in a slump since 1998. For example in 1997, approximately 9,000 four-wheel drive large tractors were sold. Last year, however, there were fewer than 4,000 sold. In terms of wheels and tires, that amounts to a decrease of more than 40,000 units," explained Maurice Taylor Jr., Titan president and CEO. "The utility and compact tractor sales, however, are holding up surprisingly well."

New wheels and tires developed and tested during the past year are expected to generate increased sales for the company in 2004. Titan's costs are competitive in the industry and the company is now concentrating on building market share and profitability. Expertise in both wheel and tire engineering allows Titan to enjoy a unique competitive advantage while providing assemblies best suited for the needs of equipment users.

"The United Steelworkers of America strikes and their corporate campaign damaged Titan's financial position, but building wheels and tires that provide the best value while generating a profit will allow the company to move forward and increase Titan's stock price to more accurately reflect the value of the company. Titan's book value today is approximately five times our share price, therefore we need to produce results," stated Taylor.

Titan is a global supplier of mounted wheel and tire systems for off-highway equipment used in agriculture, earthmoving/construction, and consumer (i.e. all terrain vehicles and trailers) applications. Titan has manufacturing and distribution facilities worldwide.

-end-

EXHIBIT F
PAGE ___1___ OF ___1___ PAGES

SANCHEZ, WHIT...NGTON, JANIS & ZABARTE, L.L.P.
ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)
DENNIS H SANCHEZ, P.C.
ROBERT A WHITTINGTON, P.C
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P C.

TEL (956) 546-3731
FAX (956) 546-3765

August 21, 2003

Mr. Maurice Taylor, Jr., President/CEO
Titan Wheel International, Inc.
2701 Spruce Street
Quincy, Illinois  62301

SENT BY REGULAR MAIL
AND BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

RE:   Project Agreement Between
      Greater Brownsville Incentives
      Corporation (GBIC) And Titan Wheel
      International, Inc. (Titan)

Dear Mr. Taylor:

As you know, on February 27, 1997, to facilitate the opening of a tire manufacturing facility in or near Brownsville, Titan entered into a Project Agreement with the Greater Brownsville Incentives Corporation (GBIC), an economic development corporation established under Texas law under the auspices of the City Of Brownsville.

Under this Agreement, Titan was to receive various incentives, in anticipation of a large manufacturing facility being constructed in Brownsville and the employment of 500 people (in "new jobs") at such facility.

Unfortunately, over the five-year term of the contract, 500 jobs were not created, and the best operating year for Titan, job-wise, at the Brownsville facility yielded only 122 jobs.

A small amount (proportionately) of "job creation credits" and "lease/building assistance credits" were paid to Titan, in the sum of $490,200.00.  In addition to that amount, the sum of $3,832,863.00 (the majority of the incentives paid to Titan) was paid for various "site development credits."

Under the Project Agreement, the "site development credits" were paid "up-front," or in other words, prior to the time of contractual performance by Titan (for job creation), the other incentives having been paid under such performance-based criteria, to-wit, the jobs were created during the course of the agreement.

EXHIBIT D
PAGE 1 OF 6 PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 2

    The Board Of Directors of GBIC observed a limited amount of
jobs created at the Brownsville facility of Titan under the Project
Agreement, and more recently, statements about the plant being
"shut down."

    The significance of these developments, taken as a whole, is
that there is a provision in the Project Agreement that indicates
that the "maximum amount of reimbursement is not to exceed (for all
credits hereunder) $13,040.73 per 'new job created' at 'the
Brownsville facility of Titan,'" and to that extent, a question
arose at a prior Board meeting about whether Titan was in fact
overpaid.

    In other words, because the majority of the incentives paid by
GBIC involved money paid "up-front," in light of the 500 jobs
promised not being created, the "per job cost" increased
dramatically, over the amount ($13,040.73) authorized by the
Project Agreement, prompting the retention of an independent
certified public accountant, under the contract, to calculate the
nature and extent of that "overpayment."

    In summary, the amount of the credits committed to Titan,
under the contract, was $6,520,363.00, and the actual expenditures,
under the contract, the majority of which involved "site
development credits," was $4,568,863.00.  For the one year that
there was a basis for the payment of the "job creation" and
"building assistance" credits, the payment was premised on the
$13,040.73 (maximum) "per job cost."

    When the "per job cost" is multiplied by the 122 jobs created,
the result is $1,590,969.00, according to the said accountant, such
that, if the actual funds disbursed ($4,568,863.00) is considered,
and the correct payment to Titan (based on the said 122 jobs, the
sum of $1,590,969.00) is considered, the overpayment to Titan is
(therefore) $2,977,894.00.

    In light of the foregoing, and in light of cash flow
considerations of GBIC (as well as your company), the GBIC Board Of
Directors has directed that I apprise you, on behalf of Titan, of
this development.

    That is, a final review of this Project revealed that Titan
was overpaid, based on the factors above (for the reasons set forth
above), such that, because of the limited job creation of 122 (out
of a promised 500) jobs (500 jobs mathematically would have allowed

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 3

the amount spent to be "absorbed" by the limit on "per job costs"
of $13,040.73 per job), instead of the 500 jobs required by the
Project Agreement, Titan was overpaid by the sum of $2,977,894.00.

Having been presented with this information, the GBIC Board Of
Directors has directed me to not only notify you of this situation,
but to advise you that GBIC, by this letter, asserts a claim with
your company for the reimbursement of such overpayment, to be
considered by the appropriate corporate officials, pursuant to the
terms of the Project Agreement, a copy of which is enclosed for
your consideration.

Having just advised you of this situation, I anticipate that
you want some time to study the matter and respond to same, and I
await such response either by you or your corporate counsel.  In
any event, GBIC, in addition to advising Titan of its claim for
reimbursement of the overpayment, is willing to discuss the method,
manner and timing of such repayment.

This is also to advise you that, in reviewing the Agreement,
the Board was advised that where Titan "discontinues operations or
... no longer maintains a tire manufacturing operation in or near
Brownsville ... any properties or assets held by ... [Titan] which
were acquired with funds, in whole or in part (including such
funds) provided by ... [GBIC] shall revert to ... [GBIC] (subject
to any superior liens) ... ."

In light of recent announcements that Titan's operations are
being discontinued in Brownsville and that Titan is no longer
maintaining a tire manufacturing operation in Brownsville, as set
forth (for example) in a press release regarding the consolidation
of all manufacturing operations in Des Moines, Iowa, I believe that
the foregoing clause has been activated.

Thus, the Board has suggested, in regard to the building and
land purchased with GBIC funds, that same be utilized to pay for
the said overpayment.  Further, since there have been rumors in the
area of the possible sale of portions of that land, same should not
be considered or proceed because of this contractual provision.

This is to remind you of a later provision in the Agreement,
in that same general section of the contract, that indicates that
"any properties or assets acquired by ... [Titan] with funds, in
whole or in part, provided by ... [GBIC] shall not be alienated,

EXHIBIT  B
PAGE  3  OF  6  PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 4

conveyed or transferred from ... [Titan] without the prior authorization of the ... [GBIC] ... ."

Understandably, this is may come as a surprise to you and your firm, but these provisions have been in the contract between the parties from the beginning of the contract's term. Unfortunately, because of minimal (about 20% of 500 jobs promised) job creation, there has been an overpayment of GBIC funds, which is now due to GBIC by your firm.

Further, because of the discontinuation of operations at the Brownsville facility, there has been a reversion of the land and building (at least in part, to the extent paid for by GBIC for the benefit of Titan), which could be used to satisfy the overpayment claim.

In any event, I suggest that these matters be considered and discussed, and that a response regarding same be forwarded to me by you or your counsel in the near future.

Should you have any questions or further information, please advise. Thank you for your consideration.

Sincerely,

Brian G. Janis

BGJ/ma
enc.

cc:  Mr. Benancio "Ben" Medina, Jr.        HAND-DELIVERED AND
     Administrator                         SENT BY TELEFAX
     Greater Brownsville Incentives               (548-6134)
        Corporation
     P. O. Box 911
     Brownsville, Texas  78522-0911
     (For Board Distribution)

EXHIBIT
PAGE____OF____PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 5


Mr. Jason C. Hilts                    SENT BY REGULAR MAIL
President/CEO                         AND BY TELEFAX
Brownsville Economic                      (546-3938)
  Development Council, Inc.
1205 North Expressway 83
Brownsville, Texas  78520


Mr. James R. Goza                     SENT BY REGULAR MAIL
City Attorney                         AND BY TELEFAX
City Of Brownsville                       (546-4291)
P. O. Box 911
Brownsville, Texas 78522-0911



BRIAN G. JANIS
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X The Taylor

B. Received By (Please Print Clearly)
Kevin Taylor

C. Date of Delivery
08/26/03

D. Addressee's Address (If different from item 1)

2. Article Number
7100 0000 0100 0000 15

Service Type
CERTIFIED

4. Restricted Delivery?    3. Service Type

1. Article Addressed To:

7100 0000 0100 0000 1516

MR. MAURICE TAYLOR, JR.
PRESIDENT & CEO
2704 SPRUCE STREET
QUINCY IL 62301

PAGE 6 OF 6 PAGES    EXHIBIT D

# COPY

Citation for Personal Service  - BY CERTIFIED MAIL  Lit. Seq. # 5.002.01

## No. 2003-11-005493-A

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TITAN INTERNATIONAL, INC.
BY SERVING ANY OF ITS OFFICERS
OR ITS REGISTERED AGENT,
CHERI T. HOLLEY
2701 SPRUCE STREET
QUINCY, ILLINOIS 62301
the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 10, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-11-005493-A.

