United States District Court
Southern District of Texas
FILED

DEC 2 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## DEFENDANT TITAN INTERNATIONAL, INC.,'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES JUDGE:

COMES NOW TITAN INTERNATIONAL, INC., Defendant in the above entitled and numbered cause, and files this First Amended Original Answer in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

### ANSWER

1.     Defendant denies that this case should be granted a Level 1 Order based upon the representations by the Plaintiff that no discovery is anticipated.

2.     Defendant admits the allegations contained in Paragraph II of Plaintiffs' Original Petition.

3.     Defendant admits Paragraph III of Plaintiffs' Original Petition.

4.     Defendant admits the allegations contained in Paragraph IV A. of Plaintiffs' Original Petition and add that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

*Defendants Titan International, Inc.'s, Original Answer and Affirmative Defenses.*
*PAGE 1*

5.      Defendant denies the allegations contained in Paragraph IV B. of Plaintiff's Original Petition to the extent that it avers that Titan Tire of Corporation of Texas is a "branch" office of Defendant.  Defendant admits that it contracted with Plaintiff.

6.      Defendant denies the allegations contained in Paragraph IV C. of Plaintiff's Original Petition.

7.      Defendant admits that all or part of the cause of action accrued in Cameron County, Texas.  Defendant denies that Cameron County is the location of the principal office for this Defendant in this state.

8.      Defendant denies the allegations contained in Paragraph VI A. of Plaintiffs' Original Petition.

9.      Defendant denies the allegations contained in Paragraph VI B. of the Plaintiff's Original Petition.

10.     Defendant admits the allegations contained in Paragraph VI C. of the Plaintiffs Original Petition.

11.     Defendant admits the allegations contained in Paragraph VII A. of the Plaintiffs Original Petition.

12.     Defendant denies the allegations contained in Paragraph VII B. of the Plaintiffs Original Petition.

13.     Defendant denies the allegations contained in Paragraph VII C. of the Plaintiffs Original Petition.

14.     Defendant admits the allegations contained in Paragraph VII D. of the Plaintiffs Original Petition.

15.     Defendant admits the allegations contained in Paragraph VII E. of the Plaintiffs Original Petition.

16.     Defendant admits the allegations contained in Paragraph VIII A. of the Plaintiffs Original Petition.

17.     Defendant denies the allegations contained in Paragraph VIII B. of the Plaintiffs Original Petition.

18.     Defendant denies the allegations contained in Paragraph IX A. of the Plaintiffs Original Petition.

19.     Defendant denies the allegations contained in Paragraph IX B. of the Plaintiffs Original Petition.

20.     Defendant denies the allegations contained in Paragraph IX C. of the Plaintiffs Original Petition.

21.     Defendant denies the allegations contained in Paragraph IX D. of the Plaintiffs Original Petition.

22.     Defendant denies the allegations contained in Paragraph X A. of the Plaintiffs Original Petition.

23.     Defendant denies the allegations contained in Paragraph X B. of the Plaintiffs Original Petition.

24.     Defendant denies the allegations contained in Paragraph XI of the Plaintiffs Original Petition.

25.     Defendant denies the allegations contained in Paragraph XI of the Plaintiffs Original Petition.

## AFFIRMATIVE DEFENSES

26.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, based upon the doctrine of waiver.

27.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges Plaintiff is barred from recovery by the doctrine of Laches.

28.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that this claim is subject to a valid and enforceable Arbitration Agreement. See ¶XIX of Plaintiffs Original Petition.

29.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff has failed to mitigate any of its damages.

30.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff failed to comply with its duties and obligations under the contract.

31.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff delayed construction of the tire manufacturing plant.

32.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff failed to provide all of the incentives promised to Defendant.

33.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the Project Agreement was complied with and had terminated 1 year prior to the filing of the present action.

34.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges the defense of frustration.

## AMENDED PLEADING

35.     This pleading is filed within 20 days of the date of service of the previous pleading which is amended. Because the previous pleading is one to which no responsive pleading is to be filed and this case has not been placed upon the trial calendar, this amended pleading comports with Federal Rule of Civil Procedure 15(a).

WHEREFORE, Defendant Titan International, Inc., prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully Submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By:_____
     Michael Rodriguez
     Attorney-in-Charge
     State Bar No. 00791553
     Federal Admissions No. 18759
     1000 E. Madison
     Brownsville, Texas 78520
     (956) 574-9333
     Fax (956) 574-9337

ATTORNEY FOR DEFENDANT,
TITAN INTERNATIONAL, INC.,

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant's First Amended Original Answer and Affirmative Defenses was served on all counsel of record, to-wit:

**Via Certified Mail,**
**Return Receipt Requested and Hand Delivery**

Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

by certified mail, return receipt requested, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this _23rd_ day of December, 2003.

Michael Rodriguez