United States District Court
Southern District of Texas
FILED

FEB 06 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**Brian G. Janis, counsel for Plaintiff, Greater Brownsville Incentives Corporation, and Michael Rodriguez, counsel for Defendant, Titan International, Inc., met on February 5, 2004 telephonically (from their offices in Brownsville) to discuss the issues contained in the Joint Discovery/Case Management Plan.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Cause No. 2003-11-5493-A;** *Greater Brownsville Incentives Corporation vs. Titan International, Inc.; 107th Judicial District Court, Cameron County, Texas.* **Defendants removed the state court action to federal court on December 12, 2003.**

3. Specify the allegation of federal jurisdiction.

**Defendant Titan International, Inc., removed the case based upon 28 U.S.C. § 1332 (diversity jurisdiction).**

4. Name the parties who disagree and the reasons.

**The Plaintiff, for reasons cited in its Motion to Remand and brief in support of the Motion to Remand, disagree that diversity jurisdiction exists.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

1

**Titan Tire Corporation of Texas is a potential party which may be added by the Plaintiff at a later date.**

6. List anticipated interventions.

**None known to either party at this time.**

7. Describe class-action issues.

**None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**No disclosures have been made at this time pending this Court's decision on the Plaintiff's Motion to Remand. If the Motion to Remand is denied, then the process for initial disclosures will proceed as soon as possible but no later than thirty (30) days following the ruling of this Court.**

9. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

**Please see response to question No. 8.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates sending interrogatories to the Defendant within thirty (30) days following the Court's ruling on the Motion to Remand.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates sending interrogatories to the Plaintiff within thirty (30) days following the Court's ruling on the Motion to Remand.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

2

**The Plaintiff anticipates taking oral depositions of individuals listed by the Defendant within sixty (60) days following the response to written discovery.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**The Defendant anticipates taking oral depositions of individuals listed by the Plaintiff within sixty (60) days following the response to written discovery.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates designating experts and providing reports no later than ninety (90) days prior to the trial date. The Defendant anticipates designating experts and providing reports no later than sixty (60) days prior to the trial date**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking all the Defendant's experts' depositions and completing them no later than thirty (30) days prior to trial.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking all the Plaintiff's experts' depositions and completing them no later than thirty (30) days prior to trial.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12. State the date the planned discovery can reasonably be completed.

**The parties agree that discovery can reasonably be completed one hundred and eighty (180) days following the Court's ruling on the Motion to Remand.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The attorneys for both parties have discussed issues regarding the case but no discussions regarding a prompt resolution or settlement of the case have been undertaken.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**N/A**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**Attorneys for the parties have discussed the possibility of using arbitration or mediation to resolve the case.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Neither party has an objection to this case proceeding before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

**The Defendant has not yet demanded a jury but does anticipate filing a motion to amend its pleading to allow for a jury in the present case.**

18. Specify the number of hours it will take to present the evidence in this case.

**It is anticipated by both parties that the presentation of evidence in this case will take no more than (approximately) twenty (20) hours.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Plaintiff's Motion to Remand**
**Defendant's Motion for Leave to Amend its Notice of Removal to Include a Jury Demand**

20. List other motions pending.

**None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Brian G. Janis**
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
**Federal Admissions No. 1201**
**Texas State Bar No. 10570300**
**100 North Expressway 83**
**Brownsville, Texas 78521-2284**
**(956) 546-3731 (telephone)**
**(956) 546-3766 (facsimile)**

**Attorney for Plaintiff Greater Brownsville Incentives Corporation**

**Michael Rodriguez**
MICHAEL RODRIGUEZ, P.L.L.C.
**Federal Admissions No. 18759**
**Texas State Bar No. 00791553**
**1000 E. Madison**
**Brownsville, Texas 78520**
**(956) 574-9333 (telephone)**
**(956) 574-9337 (facsimile)**

**Attorney for Defendant Titan International, Inc.**

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 (telephone)
(956) 546-3766 (facsimile)

By: _____
Brian G. Janis
Federal Admissions No. 1201
Texas State Bar No. 10570300

ATTORNEYS FOR GREATER BROWNSVILLE
INCENTIVES CORPORATION


MICHAEL RODRIGUEZ, P.L.L.C.
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 (telephone)
(956) 574-9337 (facsimile)

By: _____
Michael Rodriguez
Federal Admissions No. 18759
Texas State Bar No. 00791553

ATTORNEYS FOR TITAN INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure, on this 6th day of February, 2004.

**Via Certified Mail, Return Receipt Requested**

Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 (telephone)
(956) 546-3766 (facsimile)

James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522-0911
(956) 548-6011 (telephone)
(956) 546-4291 (facsimile)

Michael Rodriguez