United States District Court
Southern District of Texas
FILED

FEB 11 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, § § | CIVIL ACTION | |
| Plaintiff § § | | |
| VS. § | NO. B-03-224 | |
| § | | |
| TITAN INTERNATIONAL, INC., § | | |
| Defendant § | | |

**PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and replies to the response of Defendant, TITAN INTERNATIONAL, INC., hereinafter "TITAN," to GBIC's pending Motion To Remand; in support of same, GBIC would respectfully show the following:

I.

As indicated in GBIC's pleadings on file in this Court regarding the matter of removal and remand, TITAN has a subsidiary that operates in Texas that is a Texas business corporation known as TITAN TIRE CORPORATION OF TEXAS, which is listed as a grantor (i.e., owner) of the property that is at issue in this proceeding in various real property instruments (which are related to the Project Agreement).

PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO REMAND - PAGE 1

II.

Under certain rules of declaratory judgment practice set forth in the Brief filed by GBIC, it does appear that this Texas subsidiary of TITAN is a party in interest in this proceeding, which entity was addressed in the Plaintiff's Original Petition filed by GBIC to initiate this case in state court.

III.

While it is true that, as a general rule, diversity jurisdiction is determined as of the date the action is commenced, as set forth in the case law, the issue raised by the Motion To Remand is not whether the parties at the time of the filing of the complaint are diverse, but instead, whether the party at issue is being fraudulently joined to defeat diversity jurisdiction, or as is the case here, whether the party at issue (TITAN TIRE CORPORATION OF TEXAS) is a necessary party to the proceeding, as a matter of (for example) the rules of declaratory judgment practice.

IV.

More importantly, 28 U.S.C.A. § 1447(e) (1994) indicates that the Court has broad discretion relative to the joinder of parties after removal, the statute providing that:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."
> Id.

V.

An example of a case decided under that statute is <u>Guerrero v. General Motors Corp.</u>, 892 F. Supp. 165 (S.D. Tex. 1995) (Brownsville Division) (opinion by Judge Kazen), which held that a seller of a vehicle was not fraudulently joined in a products liability action brought against the manufacturer for the purpose of defeating federal jurisdiction; the action was remanded to state court following the removal, because, under applicable state law, the seller could be held liable as an "innocent" seller, based on strict liability law, and further, counsel for the injured passenger of the vehicle, who brought the action, denied a contention of the manufacturer that the passenger did not intend to seek a recovery from the seller, and he never promised that he would not proceed against the seller under strict liability principles.

VI.

As such, the question of "what to do" about TITAN TIRE CORPORATION OF TEXAS is a matter for the Court's discretion, in light of the matter being raised by the Plaintiff's pleadings and the Brief referred to above.

VII.

GBIC understands that TITAN INTERNATIONAL, INC., is an Illinois business corporation, but also notes that TITAN TIRE CORPORATION OF TEXAS is a Texas business corporation that manages

the local facility of TITAN, as explained in greater detail in the pleadings and briefs of GBIC on file in this action. GBIC avers that there is not complete diversity to sustain subject matter jurisdiction in this case, and GBIC has requested the remand of this case to the original state court proceeding.

VIII.

GBIC is not suggesting an improper joinder of TITAN TIRE CORPORATION OF TEXAS, and is noting the Court's discretion to allow the joinder of such party, for the reasons mentioned above, particularly the fact that this case involves a title (to land) question, as well as the rules of declaratory judgment practice.

IX.

While case law is cited by TITAN to deny the motion to remand, the above cited statute (Section 1447[e]) would supersede any case to the contrary, because this congressional enactment specifically governs (part of) the rules and procedures regarding removal and remand, as part of the power of Congress to establish federal court jurisdiction. See U.S. CONST. art. I, § 8, cl. 9 ("[The Congress shall have Power] To constitute Tribunals inferior to the supreme Court."); U.S. CONST. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. ... .").

X.

There was a reference in the Motion To Remand of GBIC to the Court's discretion -- in considering a motion to remand -- to defer from taking jurisdiction over a case because of the state interests in certain equitable matters -- as reflected by the passage in the Wright, Miller & Cooper treatise on federal jurisdiction (as cited by both parties). See 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3609, 459 - 461 (1984).

XI.

The point of same was not whether this case was a probate or domestic relations case (which this case is not); the point is that this case involves questions of title to real property, and as reflected in the said passage (in Wright, Miller & Cooper), the federal courts can consider not assuming jurisdiction over equitable actions in areas of law in which a state has a significant local interest, which would appear to include a declaratory judgment action involving real property in the nature of a suit for specific performance or injunction.

XII.

The Court does not have to follow this judicially-created exception to the diversity statute, but it has the discretion to do so, for equitable actions involving property.

XIII.

GBIC avers that the Court should consider the said judicially-created exception to the diversity statute, and under its discretionary power, defer from assuming jurisdiction over this matter, a question of title to real estate involving a reversion clause in a contract between the parties -- regarding the financing of the purchase of land for a tire manufacturing facility in Brownsville, as well as a portion of the building (subsequently built) on such land (after it was acquired).

XIV.

All that is at issue in this case, as reflected by Plaintiff's Original Petition, is the enforcement of an interest in land arising by virtue of the said reversion clause.

XV.

The said judicially-created exception refers to areas of law in which the states have "an especially strong interest in the proper implementation of their policies and local courts have a well-developed competence."  13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3609, 461 (1984).

XVI.

GBIC has requested that the Court defer from taking jurisdiction over this case because no area of law is more of a local matter (along with probate or domestic relations) than cases

involving title, real property and the conveyance of real property, in which local (state) courts have a well-developed competence and the states have an interest in the proper implementation of state policy.

WHEREFORE, GBIC respectfully requests that the Court grant its Motion To Remand this case to the 107th Judicial District Court of Cameron County, Texas, in which this case was pending at the time of removal (by TITAN), that GBIC be awarded its costs incurred in this removal/remand proceeding (to be assessed against TITAN), and that GBIC have such other and further relief to which it may be justly and equitably entitled.

DATED this 11th day of February, 2004.

Respectfully submitted,

GREATER BROWNSVILLE INCENTIVES
  CORPORATION, Plaintiff

BY: _____
Brian G. Janis

Southern District Of Texas
Federal Admissions ID. No. 1201
(Texas State Bar No. 10570300)

OF COUNSEL:

SANCHEZ, WHITTINGTON, JANIS
  & ZABARTE, L.L.P.

ATTORNEY-IN-CHARGE FOR PLAINTIFF

100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: 956/546-3731
Telefax: 956/546-3766

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing GBIC's Reply To Response To (Its) Motion To Remand has been served upon Michael Rodriguez, counsel of record for TITAN, at 1000 East Madison Street, Brownsville, Texas 78520, by mailing same United States Mail, postage prepaid and properly addressed, and by telefaxing same (at 574-9337), on this 11th day of February, 2004.

_____
Brian G. Janis