Case 1:03-cv-00224     Document 15     Filed in TXSD on 02/17/2004     Page 1 of 10

United States District Court
Southern District of Texas
FILED

FEB 19 2004

Michael N. Milby
Clerk of Court

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, § § § § § § § § § | | CIVIL ACTION |
| Plaintiff | | |
| VS. | | NO. B-03-224 |
| TITAN INTERNATIONAL, INC., | | |
| Defendant | | |

**PLAINTIFF'S AMENDED REPLY TO RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and replies (with this amended Reply) to the response of Defendant, TITAN INTERNATIONAL, INC., hereinafter "TITAN," to GBIC's pending Motion To Remand; in support of same, GBIC would respectfully show the following:

I.

Introduction

GBIC filed a declaratory judgment action (only) in state district court to determine that certain land and improvements thereon reverted, under a Project Agreement, from TITAN because TITAN failed to maintain a tire manufacturing operation in Brownsville, for (the establishment of) which GBIC paid TITAN millions of dollars as incentives under the Agreement, the relevant excerpt of the Agreement -- set forth as Exhibit "A" to Plaintiff's

PLAINTIFF'S AMENDED REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO REMAND - PAGE 1

Original Petition on file with this Court (the Agreement) -- at Page 4 (in the second full paragraph) is set forth as an exhibit (Exhibit "A") to this Amended Reply.

II.

Complete Diversity Does Not Exist

A.

As indicated in GBIC's pleadings on file in this Court regarding the matter of removal and remand, TITAN has a subsidiary that operates in Texas that is a Texas business corporation known as TITAN TIRE CORPORATION OF TEXAS, which is listed as a grantor (i.e., owner) of the property that is at issue in this proceeding in various real property instruments (which are related to the Project Agreement).

B.

Under certain rules of declaratory judgment practice set forth in the Brief (Memorandum) filed by GBIC, it does appear that this Texas subsidiary of TITAN is a party in interest in this proceeding, which entity was addressed in the Plaintiff's Original Petition filed by GBIC to initiate this case in state court.

C.

While it is true that, as a general rule, diversity jurisdiction is determined as of the date the action is commenced, as set forth in the case law, the issue raised by the Motion To Remand is not whether the parties at the time of the filing of the

PLAINTIFF'S AMENDED REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO REMAND - PAGE 2

complaint are diverse, but instead, whether the party at issue is being fraudulently joined to defeat diversity jurisdiction, or as is the case here, whether the party at issue (TITAN TIRE CORPORATION OF TEXAS) is a necessary party to the proceeding, as a matter of (for example) the rules of declaratory judgment practice.

D.

More importantly, 28 U.S.C.A. § 1447(e) (1994) indicates that the Court has broad discretion relative to the joinder of parties after removal, the statute providing that:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Id.

E.

An example of a case decided under that statute is Guerrero v. General Motors Corp., 892 F. Supp. 165 (S.D. Tex. 1995) (Brownsville Division) (opinion by Judge Kazen), which held that a seller of a vehicle was not fraudulently joined in a products liability action brought against the manufacturer for the purpose of defeating federal jurisdiction; the action was remanded to state court following the removal, because, under applicable state law, the seller could be held liable as an "innocent" seller, based on strict liability law, and further, counsel for the injured passenger of the vehicle, who brought the action, denied a contention of the manufacturer that the passenger did not intend to

seek a recovery from the seller, and he never promised that he would not proceed against the seller under strict liability principles.

F.

As such, the question of "what to do" about TITAN TIRE CORPORATION OF TEXAS is a matter for the Court's discretion, in light of the matter being raised by the Plaintiff's pleadings and the Brief (Memorandum) referred to above.

G.

GBIC understands that TITAN INTERNATIONAL, INC., is an Illinois business corporation, but also notes that TITAN TIRE CORPORATION OF TEXAS is a Texas business corporation that manages the local facility of TITAN, as explained in greater detail in the pleadings and briefs of GBIC on file in this action.

H.

GBIC avers that there is not complete diversity to sustain subject matter jurisdiction in this case, and GBIC has requested the remand of this case to the original state court proceeding.

I.

GBIC is not suggesting an improper joinder of TITAN TIRE CORPORATION OF TEXAS, and is noting the Court's discretion to allow the joinder of such party, for the reasons mentioned above, particularly the fact that this case only involves a title (to

land) question, as well as the said rules of declaratory judgment practice.

J.

While case law is cited by TITAN to deny the motion to remand, the above cited statute (Section 1447[e]) would supersede any case to the contrary, because this congressional enactment specifically governs (part of) the rules and procedures regarding removal and remand, as part of the power of and the authority vested in the Congress to establish federal court jurisdiction. See U.S. CONST. art. I, § 8, cl. 9 ("[The Congress shall have Power] To constitute Tribunals inferior to the supreme Court."); U.S. CONST. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. ... .").

III.

Court Need Not Assume Jurisdiction

A.

There was a reference in the Motion To Remand of GBIC to the Court's discretion -- in considering a motion to remand -- to defer from taking jurisdiction over a case because of the state interests in certain equitable matters -- as reflected by the passage in the Wright, Miller & Cooper treatise on federal jurisdiction (as previously cited by both parties). See 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE

§ 3609, 459 - 461 (1984) (a copy of which was filed with this Court with Plaintiff's Memorandum).