The style of the case is:

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. | I hereby certify that on the 13th of NOVEMBER 2003, I mailed to TITAN INTERNATIONAL, INC. by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto. |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. | CERTIFIED MAIL NO. 0095819208 RETURN RECEIPT REQUESTED DELIVER TO ADDRESSEE ONLY |
| NAME OF PREPARER          TITLE | |

CAUSE NO.  2003 -11 - 5493 - A

| | | |
|---|---|---|
| GREATER BROWNSVILLE | § | IN THE 107TH JUDICIAL |
| INCENTIVES CORPORATION, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## **NOTICE OF REMOVAL TO DISTRICT CLERK**

TO:    HONORABLE AURORA DE LA GARZA
Cameron County District Clerk
Cameron County Courthouse
954 E. Harrison
Brownsville, Texas 78520

You will please take notice that Defendant Titan International, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:   Greater Brownsville Incentives Corporation vs. Titan International, Inc., originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause Number 2003-11-5493-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the ___ day of December, 2003.

12

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
         Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18579
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT, TITAN
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

1.  Brian G. Janis
    State Bar No. 10570300
    Sanchez, Whittington, Janis & Zabarte, L.L.P.
    100 North Expressway 83
    Brownsville, Texas 78521
    (956) 546-3731
    Fax (956) 546-3766
    Attorney for Plaintiff

2.  James R. Goza,
    State Bar No. 08239600
    City Attorney, City of Brownsville, Texas
    P.O. Box 911
    Brownsville, Texas 78522
    (956) 548-6011
    Fax (956) 546-4291
    Of Counsel for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.



Michael Rodriguez

14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GREATER BROWNSVILLE              §
INCENTIVES CORPORATION,          §
      Plaintiff               §
                         §
VS.                              §      CIVIL ACTION NO._____
                         §
                         §
TITAN INTERNATIONAL, INC.,       §
      Defendant                §



**CERTIFICATE OF NOTICE OF REMOVAL**

      The undersigned, being an attorney of record for Defendant Titan International, Inc., hereby certifies that on this 12th day of December, 2003, he has filed a Notice of Removal to District Clerk with the Clerk of the 107th Judicial District Court of Cameron County, Texas, and also mailed a copy of the Notice of Removal to District Clerk to Brian G. Janis and James R. Goza, counsel of record for Plaintiffs, by certified mail, return receipt requested. Copies of Defendants' Notice of Removal filed in the above-styled cause were attached to the Notice of Removal to District Clerk.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.


By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT TITAN INTERNATIONAL,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

1. Brian G. Janis
   State Bar No. 10570300
   Sanchez, Whittington, Janis & Zabarte, L.L.P.
   100 North Expressway 83
   Brownsville, Texas 78521
   (956) 546-3731
   Fax (956) 546-3766
   Attorney for Plaintiff

2. James R. Goza,
   State Bar No. 08239600
   City Attorney, City of Brownsville, Texas
   P.O. Box 911
   Brownsville, Texas 78522
   (956) 548-6011
   Fax (956) 546-4291
   Of Counsel for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.

_____
Michael Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GREATER BROWNSVILLE                §
INCENTIVES CORPORATION,             §
            Plaintiff               §
                                    §        CIVIL ACTION NO. B-03-224.
VS.                                 §        _____
                                    §
                                    §
TITAN INTERNATIONAL, INC.,          §
            Defendant               §

## NOTICE OF NOTICE OF REMOVAL

To:    GREATER BROWNSVILLE INCENTIVES CORPORATION,

Individually, through their attorney, Brian G. Janis, SANCHEZ, WHITTINGTON,

JANIS & ZABARTE, L.L.P., 100 North Expressway 83, Brownsville, Texas 78521, and

James R. Goza, CITY ATTORNEY, CITY OF BROWNSVILLE, TEXAS, P.O. Box

911, Brownsville, Texas 78522.


        Please take notice that Defendants' Notice of Removal of the above-entitled

action from the 107th Judicial District Court of Cameron County, Texas, to the United

States District Court for the Southern District of Texas, Brownsville Division (a copy of

which Notice [without exhibits] is attached hereto as Exhibit "A") was duly filed this day

in the United States District Court for the Southern District of Texas, Brownsville

Division.

        You are also advised that Defendant Titan International, Inc., upon filing of

Defendants' Notice of Removal and a copy of the Notice with the Clerk of the State

court, has effected this removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
    Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18579
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT, TITAN
INTERNATIONAL, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE | § | |
| INCENTIVES CORPORATION, | § | **B-03-224** |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Title 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant Titan International, Inc. (hereinafter referred to as "Removing Defendant") hereby gives notice of removal of an action filed against it in the 107th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, Removing Defendant would show this Court as follows:

### Preliminary Matters

1.      On November 10, 2003, an action was commenced against Titan International, Inc., in the 107th Judicial District Court, Cameron County, Texas, entitled *GREATER BROWNSVILLE INCENTIVES CORPORATION vs. TITAN INTERNATIONAL, INC.*, Cause No. 2003-11-5493-A.

2.      On November 18, 2003, a copy of Plaintiffs' Original Petition was received by Removing Defendant.

3.     This Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Removing Defendant of a copy of the initial pleadings setting forth a claim for relief upon which this action is based.  28 U.S.C. § 1446(b).

## Nature of the Case

4.     This is a civil action for declaratory relief regarding a Project Agreement involving the financing of a tire manufacturing facility in or near Brownsville, Texas and a related Special Warranty Deed executed pursuant to the said Project Agreement.  (Plfs.' Original Petition, ¶X).  A copy of the Project Agreement and Special Warranty Deed are attached hereto.

5.     As part of the Project Agreement, one of the incentives to be paid to Removing Defendant by Plaintiff was a "Site Development Credit" in the sum of $1,000,000.00, which was not paid in cash, but in the form of a land grant.  *Id. at ¶VII A.*

6.     Plaintiff alleges that Removing Defendant no longer maintains a tire manufacturing operation in or near Brownsville as required by the Project Agreement, and therefore the land conveyed by Plaintiff to Removing Defendant has reverted to Plaintiff, under and pursuant to the Project Agreement.  *Id.* at ¶ IX.

## Grounds for Removal

7.     The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     According to Plaintiffs' Original Petition, Plaintiffs are an economic development corporation having a principal office and place of business in Brownsville, Cameron County, Texas.  *Id.* at ¶ II.  Removing Defendant is an Illinois corporation with a principal place of

2

business in Quincy, Adams County, Illinois. *Id.* Thus, complete diversity exists between Plaintiff and Removing Defendant. *See* 28 U.S.C. § 1332(a)(1).

9.    Plaintiffs' Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). The petition asserts that the land conveyed by Plaintiff to Removing Defendant and the improvements thereon have reverted to Plaintiff. (Plfs.' Original Petition, ¶ IX). The petition states that the value of the grant is $1,000,000.00. *Id.* at ¶ VII. Removing Defendant deny that the property should revert back. Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332.

10.    On filing of this Notice of Removal, Removing Defendant will provide written notice to Plaintiff of this action and will file a copy of Defendants' Notice of Removal with the Clerk of the Court for the 107th Judicial District, Cameron County, Texas.

11.    The 107th Judicial District Court of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division. Further, the attachments accompanying this Notice of Removal constitute all executed process, pleadings and orders, as well as the docket sheet on file in this matter.

Respectfully submitted,


MICHAEL RODRIGUEZ, P.L.L.C.


By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING DEFENDANT
TITAN INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

1.  Brian G. Janis
    State Bar No. 10570300
    Sanchez, Whittington, Janis & Zabarte, L.L.P.
    100 North Expressway 83
    Brownsville, Texas 78521
    (956) 546-3731
    Fax (956) 546-3766
    Attorney for Plaintiff

2.  James R. Goza,
    State Bar No. 08239600
    City Attorney, City of Brownsville, Texas
    P.O. Box 911
    Brownsville, Texas 78522
    (956) 548-6011
    Fax (956) 546-4291
    Of Counsel for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.