B.

The point of that reference was not whether this case was a probate or domestic relations case (which this case is not); the point is that this case only involves questions of title to real property, and as reflected in the said passage (in Wright, Miller & Cooper), the federal courts can consider not assuming jurisdiction over equitable actions in areas of law in which a state has a significant local interest, which would appear to include a declaratory judgment action involving real property in the nature of a suit for specific performance or injunction.

C.

The Court does not have to follow this judicially-created exception to the diversity statute, but it has the discretion to do so, for equitable actions involving property.

D.

GBIC avers that the Court should consider the said judicially-created exception to the diversity statute, and under its discretionary power, defer from assuming jurisdiction over this matter, a question (only) of title to real estate involving a reversion clause in a contract between the parties -- regarding the financing of the purchase of land for a tire manufacturing facility

in Brownsville, as well as a portion of the building (subsequently built) on such land (after it was acquired).

E.

All that is at issue in this case, as reflected by Plaintiff's Original Petition, is the enforcement of an interest in land arising by virtue of the said reversion clause. There is no federal interest in this matter, and no federal question is raised.

F.

The said judicially-created exception refers to areas of law in which the states have "an especially strong interest in the proper implementation of their policies and local courts have a well-developed competence." 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3609, 461 (1984).

G.

GBIC has requested that the Court defer from taking jurisdiction over this case because no area of law is more of a local matter (along with probate or domestic relations) than cases involving title, real property and the conveyance of real property, in which local (state) courts have a well-developed competence and the states have an interest in the proper implementation of state policy.

H.

As reflected by the said Exhibit "A" (hereto), this case involves only a question of title to real property and the transfer (by a reversion) of real property, under the Project Agreement by and between the parties.

IV.

Conclusion

In that this case is a request for declaratory relief (only) filed in state court to enforce a reversion of land and improvements thereon, which land is owned by both Defendant -- an Illinois business corporation -- and a separate subsidiary -- a Texas business corporation -- complete diversity of the parties does not exist, plus the Court may -- since this case is in the nature of an equitable proceeding involving (only) the right to real property -- defer from assuming jurisdiction over this proceeding, there being no federal interest or question in this local (realty) matter; in any event, as complete diversity in this case does not exist, this case should be remanded by this Court to the said state district court, which court clearly has proper jurisdiction of this Texas property law dispute, to enable that court to proceed with this case.

WHEREFORE, GBIC respectfully requests that the Court grant its Motion To Remand this case to the 107th Judicial District Court of

Cameron County, Texas, in which this case was pending at the time of removal (by TITAN), that GBIC be awarded its costs incurred in this removal/remand proceeding (to be assessed against TITAN), and that GBIC have such other and further relief to which it may be justly and equitably entitled.

DATED this 17th day of February, 2004.

                        Respectfully submitted,

                        GREATER BROWNSVILLE INCENTIVES
                          CORPORATION, Plaintiff

BY: _____
      Brian G. Janis

      Southern District Of Texas
      Federal Admissions ID. No. 1201
      (Texas State Bar No. 10570300)

OF COUNSEL:              ATTORNEY-IN-CHARGE FOR PLAINTIFF

SANCHEZ, WHITTINGTON, JANIS   100 North Expressway 83
  & ZABARTE, L.L.P.           Brownsville, Texas 78521-2284
                                 Telephone: 956/546-3731
                                 Telefax: 956/546-3766

### CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing GBIC's Amended Reply To Response To (Its) Motion To Remand has been served upon Michael Rodriguez, counsel of record for TITAN, at 1000 East Madison Street, Brownsville, Texas 78520, by mailing same United States Mail, postage prepaid and properly addressed, and by telefaxing same (at 574-9337), on this 17th day of February, 2004.

                                 _____
                                 Brian G. Janis

limited above), during the said three (3) years of this Agreement.

The maximum amount of reimbursement is not to exceed (for all credits hereunder) $13,040.73 per "new job created" at TITAN WHEEL INTERNATIONAL, INC. (in or near Brownsville, Texas only), during the term of this Agreement, in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, provided that the GREATER BROWNSVILLE INCENTIVES CORPORATION has first verified and approved the amount of the "site improvement expenses," the "lease/building expense" and the "annual non-principal wages," and the "new jobs created" are valid, continuous and in force for at least ninety (90) days -- as determined at the close of the second quarter of the relevant year -- which amounts are not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 (noting that $692,862.00 will be paid directly to the Public Utilities Board, by and through the City Of Brownsville), $680,000.00 (or if less, the cost of 240,000 cubic yards of dirt), $1,712,500.00 and $975,000.00, respectively, over the term of this Agreement (i.e., five years).'

The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, or if TITAN WHEEL INTERNATIONAL, INC., does not commence such construction within eleven (11) months, does not commence hiring and training for the plant within ten (10) months (involving Spend Skills Development Training dollars, which must be spent in Brownsville), or does not commence operations within two (2) years in or near Brownsville, from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business), and, to avoid commingling or problems with tracing such funds, TITAN WHEEL INTERNATIONAL, INC., shall segregate, for accounting and other similar purposes, all funds (and properties) received from the GREATER BROWNSVILLE INCENTIVES CORPORATION and from other sources.