_____
Michael Rodriguez

RUN DATE 12/10/03
RUN TIME 9:04 AM

# CERTIFIED COPY

## CLERK'S ENTRIES

PAGE: 01

2003-11-005493-A

GREATER BROWNSVILLE INCENTIVES CORPORATION

VS

TITAN INTERNATIONAL, INC.

* * * *                                    * * * *

00002201
HON. BRIAN G. JANIS
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TX.    78521 2284

(06)                                                    11    10    03

DECLARATORY RELIEF

11/10/03    ORIGINAL PETITION FILED
11/13/03    CITATION (CM): TITAN INTERNATIONAL,
            INC.                          FILED: 11/24/03
11/13/03    SERVED: 11/18/03

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

DEC 1 0 2003

BY _____
        DEPUTY

AURORA DE LA GARZA DIST. CLERK

NOV 10 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2003-11-5493-

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES | § | IN THE 107ᵗʰ JUDICIAL |
| CORPORATION, | § | |
| Plaintiff | § | |
| | § | DISTRICT COURT OF |
| VS. | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and petitions this Court for declaratory relief regarding a certain Project Agreement with and a related Deed to Defendant, TITAN INTERNATIONAL, INC., formerly known as "TITAN WHEEL INTERNATIONAL, INC.," hereinafter "TITAN;" in support of same, Plaintiff would respectfully show the following:

I.

### Discovery Limitations

Pursuant to and as required by Rule 190.1 of the Texas Rules Of Civil Procedure, although no discovery is anticipated in this contract interpretation case by Plaintiff (and presumably, by Defendant), discovery (if it is required) is intended to be conducted under Level 1 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules Of Civil Procedure.

## II.

### Plaintiff

Plaintiff is an economic development corporation established under Article 5190.6 (Section 4A) of the Texas Revised Civil Statutes, having a principal office and place of business at 1 Market Square, Brownsville, Cameron County, Texas 78520, which expends public funds it receives (from city sales taxes) for economic development purposes (and projects).

## III.

### Defendant

Defendant TITAN INTERNATIONAL, INC., formerly known as "TITAN WHEEL INTERNATIONAL, INC.," is an Illinois business corporation, having a principal office and place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, where it may be served with citation, by serving any of its officers or its Registered Agent (Cheri T. Holley), at 2701 Spruce Street, Quincy, Illinois 62301.

## IV.

### Jurisdiction

### A.

This Court has jurisdiction over the subject matter of this suit for declaratory relief, pursuant to Section 24.007 of the Texas Government Code and Sections 37.003 - 37.004 of the Texas Civil Practice And Remedies Code.

### B.

This Court has jurisdiction over the Defendant, an Illinois business corporation, pursuant to Rule 106 of the Texas Rules Of Civil Procedure, in that such corporation operated a (branch) tire manufacturing facility in Brownsville, Cameron County, Texas, and further, contracted with Plaintiff to finance the establishment of such operation in Brownsville, pursuant to the said Project Agreement.

### C.

Defendant also operates by and through a Texas business corporation known as "TITAN TIRE CORPORATION OF TEXAS," which lists (with the Texas Secretary Of State's Office) its address as the plant/facility of TITAN located at 6700 Paredes Line Road, Brownsville, Cameron County, Texas 78526, and its Registered Agent as TITAN (i.e., TITAN WHEEL INTERNATIONAL, INC.), with the registered office of the Texas corporation (with TITAN as Registered Agent) having the Paredes Line Road address.

### V.

### Venue

The venue of this suit is proper in Cameron County, Texas, because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, and this is the county of the principal office of Defendant in this state at

PLAINTIFF'S ORIGINAL PETITION - PAGE 3

the time the cause of action accrued, in accordance with Section 15.002 of the Texas Civil Practice And Remedies Code.

## VI.

### Project Agreement

#### A.

The Plaintiff, GBIC, entered into a Project Agreement, involving the financing of a tire manufacturing facility in or near Brownsville, Texas, with the Defendant, TITAN, although at that time, that corporation was known as "TITAN WHEEL INTERNATIONAL, INC."

#### B.

The Project Agreement was entered into as of February 27, 1997 in Brownsville, and was to provide funding for TITAN:

> "... to enable the initiation of a tire manufacturing operation in or near Brownsville, to enhance economic development and create jobs thereby." ¶ I.

#### C.

A true and correct copy of the Project Agreement is annexed hereto as Exhibit "A" and incorporated by reference herein as if fully copied and set forth at length.

## VII.

### Deed Of Conveyance

#### A.

As part of such Agreement, particularly Subparagraph A. of Paragraph II., one of the incentives to be paid to TITAN by GBIC

was a "Site Development Credit" in the sum of $1,000,000.00, which was not paid in cash as such but in the form of a grant (i.e., conveyance) of a site to locate the facility needed for this project.

B.

This site (land), of up to two-hundred acres north of Brownsville, to locate the facility for this project (the "plant" of TITAN) in or near Brownsville, was acquired by GBIC as a "site improvement expense."

C.

Subsequently, a Special Warranty Deed, dated November 14, 1996, was executed by GBIC in favor of TITAN, with an effective date of February 28, 1997, pursuant to the said Project Agreement.

D.

The Deed indicates that the consideration given is in accordance with the Project Agreement by and between the Grantor and Grantee (i.e., GBIC and TITAN), and involved the conveyance of 192 acres (more or less), to provide a site for the construction and operation of the said tire manufacturing facility in or near Brownsville.

E.

A true and correct copy of the Special Warranty Deed is annexed hereto as Exhibit "B" and incorporated by reference herein as if fully copied and set forth at length.

VIII.

Contract Terms

A.

Under the Project Agreement, which explicitly refers to a conveyance of land by GBIC for the use of TITAN, as evidenced by the Special Warranty Deed, the land was granted, sold and conveyed to TITAN by GBIC.

B.

However, this conveyance is subject to other provisions of the said Project Agreement, such as the third (unnumbered) subparagraph of Paragraph II. (entitled "Disbursement Of Funds"), at Page 4 of the Agreement, which reads as follows:

> "The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, ... from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, .conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business) ... ." ¶ II. (emphasis added).

IX.

Reversion

A.

As reflected by press releases and various public statements, an example of which is annexed hereto as Exhibit "C" and incorporated by reference herein as if fully copied and set forth at length, TITAN announced that it is centralizing its operations, such as the tire manufacturing operation at the Brownsville "plant," in Des Moines, Polk County, Iowa.

B.

As such, TITAN discontinued its operations in Brownsville and "no longer maintains a tire manufacturing operation in or near Brownsville" (as is set forth in the excerpt above [in Paragraph VIII. herein] from the Agreement).

C.

Thus, two of the reasons to invoke the said provision (in Paragraph II. of the Agreement) have occurred, and therefore the land conveyed by GBIC to TITAN (subject to the said condition), and the improvements thereon (to the extent same has also been financed by GBIC), has reverted to GBIC, under and pursuant to the Project Agreement.

D.

In light of the said events (occurring), as indicated above, it has become necessary to seek judicial relief, despite a notice

(letter) provided to TITAN of the foregoing contractual provision and the said interpretation of that provision, a copy of which (the said letter) is annexed hereto as Exhibit "D" and incorporated by reference herein as if fully copied and set forth at length.

X.

Enforcement Of Contract

A.

Pursuant to Chapter 37 of the Texas Civil Practice And Remedies Code, GBIC seeks a judicial declaration that, because the said contractual provision has been activated by the said acts of TITAN, and such contractual provision is to be enforced and/or is enforceable, the land (including the improvements thereon, as indicated above) conveyed by GBIC to TITAN, as indicated above, has reverted to GBIC, pursuant to the Project Agreement.

B.

Accordingly, pursuant to the said Chapter, GBIC is entitled to declaratory relief, to-wit, that by virtue of the said Project Agreement, specifically the paragraph giving rise to a reversion of the land and improvements that were financed by GBIC, in light of the discontinuance of operations and the closing of the tire manufacturing facility in Brownsville, the land and improvements thereon (to the extent indicated above) have, as a matter of contract (and of fact), reverted to GBIC.

XI.

## Attorney Fees

Plaintiff has retained the undersigned counsel to prosecute this claim for declaratory relief and has agreed to pay said counsel reasonable and necessary attorney fees for same. Accordingly, an award of reasonable and necessary attorney fees to GBIC would be equitable and just, as authorized by Section 37.009 of the Texas Civil Practice And Remedies Code.

XII.

## Costs

Pursuant to Section 37.009 of the Texas Civil Practice And Remedies Code, Plaintiff is entitled to an award of its costs of court.

WHEREFORE, GBIC requests that TITAN be cited to appear and answer, and that on final trial, GBIC have judgment against TITAN:

1 - Declaring that under the said Project Agreement (and related Special Warranty Deed), by virtue of TITAN removing its operations from Brownsville, such that it is no longer operating in Brownsville and no longer maintains a tire manufacturing operation in or near Brownsville, the land and improvements thereon (as indicated above), as purchased through funds of GBIC, have reverted to GBIC.

2 - Awarding to GBIC reasonable and necessary attorney fees.

3 - Awarding to GBIC costs expended or incurred in this cause.

4 - Awarding to GBIC such other and further relief to which it is justly and equitably entitled.

DATED this 10th day of November, 2003.

PLAINTIFF'S ORIGINAL PETITION - PAGE 9

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
   & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: 956/546-3731
Telefax: 956/546-3766


BY:    _____
       Brian G. Janis
       Texas State Bar No. 10570300
       Cameron County ID. No. 2201

       ATTORNEY-IN-CHARGE FOR PLAINTIFF


OF COUNSEL:

James R. Goza, City Attorney
(Texas State Bar No. 08239600)
(Cameron County ID. No. 262201)
City Of Brownsville, Texas
P. O. Box 911
Brownsville, Texas 78522-0911
Telephone: 956/548-6011
Telefax: 956/546-4291

THE STATE OF TEXAS                    §
                                       §
COUNTY OF CAMERON                      §

## PROJECT AGREEMENT

THIS Project Agreement is made this 27th day of February, 1997 in Brownsville, Cameron County, Texas, between the GREATER BROWNSVILLE INCENTIVES CORPORATION, a Texas non-profit corporation established pursuant to Article 5190.6 of the Texas Revised Civil Statutes, having a principal place of business at 1 Market Square, Brownsville, Cameron County, Texas 78522, and TITAN WHEEL INTERNATIONAL, INC., an Illinois business corporation, having a principal place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, regarding funding for the establishment of a tire manufacturing operation in Brownsville, as follows:

I.

## Use Of Funds

The proceeds provided by this Agreement are to be used by TITAN WHEEL INTERNATIONAL, INC. "to enable the initiation of a tire manufacturing operation in or near Brownsville, and to enhance economic development and create jobs thereby," to be itemized in the schedules or plans for same to be provided to the GREATER BROWNSVILLE INCENTIVES CORPORATION, which Project is to be funded in part by the foregoing proceeds (the said funds having been "leveraged" to obtain additional funding for same).

II.

## Disbursement Of Funds

Such funds will be disbursed in accordance with the following provisions. Assuming compliance with the terms of this Agreement by TITAN WHEEL INTERNATIONAL, INC., such that TITAN WHEEL INTERNATIONAL, INC., is required to create 500 "new jobs" (375 during the first year after construction of the facility for the "Project," 75 during the second year thereafter and 50 during the third year thereafter) over the term of this Agreement (as a condition to funding hereunder), the GREATER BROWNSVILLE INCENTIVES CORPORATION shall pay to TITAN WHEEL INTERNATIONAL, INC., the following:

A — As a "Site Development Credit," the sum of $1,000,000.00, to be paid not in cash but in the form of a grant of a site (of

PROJECT AGREEMENT - PAGE 1

real property, up to 200 acres) north of Brownsville for use as a facility for this "project" (the "plant" for TITAN), such land to be acquired (at a closing to be conducted in the near future) by the GREATER BROWNSVILLE INCENTIVES CORPORATION, constituting part of the "site improvement expense" of TITAN WHEEL INTERNATIONAL, INC., at its new Brownsville area facility, as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the said Brownsville facility (as limited above);

B - As a "Site Development Credit," the sum of $1,000,000.00, paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of the (non-land acquisition) "site improvement expense" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above);

C - As an additional "Site Development Credit," the sum of $460,001.00, paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of additional (non-land acquisition) "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) a 1/4 mile access road, and (2) a facility parking lot, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above), it being provided, however, that the sum of $692,862.00 will be paid directly to the Public Utilities Board (i.e., through the City Of Brownsville) for miscellaneous "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) extending water/sewer lines to the site, (2) the purchase of water rights, and (3) acreage charges, which is subject to reimbursement (to GBIC) on receipt of funds from pending grant applications under the auspices of the CITY OF BROWNSVILLE (with the U.S. Economic Development Administration);

D - As yet an additional (and final) "Site Development Credit," the sum of $680,000.00 (or if less, the maximum cost of 240,000 cubic yards of dirt, as explained below), paid sixty (60) days after presentation of the relevant invoices, reflecting the amount which is ONE-HUNDRED PER CENT (100%) of additional (non-land acquisition) "site improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION,

PROJECT AGREEMENT - PAGE 2

for acquiring fill dirt (the local provider of which is to be identified publicly) to elevate the ground level and to provide a sufficient base for the construction of the buildings and improvements required for the contemplated manufacturing operation of TITAN WHEEL INTERNATIONAL, INC., in or near Brownsville, Texas (as limited above), noting further that the sum of $300,000.00 of the aforesaid sums (i.e., the "site development expenses" payable to TITAN hereunder) is to be paid, instead, to the CITY OF BROWNSVILLE for the "EDA Jose Escandon Road Project," which project is being funded by the CITY for the benefit of TITAN and is to involve some reimbursement or payment from the U.S. Economic Development Administration, and that TITAN must first expend its (own) budgeted funds ($50,000.00) for such fill dirt (and invoices for same must be provided to GBIC) before any of the said funds above (in this sub-paragraph) are expended, and moreover, while GBIC will pay for such fill dirt, it (and the CITY) is not responsible for problems or disputes involving quantity, quality, time of service or method of delivery, or the delivery (to the extent possible, the providers of fill dirt should be from Brownsville or its extraterritorial jurisdiction, for which TITAN will submit a signed contract for same, along with proof of all necessary permits for the site and a Texas Department Of Transportation [required] Traffic Control Plan);

E -  As a "Lease/Building Assistance Credit," the sum of $1,712,500.00, paid pro-rata (i.e., annually) over the three years of this Agreement referred to above, after construction of the said facility for the "Project," (i.e., $687,500.00, $737,500.00 and $287,500.00), reflecting the "lease expense" (or the equivalent of such expense to construct a building for manufacturing use) for facilities of TITAN WHEEL INTERNATIONAL, INC. (i.e., 50%, 35% and 20%), as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above), during the said term of this Agreement, subject to the right to carryover funds not used in the first or second years to the third year; and

F -  As a "Job Creation Credit," the sum of $975,000.00, paid pro-rata (i.e., annually), in the sum of $780,000.00, $117,000.00 and $78,000.00, reflecting the amount which is TEN (10%) PER CENT of the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as

PROJECT AGREEMENT - PAGE 3

EXHIBIT A
PAGE 3 OF 12 PAGES

limited above), during the said three (3) years of this Agreement.

The maximum amount of reimbursement is not to exceed (for all credits hereunder) $13,040.73 per "new job created" at TITAN WHEEL INTERNATIONAL, INC. (in or near Brownsville, Texas only), during the term of this Agreement, in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, provided that the GREATER BROWNSVILLE INCENTIVES CORPORATION has first verified and approved the amount of the "site improvement expenses," the "lease/building expense" and the "annual non-principal wages," and the "new jobs created" are valid, continuous and in force for at least ninety (90) days -- as determined at the close of the second quarter of the relevant year -- which amounts are not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 (noting that $692,862.00 will be paid directly to the Public Utilities Board, by and through the City Of Brownsville), $680,000.00 (or if less, the cost of 240,000 cubic yards of dirt), $1,712,500.00 and $975,000.00, respectively, over the term of this Agreement (i.e., five years).'

The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, or if TITAN WHEEL INTERNATIONAL, INC., does not commence such construction within eleven (11) months, does not commence hiring and training for the plant within ten (10) months (involving Spend Skills Development Training dollars, which must be spent in Brownsville), or does not commence operations within two (2) years in or near Brownsville, from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business), and, to avoid commingling or problems with tracing such funds, TITAN WHEEL INTERNATIONAL, INC., shall segregate, for accounting and other similar purposes, all funds (and properties) received from the GREATER BROWNSVILLE INCENTIVES CORPORATION and from other sources.

III.

## Consideration

In consideration of the establishment of a tire manufacturing operation in or near Brownsville, Cameron County, Texas, pursuant to this Agreement, which will create jobs, facilitate commerce and trade and improve the economic infrastructure and labor force of the area, thus enhancing economic development, the stated goal of the GREATER BROWNSVILLE INCENTIVES CORPORATION, said entity will finance, for the benefit of TITAN WHEEL INTERNATIONAL, INC., the said "Site Development Credits," "Lease/Building Assistance Credit" and "Job Creation Credit," to enable the initiation of a tire manufacturing operation in or near Brownsville, funding part of the "cost" of a "project" for economic development thereby, as such terms are described and defined in Article 5190.6 of the Texas Revised Civil Statutes, the said CORPORATION's authorizing legislation, same having been found by the said CORPORATION's Board Of Directors "to be required or suitable for the promotion of development and expansion of manufacturing and industrial facilities, ... distribution centers [etc.] ... ."

The foregoing credits are supplemented by other incentives provided by the State Of Texas and other entities, as reflected by the listing annexed hereto as Exhibit "A" and incorporated by reference herein (the total amount of incentives including the said credits), it being understood by the parties to this Project Agreement that the GREATER BROWNSVILLE INCENTIVES CORPORATION (and by extension, the CITY OF BROWNSVILLE) does not control the provision of such incentives (by the State Of Texas and other entities) and has no responsibility for the provision of same, as reflected by Paragraph XV. (and other provisions) of this Project Agreement.

IV.

## Performance Of Agreement

In providing a tire manufacturing operation in or near Brownsville, TITAN WHEEL INTERNATIONAL, INC., acting by and through its respective agents, will conduct itself in conformity with the requirements and standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION. To this extent, TITAN WHEEL INTERNATIONAL, INC., will perform all acts necessary to successfully fulfill the purpose of this Agreement and shall, at all times, faithfully, industriously and to the best of its abilities, experience and talents, perform all the duties that may be required of and from it pursuant to the express and implicit terms hereof and to the reasonable satisfaction of the GREATER BROWNSVILLE INCENTIVES CORPORATION.

In a manner calculated to achieve the goals of the GREATER BROWNSVILLE INCENTIVES CORPORATION in enhancing economic development and to maximize the value of the said CORPORATION's investments in various economic development projects, pursuant to the policies set by the CORPORATION's Board Of Directors from time to time, TITAN WHEEL INTERNATIONAL, INC., shall keep the said CORPORATION apprised of the status of the said Project, to insure compliance with this Agreement.   To this extent, on a quarterly basis, TITAN WHEEL INTERNATIONAL, INC., shall prepare and send to the GREATER BROWNSVILLE INCENTIVES CORPORATION, by and through its Board Of Directors, a report showing the activities conducted pursuant to this Agreement during the preceding quarter and setting forth an accounting of funds received and expended pursuant to this Agreement during the preceding quarter, with each such report showing the cumulative expenses and revenues for the preceding quarter together with all prior quarters during the term of this Agreement, as well as "employment levels" for all such quarters.

TITAN WHEEL INTERNATIONAL, INC., shall have a "review" audit of all funds and activities of this Project prepared annually by a Certified Public Accountant (which auditor may be employed by the company), a copy of which shall be presented to the GREATER BROWNSVILLE INCENTIVES CORPORATION within ninety (90) days of the close of the said company's fiscal year, and further, the said company will provide a copy of its proposed and adopted budgets regarding this Project to the GREATER BROWNSVILLE INCENTIVES CORPORATION as soon as same can be (reasonably) forwarded to the CORPORATION.   Additionally, the said company will make available for inspection, at a reasonable time and place, at the request of the CORPORATION, any or all of the said company's financial and payroll records as same relates to this Project, provided however, that all of such records will be deemed "confidential" and not released to third parties (pursuant to the Texas Open Records Act).

V.

## Term Of Agreement

The term of this Agreement shall be five (5) years, commencing November 1, 1996 and ending October 31, 2001.

VI.

## Termination

This Agreement may be terminated for cause (including the failure to comply with the requirements or standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION, or any action constituting a

PROJECT AGREEMENT - PAGE 6

EXHIBIT A
PAGE 6 OF 12 PAGES

breach of the terms of this Agreement) by either party, as appropriate, or by mutual agreement of the parties, or in the event of any occurrence (e.g., bankruptcy, dissolution or governmental action, as appropriate) precluding either party from performing the obligations contemplated under this Agreement.  In the event of the termination of this Agreement for any reason prior to the expiration of the term of this Agreement, the parties shall be entitled to all compensation earned by them through the effective date of termination, as appropriate, and any remedies available at law or in equity, which rights and remedies shall survive the termination of this Agreement.

## VII.

### Indemnity

TITAN WHEEL INTERNATIONAL, INC., shall indemnify, protect and hold harmless the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, from any and all liabilities, claims, demands, actions, losses, damages and costs, including all costs of defense thereof, of any nature whatsoever, for injury to or death of persons or loss or damage to property, or for any other reason, including economic or environmental loss of any kind, in any manner arising out of or connected with the performance of TITAN WHEEL INTERNATIONAL, INC., under this Agreement, or arising out of the execution of or performance (or non-performance) of this Agreement, and including claims and actions based upon the acts or omissions of TITAN WHEEL INTERNATIONAL, INC., or its shareholders, directors, officers, agents, employees, representatives, parents, subsidiaries, affiliates, related holding companies, successors, assigns and insurers.

Upon demand, TITAN WHEEL INTERNATIONAL, INC., shall, at its own expense, defend the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, against any and all such liabilities, claims, demands, actions, losses, damages and costs.  Moreover, TITAN WHEEL INTERNATIONAL, INC., shall give the GREATER BROWNSVILLE INCENTIVES CORPORATION prompt notice of any claim within its knowledge that in any way, directly or indirectly, affects either party.  Both parties shall have the right to participate in the defense of such claim to the extent of their interests.

PROJECT AGREEMENT - PAGE 7

EXHIBIT A
PAGE 7 OF 12 PAGES

VIII.

## Insurance

Both parties agree to obtain insurance (to the extent available) in the type and amount deemed advisable to protect their respective interests.  To this extent, the parties agree to provide insurance for their respective conveyances, equipment, facilities and instrumentalities, as appropriate.

IX.

## Status Of Parties

The parties hereto shall not be construed to have the relationship of partners, joint venturers, principal-agent or employer-employee.  The parties hereto are separate entities who enter into this Agreement for their respective benefit.

X.

## Compliance With Law

The parties will act, at all times, in compliance with all pertinent and applicable laws.

XI.

## Entire Agreement

This Agreement contains the entire agreement between the parties relating to the rights herein granted and the obligations herein assumed, and supersedes any prior understandings, representations, memorandums or agreements regarding the service relationship that is the subject of this Agreement.  Any oral representations or modifications concerning this instrument shall be of no force or effect.  This Agreement may be amended, provided that no amendment, modification or alteration of the terms of this Agreement shall be binding unless the same is in writing and duly executed by the parties hereto.

XII.

## Law Governing: Venue

This Agreement shall be governed by and construed in accordance with the laws of the State Of Texas (and where applicable, the laws of the United States Of America), and, the

PROJECT AGREEMENT - PAGE 8

EXHIBIT A
PAGE 8 OF 12 PAGES

obligations and undertakings of each of the parties to this Agreement shall be performable in Cameron County, Texas.

### XIII.

#### No Waiver

Any waiver by any party of any default under or breach of this Agreement shall not be construed as a continuing waiver of such default or breach, nor as a waiver of or permission for (express or implied) any other or subsequent default or breach.

### XIV.

#### No Assignment

This Agreement shall not be assigned in whole or in part by either party without the consent and approval of the other party, set forth in writing and signed by both parties. Any assignee will be bound by the terms of this Agreement.

### XV.

#### No Warranties Or Representations

The parties to this Agreement specifically acknowledge that the GREATER BROWNSVILLE INCENTIVES CORPORATION (or by extension, the CITY OF BROWNSVILLE) shall not be obligated to pay any funds to TITAN WHEEL INTERNATIONAL, INC., beyond the (contingent) payments contemplated by this Agreement, as set forth above, which are not to exceed the sum that is:   $1,000,000.00,  $1,000,000.00, $460,001.00 or $680,000.00 (as set forth above) for the "site improvement expenses," $1,712,500.00 for the "lease/building expense" and $975,000.00 for the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., and/or the sum representing $13,040.73 per "new job created," in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION -- for the "Site Development Credits" (not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00, as set forth above), for the "Lease Assistance Credit" (not to exceed the sum of $1,712,500.00), and for the "Job Creation Credit" (not to exceed the sum of $975,000.00).

NO WARRANTY OR REPRESENTATION OF ADDITIONAL PAYMENTS OR FUNDING OR CREDIT OR THE EXTENSION OF CREDIT HAS BEEN MADE, IS BEING MADE OR WILL BE MADE BY THE GREATER BROWNSVILLE INCENTIVES CORPORATION (OR THE CITY OF BROWNSVILLE). FURTHERMORE, NO WARRANTY OR REPRESENTATION OF ANY KIND WHATSOEVER IS BEING MADE BY THE

PROJECT AGREEMENT - PAGE 9

GREATER BROWNSVILLE INCENTIVES CORPORATION OR TITAN WHEEL INTERNATIONAL, INC., IN CONNECTION WITH THE EXECUTION OR PERFORMANCE OF THIS AGREEMENT, except to the extent set forth in this instrument.

## XVI.

### Parties Bound

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective heirs, legal representatives, successors and assigns, as appropriate.

## XVII.

### Notices

Any notice to either party shall be sent by certified or registered mail, addressed to the parties as set forth above, at their respective addresses set forth above or such other address as may be designated.

## XVIII.

### Invalidity

If any term, provision, covenant or condition of this Agreement is held by a tribunal of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Moreover, it is the intention of the parties to this Agreement that in lieu of each clause or provision of this Agreement that is held to be invalid, void or unenforceable, there be added as a part of this Agreement a clause or provision as similar in terms to such invalid, void or unenforceable clause or provision as may be feasible which shall nevertheless be valid, legal and enforceable.

## XIX.

### Arbitration

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR INVALIDITY THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT AND THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, USING ONE ARBITRATOR -- SUCH ARBITRATION TO BE CONDUCTED IN BROWNSVILLE, CAMERON COUNTY, TEXAS,

EXHIBIT A
PAGE 10 OF 12 PAGES

IN THE ENGLISH LANGUAGE -- AND A JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

XX.

<u>Attorney Fees</u>

If any proceeding is initiated to resolve a dispute arising under or relating to this Agreement by either of the parties hereto, it is expressly agreed that the prevailing party shall be entitled to recover from the other party reasonable attorney fees and expenses in addition to any other relief that may be awarded.

XXI.

<u>Construction Of Instrument</u>

Each of the parties hereto have been represented by the attorneys of their choice in the negotiation and drafting of this Agreement. Accordingly, this Agreement shall not be construed in favor of either party.

XXII.

<u>Authority</u>

The parties to this Agreement, to-wit, TITAN WHEEL INTERNATIONAL, INC., and the GREATER BROWNSVILLE INCENTIVES CORPORATION, specifically warrant and represent that the signatories below are authorized to act on behalf of the respective party to this instrument, that the signatories have been specifically authorized to execute this Project Agreement by said parties in accordance with the requisite corporate formalities of each such party, that the execution of this instrument by said signatories constitutes the binding act of each such party to this instrument and that the execution of this instrument and the adoption of same by each party is authorized by law.

EXECUTED in duplicate (as revised) on the ‾7‾H‾ day of November, 1997 at Brownsville, Cameron County, Texas.

GREATER BROWNSVILLE INCENTIVES CORPORATION

BY: _Eduardo Roberto Rodriguez_

Eduardo R. Rodriguez, President

PROJECT AGREEMENT - PAGE 11

EXHIBIT, A

PAGE ll OF l2 PAGES

ATTEST:

_____
Irv Downing, Secretary


TITAN WHEEL INTERNATIONAL, INC.


BY:    _____
       Gary Carlson, Vice-President

ATTEST:

_____
Name: _____
Title: _____


PROJECT AGREEMENT - PAGE 12

EXHIBIT A
PAGE  12  OF  12  PAGES

SPECIAL WARRANTY DEED

**Date:** November 14 , 1996     EFFECTIVE DATE: February 28, 1997

**Grantor:** GREATER BROWNSVILLE INCENTIVES CORPORATION,
a Texas Non-Profit Corporation

**Grantor's Mailing Address (including county):**

City Hall, Market Square, Brownsville, Texas    78520
CAMERON County

**Grantee:** TITAN WHEEL INTERNATIONAL, INC.,
an Illinois Business Corporation

**Grantee's Mailing Address (including County):**

2701 Spruce Street, Quincy, Illinois   62301
ADAMS County

CONSIDERATION:   IN   ACCORDANCE   WITH   PROJECT   AGREEMENT   BY   AND
BETWEEN GRANTOR AND GRANTEE OF EVEN DATE HEREWITH

PROPERTY (including any improvements):

BEING a 192.634 acre tract out of a "Parcel One", "Tracts
1, 2, and 3 of Parcel Two" and "Parcel Four" as described
in a Deed from Norwill, Incorporated to Henry A. Willms,
John F. Willms, Gary A. Willms and Myra Foster. Said
Deed is recorded in Volume 2200, Page 92 of the Deed
Records of Cameron County, Texas. Said 192.634 acre
tract being more particularly described on the Exhibit
"A" attached hereto and made a part hereof.

SAVE & EXCEPT there is hereby reserved a 100' wide strip
along the South Boundary line for possible future
dedication to the City of Brownsville for Jose Escandon
Road. In the event that said 100' wide strip is not
dedicated for said purpose on or before twenty five (25)
years from date hereof, this reservation shall lapse.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

This conveyance is made and accepted subject to any and all
restrictions, covenants, conditions, easements, mineral and
royalty reservations, zoning laws, leases, regulations and
ordinances of municipal and other governmental authorities, if
any, and only to the extent that same are still in effect,
shown of record in Cameron County, Texas; together with any
and all visible and apparent easements, to include but not
limited to easements for roadways on or across the land.

TAX ROLL-BACK:

If Grantee's use of the property hereafter results in the
assessment of additional taxes for periods prior to date
hereof such additional taxes shall be the obligation of
Grantee.

DISCLAIMER OF REPRESENTATIONS AND WARRANTIES:

GRANTOR HAS NOT MADE AND HEREBY SPECIFICALLY DISCLAIMS ANY
WARRANTY, GUARANTY, OR REPRESENTATION, ORAL OR WRITTEN, PAST,
PRESENT, FUTURE, AS TO, OR CONCERNING (i) THE NATURE AND
CONDITION OF THE PROPERTY, INCLUDING BUT NOT BY WAY OF
LIMITATION, THE WATER, SOIL, AND GEOLOGY, AND THE SUITABILITY
THEREOF FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY
ELECT TO CONDUCT THEREON, (ii) THE MANNER, CONSTRUCTION,
CONDITION, AND STATE OF REPAIR OR LACK OF REPAIR OF ANY OF THE
PROPERTY, (iii) EXCEPT FOR ANY WARRANTIES CONTAINED IN THE
DEED, THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE,

POSSESSION, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHERWISE, AND (iv) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, RULES, ORDINANCES, OR REGULATIONS OF ANY GOVERNMENT OF OTHER BODY, GRANTEE HEREBY EXPRESSLY ACKNOWLEDGES AND AGREES THAT GRANTEE HAS THOROUGHLY INSPECTED AND EXAMINED THE PROPERTY TO THE EXTENT DEEMED NECESSARY BY GRANTEE IN ORDER TO ENABLE GRANTEE TO EVALUATE THE PURCHASE OF THE PROPERTY. GRANTEE HEREBY FURTHER ACKNOWLEDGES AND AGREES THAT GRANTEE IS RELYING SOLELY UPON THE INSPECTION, EXAMINATION, AND EVALUATION OF THE PROPERTY "AS IS", "WHERE IS" AND "WITH ALL FAULTS" BASIS AND GRANTEE EXPRESSLY ACKNOWLEDGES THAT IN CONSIDERATION OF THE AGREEMENT OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE IN RESPECT OF THE PROPERTY. IT IS FURTHER AGREED THAT GRANTOR HAS NOT WARRANTED, AND DOES NOT HEREBY WARRANT, THAT THE PROPERTY OR ANY IMPROVEMENTS LOCATED THEREON NOW OR IN THE FUTURE WILL MEET OR COMPLY WITH THE REQUIREMENTS OF ANY SAFETY CODE OR REGULATION OF THE STATE OF TEXAS, THE CITY WHERE THE PROPERTY IS LOCATED, THE COUNTY WHERE THE PROPERTY IS LOCATED, OR ANY OTHER AUTHORITY OR JURISDICTION. IT IS FURTHER AGREED THAT GRANTOR DOES NOT MAKE ANY REPRESENTATIONS OR WARRANTIES REGARDING SOLID WASTE, AS DEFINED IN THE TEXAS SOLID WASTE DISPOSAL ACT AND THE REGULATIONS ADOPTED THEREUNDER OR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGULATIONS AT 40 C.F.R., PART 261, THE DISPOSAL OR EXISTENCE IN, OR EMANATING FROM THE PROPERTY, OR ANY HAZARDOUS SUBSTANCE, AS DEFINED BY THE COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT OF 1980, AS AMENDED, AND REGULATIONS PROMULGATED THEREUNDER. GRANTEE HEREBY ASSUMES ALL RISKS (SPECIAL, DIRECT, INDIRECT, CONSEQUENTIAL, OR OTHER DAMAGES) RESULTING OR ARISING FROM OR RELATING TO THE OWNERSHIP, USE, CONDITION, LOCATION, MAINTENANCE, REPAIR OR OPERATION OF THE PROPERTY.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor's heirs, executors, administrators and successors are hereby bound to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, by, through or under Grantor, but not otherwise.

When the context requires, singular nouns and pronouns include the plural.

GREATER BROWNSVILLE INCENTIVES CORPORATION

by DONALD G. JOHNSON,
Chairman of the Board

ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on February 28, 1997, by DONALD G. JOHNSON, Chairman of the Board of GREATER BROWNSVILLE INCENTIVES CORPORATION.



Notary Public, State of TEXAS

AFTER RECORDING RETURN TO:
TITAN WHEEL INTERNATIONAL, INC.
2701 Spruce Street
Quincy, Illinois 62301

PREPARED IN THE OFFICE OF:
MICHELE SANCHEZ, P.C.
717 North Expressway 83
Brownsville, Texas 78520

EXHIBIT B
PAGE 3 OF 3 PAGES

# OTITAN

| **News Release from Titan International, Inc.** | **NYSE: TWI** |

Contact: Lisa Ross
Communications Coordinator
(217) 221-4489
July 28, 2003

*FOR IMMEDIATE RELEASE*

### Titan International, Inc. consolidates tire manufacturing

Quincy, IL. - Titan Tire, a subsidiary of Titan International, Inc. (NYSE: TWI), is consolidating all tire manufacturing into its principal tire facility located in Des Moines, Iowa. The Brownsville, Texas, location will continue as a distribution and warehouse center for Titan, however, production will be suspended until market demand requires additional capacity. The majority of the costs related to the consolidation will occur in the second and third quarters of 2003.

Prior to the 1998 labor strikes, Titan Tire was pursuing an aggressive plan to increase production capacity which included buying control of bankrupt Fidelity Tire in Natchez, Mississippi, which has been idled since early 2001, and building a one-million square foot factory in Brownsville, Texas. Following the resolution of the 40-month labor strike and corporate campaign against the company, Titan has been steadily increasing efficiency at the Des Moines tire facility. Titan decided to consolidate all tire manufacturing to Des Moines until that facility is operating near its full capacity. The company is maintaining adequate capacity to meet current and future demands without additional planned capital expenditures.

The agricultural and construction markets have not experienced the forecasted growth in 2003 and the new farm bill has not significantly impacted equipment sales this year but an increase is expected in 2004. Growth has been slowed by additional pricing pressure from imports. The weak U.S. dollar should improve this situation over the next six months.

"The North American large farm equipment market has been in a slump since 1998. For example in 1997, approximately 9,000 four-wheel drive large tractors were sold. Last year, however, there were fewer than 4,000 sold. In terms of wheels and tires, that amounts to a decrease of more than 40,000 units," explained Maurice Taylor Jr., Titan president and CEO. "The utility and compact tractor sales, however, are holding up surprisingly well."

New wheels and tires developed and tested during the past year are expected to generate increased sales for the company in 2004. Titan's costs are competitive in the industry and the company is now concentrating on building market share and profitability. Expertise in both wheel and tire engineering allows Titan to enjoy a unique competitive advantage while providing assemblies best suited for the needs of equipment users.

"The United Steelworkers of America strikes and their corporate campaign damaged Titan's financial position, but building wheels and tires that provide the best value while generating a profit will allow the company to move forward and increase Titan's stock price to more accurately reflect the value of the company. Titan's book value today is approximately five times our share price, therefore we need to produce results," stated Taylor.

Titan is a global supplier of mounted wheel and tire systems for off-highway equipment used in agriculture, earthmoving/construction, and consumer (i.e. all terrain vehicles and trailers) applications. Titan has manufacturing and distribution facilities worldwide.

-end-

EXHIBIT F

PAGE____/____OF____/____PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)
DENNIS M SANCHEZ, P.C.
ROBERT A WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P.C.

TEL (956) 546-3731
FAX (956) 546-3768

August 21, 2003

Mr. Maurice Taylor, Jr.,President/CEO
Titan Wheel International, Inc.
2701 Spruce Street
Quincy, Illinois  62301

SENT BY REGULAR MAIL
AND BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

RE:  Project Agreement Between
     Greater Brownsville Incentives
     Corporation (GBIC) And Titan Wheel
     International, Inc. (Titan)

Dear Mr. Taylor:

As you know, on February 27, 1997, to facilitate the opening of a tire manufacturing facility in or near Brownsville, Titan entered into a Project Agreement with the Greater Brownsville Incentives Corporation (GBIC), an economic development corporation established under Texas law under the auspices of the City Of Brownsville.

Under this Agreement, Titan was to receive various incentives, in anticipation of a large manufacturing facility being constructed in Brownsville and the employment of 500 people (in "new jobs") at such facility.

Unfortunately, over the five-year term of the contract, 500 jobs were not created, and the best operating year for Titan, job-wise, at the Brownsville facility yielded only 122 jobs.

A small amount (proportionately) of "job creation credits" and "lease/building assistance credits" were paid to Titan, in the sum of $490,200.00.  In addition to that amount, the sum of $3,832,863.00 (the majority of the incentives paid to Titan) was paid for various "site development credits."

Under the Project Agreement, the "site development credits" were paid "up-front," or in other words, prior to the time of contractual performance by Titan (for job creation), the other incentives having been paid under such performance-based criteria, to-wit, the jobs were created during the course of the agreement.

EXHIBIT D
PAGE 1 OF 6 PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 2

The Board Of Directors of GBIC observed a limited amount of
jobs created at the Brownsville facility of Titan under the Project
Agreement, and more recently, statements about the plant being
"shut down."

The significance of these developments, taken as a whole, is
that there is a provision in the Project Agreement that indicates
that the "maximum amount of reimbursement is not to exceed (for all
credits hereunder) $13,040.73 per 'new job created' at 'the
Brownsville facility of Titan,'" and to that extent, a question
arose at a prior Board meeting about whether Titan was in fact
overpaid.

In other words, because the majority of the incentives paid by
GBIC involved money paid "up-front," in light of the 500 jobs
promised not being created, the "per job cost" increased
dramatically, over the amount ($13,040.73) authorized by the
Project Agreement, prompting the retention of an independent
certified public accountant, under the contract, to calculate the
nature and extent of that "overpayment."

In summary, the amount of the credits committed to Titan,
under the contract, was $6,520,363.00, and the actual expenditures,
under the contract, the majority of which involved "site
development credits," was $4,568,863.00.  For the one year that
there was a basis for the payment of the "job creation" and
"building assistance" credits, the payment was premised on the
$13,040.73 (maximum) "per job cost."

When the "per job cost" is multiplied by the 122 jobs created,
the result is $1,590,969.00, according to the said accountant, such
that, if the actual funds disbursed ($4,568,863.00) is considered,
and the correct payment to Titan (based on the said 122 jobs, the
sum of $1,590,969.00) is considered, the overpayment to Titan is
(therefore) $2,977,894.00.

In light of the foregoing, and in light of cash flow
considerations of GBIC (as well as your company), the GBIC Board Of
Directors has directed that I apprise you, on behalf of Titan, of
this development.

That is, a final review of this Project revealed that Titan
was overpaid, based on the factors above (for the reasons set forth
above), such that, because of the limited job creation of 122 (out
of a promised 500) jobs (500 jobs mathematically would have allowed

EXHIBIT D
PAGE 2 OF 6 PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 3

the amount spent to be "absorbed" by the limit on "per job costs"
of $13,040.73 per job), instead of the 500 jobs required by the
Project Agreement, Titan was overpaid by the sum of $2,977,894.00.

Having been presented with this information, the GBIC Board Of
Directors has directed me to not only notify you of this situation,
but to advise you that GBIC, by this letter, asserts a claim with
your company for the reimbursement of such overpayment, to be
considered by the appropriate corporate officials, pursuant to the
terms of the Project Agreement, a copy of which is enclosed for
your consideration.

Having just advised you of this situation, I anticipate that
you want some time to study the matter and respond to same, and I
await such response either by you or your corporate counsel. In
any event, GBIC, in addition to advising Titan of its claim for
reimbursement of the overpayment, is willing to discuss the method,
manner and timing of such repayment.

This is also to advise you that, in reviewing the Agreement,
the Board was advised that where Titan "discontinues operations or
... no longer maintains a tire manufacturing operation in or near
Brownsville ... any properties or assets held by ... [Titan] which
were acquired with funds, in whole or in part (including such
funds) provided by ... [GBIC] shall revert to ... [GBIC] (subject
to any superior liens) ... ."

In light of recent announcements that Titan's operations are
being discontinued in Brownsville and that Titan is no longer
maintaining a tire manufacturing operation in Brownsville, as set
forth (for example) in a press release regarding the consolidation
of all manufacturing operations in Des Moines, Iowa, I believe that
the foregoing clause has been activated.

Thus, the Board has suggested, in regard to the building and
land purchased with GBIC funds, that same be utilized to pay for
the said overpayment. Further, since there have been rumors in the
area of the possible sale of portions of that land, same should not
be considered or proceed because of this contractual provision.

This is to remind you of a later provision in the Agreement,
in that same general section of the contract, that indicates that
"any properties or assets acquired by ... [Titan] with funds, in
whole or in part, provided by ... [GBIC] shall not be alienated,

EXHIBIT B
PAGE 3 OF 6 PAGES

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 4

conveyed or transferred from ... [Titan] without the prior
authorization of the ... [GBIC] ... ."

    Understandably, this is may come as a surprise to you and your
firm, but these provisions have been in the contract between the
parties from the beginning of the contract's term. Unfortunately,
because of minimal (about 20% of 500 jobs promised) job creation,
there has been an overpayment of GBIC funds, which is now due to
GBIC by your firm.

    Further, because of the discontinuation of operations at the
Brownsville facility, there has been a reversion of the land and
building (at least in part, to the extent paid for by GBIC for the
benefit of Titan), which could be used to satisfy the overpayment
claim.

    In any event, I suggest that these matters be considered and
discussed, and that a response regarding same be forwarded to me by
you or your counsel in the near future.

    Should you have any questions or further information, please
advise.  Thank you for your consideration.

          Sincerely,

          Brian G. Janis

BGJ/ma
enc.

cc:  Mr. Benancio "Ben" Medina, Jr.    HAND-DELIVERED AND
     Administrator               SENT BY TELEFAX
     Greater Brownsville Incentives     (548-6134)
       Corporation
     P. O. Box 911
     Brownsville, Texas  78522-0911
     (For Board Distribution)

PAGE __4__ OF __6__ PAGES   EXHIBIT, __6__

Mr. Maurice Taylor, Jr., President/CEO
August 21, 2003
Page 5


Mr. Jason C. Hilts                  SENT BY REGULAR MAIL
President/CEO                       AND BY TELEFAX
Brownsville Economic                    (546-3938)
   Development Council, Inc.
1205 North Expressway 83
Brownsville, Texas  78520

Mr. James R. Goza                   SENT BY REGULAR MAIL
City Attorney                       AND BY TELEFAX
City Of Brownsville                     (546-4291)
P. O. Box 911
Brownsville, Texas 78522-0911


EXHIBIT b
PAGE: 5 OF 6 PAGES



PAGE ___6___ OF ___6___ PAGES
EXHIBIT 6

# COPY

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.002.01

No. 2003-11-005493-A

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TITAN INTERNATIONAL, INC.
      BY SERVING ANY OF ITS OFFICERS
      OR ITS REGISTERED AGENT,
      CHERI T. HOLLEY
      2701 SPRUCE STREET
      QUINCY, ILLINOIS 62301
the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on NOVEMBER 10, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-11-005493-A.

The style of the case is:

---

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 13th of

NOVEMBER  2003,  I mailed to

TITAN INTERNATIONAL, INC.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   0095819208
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

NAME OF PREPARER          TITLE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GREATER BROWNSVILLE                  §
INCENTIVES CORPORATION,              §
        Plaintiff            §
                         §          **B- 0 3 - 2 2 4**
VS.                                  §          CIVIL ACTION NO._____
                         §
                         §
TITAN INTERNATIONAL, INC.,           §
        Defendant            §

## <u>LIST OF COUNSEL OF RECORD</u>

1.     Brian G. Janis
        State Bar No. 10570300
        Sanchez, Whittington, Janis & Zabarte, L.L.P.
        100 North Expressway 83
        Brownsville, Texas 78521
        (956) 546-3731
        Fax (956) 546-3766
        Attorney for Plaintiff

2.     James R. Goza,
        State Bar No. 08239600
        City Attorney, City of Brownsville, Texas
        P.O. Box 911
        Brownsville, Texas 78522
        (956) 548-6011
        Fax (956) 546-4291
        Of Counsel for Plaintiffs

3.     Michael Rodriguez
        State Bar No. 00791553
        Federal Admissions No. 18759
        Michael Rodriguez, P.L.L.C.
        1000 E. Madison
        Brownsville, Texas 78520
        (956) 574-9333
        Fax (956) 574-9337
        Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE | § | |
| INCENTIVES CORPORATION, | § | |
| Plaintiff | § | **B-03-224** |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## CERTIFICATE OF NOTICE OF REMOVAL

The undersigned, being an attorney of record for Defendant Titan International, Inc., hereby certifies that on this 12th day of December, 2003, he has filed a Notice of Removal to District Clerk with the Clerk of the 107th Judicial District Court of Cameron County, Texas, and also mailed a copy of the Notice of Removal to District Clerk to Brian G. Janis and James R. Goza, counsel of record for Plaintiffs, by certified mail, return receipt requested. Copies of Defendants' Notice of Removal filed in the above-styled cause were attached to the Notice of Removal to District Clerk.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.


By: _____
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT TITAN INTERNATIONAL,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

1.    Brian G. Janis
      State Bar No. 10570300
      Sanchez, Whittington, Janis & Zabarte, L.L.P.
      100 North Expressway 83
      Brownsville, Texas 78521
      (956) 546-3731
      Fax (956) 546-3766
      Attorney for Plaintiff

2.    James R. Goza,
      State Bar No. 08239600
      City Attorney, City of Brownsville, Texas
      P.O. Box 911
      Brownsville, Texas 78522
      (956) 548-6011
      Fax (956) 546-4291
      Of Counsel for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.



Michael Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GREATER BROWNSVILLE          §
INCENTIVES CORPORATION,       §
      Plaintiff                 §
                         §          **B- 0 3 - 2 2 4**
VS.                                §          CIVIL ACTION NO._____
                         §
                         §
TITAN INTERNATIONAL, INC.,    §
      Defendant                 §

## NOTICE OF NOTICE OF REMOVAL

To:    GREATER BROWNSVILLE INCENTIVES CORPORATION,

Individually, through their attorney, Brian G. Janis, SANCHEZ, WHITTINGTON,

JANIS & ZABARTE, L.L.P., 100 North Expressway 83, Brownsville, Texas 78521, and

James R. Goza, CITY ATTORNEY, CITY OF BROWNSVILLE, TEXAS, P.O. Box

911, Brownsville, Texas 78522.


      Please take notice that Defendants' Notice of Removal of the above-entitled

action from the 107th Judicial District Court of Cameron County, Texas, to the United

States District Court for the Southern District of Texas, Brownsville Division (a copy of

which Notice [without exhibits] is attached hereto as Exhibit "A") was duly filed this day

in the United States District Court for the Southern District of Texas, Brownsville

Division.

      You are also advised that Defendant Titan International, Inc., upon filing of

Defendants' Notice of Removal and a copy of the Notice with the Clerk of the State

court, has effected this removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
     Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18579
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT, TITAN
INTERNATIONAL, INC.

CAUSE NO.  2003 -11 - 5493 - A

| | | |
|---|---|---|
| GREATER BROWNSVILLE | § | IN THE 107TH JUDICIAL |

GREATER BROWNSVILLE                  §        IN THE 107TH JUDICIAL
INCENTIVES CORPORATION,              §
      Plaintiff                          §
                                 §
VS.                                  §        DISTRICT COURT OF
                                 §
                                 §
TITAN INTERNATIONAL, INC.,           §
      Defendant                         §        CAMERON COUNTY, TEXAS

## NOTICE OF REMOVAL TO DISTRICT CLERK

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      954 E. Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant Titan International, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:  Greater Brownsville Incentives Corporation vs. Titan International, Inc., originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause Number 2003-11-5493-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the ___ day of December, 2003.

12

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
      Michael Rodriguez
Attorney-in-Charge
State Bar No. 00791553
Federal Admissions No. 18579
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

ATTORNEY FOR REMOVING
DEFENDANT, TITAN
INTERNATIONAL, INC.

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

1.  Brian G. Janis
    State Bar No. 10570300
    Sanchez, Whittington, Janis & Zabarte, L.L.P.
    100 North Expressway 83
    Brownsville, Texas 78521
    (956) 546-3731
    Fax (956) 546-3766
    Attorney for Plaintiff

2.  James R. Goza,
    State Bar No. 08239600
    City Attorney, City of Brownsville, Texas
    P.O. Box 911
    Brownsville, Texas 78522
    (956) 548-6011
    Fax (956) 546-4291
    Of Counsel for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2003.



Michael Rodriguez

14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE | § | |
| INCENTIVES CORPORATION, | § | |
| Plaintiff | § | **B-03-224** |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## INDEX OF DOCUMENTS FILED WITH DEFENDANTS' NOTICE OF REMOVAL

1.    Civil Cover Sheet

2.    Defendants' Notice of Removal with following attachments:

      a.    State Court's Docket Sheet
      b.    Plaintiffs' Original Petition
      c.    Project Agreement
      d.    Special Warranty Deed
      e.    Titan Press Release – 07/23/03
      f.    Letter from Brian G. Janice to Mr. Maurice Taylor, Jr. re: project agreement between Greater Brownsville Incentives Corporation and Titan Wheel International, Inc. – 08/21/03
      g.    Citation served on Titan International, Inc.

3.    List of Counsel of Record

4.    Certificate of Notice of Removal

5.    Notice of Notice of Removal

6.    Notice of Removal to District Court

7.    Index of Documents Filed with Defendants' Notice of Removal

15