UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, § § Plaintiff § § VS. § § TITAN INTERNATIONAL, INC., § Defendant § | CIVIL ACTION NO. B-03-224 | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and moves for summary judgment against Defendant, TITAN INTERNATIONAL, INC., pursuant to Rule 56 of the Federal Rules Of Civil Procedure. In support of this Motion, GBIC would respectfully show the following:

I.

Introduction

GBIC filed a declaratory judgment action (only) in state district court to determine that certain land and improvements thereon reverted, under a Project Agreement, from TITAN to GBIC, because TITAN failed to maintain a tire manufacturing operation in Brownsville, for (the establishment of) which GBIC paid TITAN millions of dollars as incentives under the Agreement, the relevant excerpt of the Agreement -- set forth at Page 4 (in the second full

paragraph) -- is set forth in an exhibit (Exhibit "2") to this Motion For Summary Judgment.

## II.

### Basis For Summary Judgment

A.

GBIC'S Motion embraces the entire cause of action stated in its pleadings against TITAN. There is no genuine issue as to any material fact regarding each and every element of GBIC's cause of action, and GBIC is entitled to judgment as a matter of law.

B.

There may be variances between GBIC and TITAN in terms of the interpretation of the facts, but there is no genuine issue as to any material fact in this case.

## III.

### Summary Judgment Evidence

A.

GBIC filed a suit for declaratory relief (only) in state district court (originally, prior to the case being removed to federal court) regarding a certain (economic development) Project Agreement with -- and a related Special Warranty Deed, a copy of which is annexed to this Motion as Exhibit "4" and incorporated by reference herein as if fully copied and set forth at length, to -- TITAN, the declaratory relief being limited to the following:

"Declaring that under the said Project Agreement (and related Special Warranty Deed), by virtue of TITAN removing its operations from Brownsville, such that it is no longer operating in Brownsville and no longer maintains a tire manufacturing operation in or near Brownsville, the land and improvements thereon (as indicated above), as purchased through funds of GBIC, have reverted to GBIC." PLAINTIFF'S ORIGINAL PETITION 9 (the prayer for relief).

B.

As set forth in greater detail in GBIC's Original Petition, a true and correct copy of which is on file with this Court, and this Motion, GBIC, an economic development corporation created under Texas (statutory) law, enters into project agreements with various business concerns, almost always to create jobs, in consideration for certain incentives being paid (such as building/lease assistance and/or site development funding).

C.

In this instance, GBIC and TITAN entered into a Project Agreement, which involved the funding of millions of dollars for the establishment of a tire manufacturing operation (by TITAN) in or near Brownsville, which anticipated 500 new jobs.

D.

A large part of the funds paid by GBIC was for the purchase of the land and site improvements to same and/or construction of the facility to operate the tire manufacturing plant of TITAN. TITAN created no more than 122 jobs at the facility, resulting in an overpayment by GBIC. A claim letter regarding this situation was

submitted to TITAN by GBIC, a copy of which is annexed to this Motion as Exhibit "1" and incorporated by reference herein as if fully copied and set forth at length.

E.

In the Project Agreement, at Paragraph II., which is set forth (the Agreement) as Exhibit "2" to this Motion and incorporated by reference herein as if fully copied and set forth at length, the parties (GBIC and TITAN) agreed that:

> "... in the event that TITAN WHEEL INTERNATIONAL, INC., <u>discontinues operations</u> or is dissolved or liquidated or <u>no longer maintains a tire manufacturing operation in or near Brownsville</u> ... from the date of execution of this Project Agreement (February 27, 1997), any property or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall <u>revert</u> to that CORPORATION (subject to any superior liens); ... ." [emphasis added].

F.

As reflected by Exhibit "3" to this Motion, which is incorporated by reference herein as if fully copied and set forth at length, TITAN publicly announced that its tire manufacturing operation in Brownsville would be consolidated (with all of its tire manufacturing operations) into its principal tire facility located in Des Moines, Iowa. This is also reflected by Exhibit "5" to this Motion, which is incorporated by reference herein as if fully copied and set forth at length, an advertisement published in The Brownsville Herald about an inventory liquidation sale.

G.

Thus, GBIC, as set forth in its claim letter, invoked the said (reversion) clause and sought the return of the land it purchased for TITAN and that portion of the facility thereon it (GBIC) financed (i.e., paid for). To judicially enforce that reversion clause, suit was filed in state district court, as set forth above, for declaratory relief to that effect (only), plus court costs and attorney fees.

IV.

GBIC'S Contentions

A.

GBIC filed this case involving declaratory relief (only) to enforce a reversion clause in a contract governing certain real property and improvements thereon in Brownsville, Cameron County, Texas. That is, the only issue in this case is the reversion of the land and improvements, under the Project Agreement (the debt claim as regards the said overpayment is not at issue in this proceeding), and the entirety of such case (involving real property) is a function of a court interpreting the contract at issue and determining whether, under such clause in the said contract, the land and improvements have reverted (from TITAN) to GBIC.

B.

GBIC's cause of action is a suit for declaratory relief to interpret a contract, a Project Agreement, with TITAN. The cause of action requires a showing that, based on the facts presented, (1) the parties entered into a contract (a writing), (2) there is a justiciable controversy arising between the parties arising out of or involving the contract, (3) the Court has been requested to interpret such contract, (4) this interpretation will involve a declaration of the rights, status or other legal relations arising out of or involving the contract, and (5) this interpretation (i.e., construction) will enable the final resolution of the controversy.

C.

In conjunction with the said cause of action, there must be, in this particular case, a showing that, based on the facts presented, (1) the parties executed and entered into the said contract, (2) under the contract, there is a conditional reversion of the land and improvements thereon (in certain circumstances), (3) one or more of the circumstances giving rise to the conditional reversion did occur, (4) the reversion therefore occurred, and (5) the said real property has thus reverted, under the said contract (by its terms), to the appropriate party.

D.

There is no genuine issue of material fact regarding any of these elements, and GBIC is therefore entitled to judgment as a matter of law (for the reasons set forth below).

E.

TITAN raised, beyond various denials of parts of GBIC's claim, several affirmative defenses, to-wit, (1) waiver/estoppel, (2) laches, (3) arbitration (agreement), (4) failure to mitigate (damages), (5) antecedent breach of contract (by GBIC), (6) "delay of construction" (of the facility at issue), (7) lack of payment (of incentives due), (8) (TITAN's) compliance with the contract and the term of same expired, (9) "frustration," (10) accord and satisfaction/satisfaction, (11) limitations, (12) "illusory contract" and (13) "failure of condition precedent."

F.

However, the said affirmative defenses do not bar GBIC's cause of action. As shall be demonstrated below, these defenses are <u>not</u> viable and do <u>not</u> preclude the requested summary judgment.

V.

<u>Legal Issues</u>

The only issues to be resolved in this case are questions of law, to-wit:

1 - Where a local economic development corporation enters into a contract to provide incentives to an out of state corporation,

in consideration for the creation of a certain number of jobs at a manufacturing facility to be financed by the economic development corporation, and such contract contains a reversion clause -- as regards real property purchased by the economic development corporation for the out of state corporation (for such facility) and improvements on such property (the facility) -- conditioned on certain contingent events occurring, and one (or two) of such events occur, does the reversion become effective at such time?

2 - Where a local economic development corporation, under such contract, reacquires the said real property and improvements thereon, from an out of state corporation, in that a provision of the contract indicates that upon a certain condition (or conditions) occurring, such property (and improvements) reverts to the local economic development corporation, but the out of state corporation does not acknowledge such reversion, does the economic development corporation have the right, in a declaratory judgment action, to have the contract interpreted and to enforce the contract -- and the said provision -- so as to judicially confirm the reversion?

3 - Where a local economic development corporation, under such contract, reacquires the said real property and improvements thereon, from an out of state corporation, in that a provision of the contract indicates that upon a certain condition (or conditions) occurring, such property (and improvements) reverts to the local economic development corporation, and the economic development corporation files a declaratory judgment action (only) to interpret such contractual provision, can such action be barred by the following affirmative defenses: waiver/estoppel, laches, arbitration (agreement), failure to mitigate damages, antecedent breach of contract (of the economic development corporation), "delay of construction" (of the facility at issue), lack of payment (of incentives due), (TITAN's) the out of state corporation's compliance with the contract and the term of same expired, "frustration," accord and satisfaction/satisfaction, limitations, "illusory contract" and "failure of condition precedent"?

VI.

GBIC's Position

A.

Of course, GBIC takes the position that by virtue of the said Project Agreement -- and the provision in same indicating that if TITAN failed to maintain a tire manufacturing operation in Brownsville, the land and improvements (financed as economic development incentives) reverted to GBIC -- upon the announced closing of the Brownsville facility of TITAN as a tire manufacturing facility, under the said contract, which closing has occurred, GBIC is entitled to take title and possession to the said land and improvements, which reverted under the said contract from TITAN to GBIC.

B.

This is true, regardless of any claims of waiver/estoppel, laches, arbitration (agreement), failure to mitigate damages, antecedent breach of contract, "delay of construction," lack of payment, compliance with the contract and the terms of same expired, "frustration," accord and satisfaction, limitations, "illusory contract" and "failure of condition precedent," in that none of these defensive doctrines apply or otherwise bar GBIC's claim for declaratory relief so as to interpret the Project Agreement and confirm the reversion of the land and improvements (which is all that is at issue in this case); more significantly,

the elements of such defenses cannot be established (in this case) as a matter of law.

C.

Accordingly, this Motion For Summary Judgment should be granted on the specific grounds that GBIC has filed a claim for declaratory relief, premised on there being a conditional reversion of land and improvements in a Project Agreement entered into by the parties, conditioned on the occurrence of certain events -- including the failure to continue operations and to maintain a tire manufacturing operation in Brownsville -- which did in fact occur, which gave rise to the contractual reversion; however, TITAN has failed and refused to acknowledge the reversion under the Project Agreement, resulting in a suit for declaratory relief to confirm the reversion of the land and improvements (from TITAN) to GBIC, as explained in greater detail in both the Plaintiff's Original Petition on file with the Court and this Motion For Summary Judgment.

VII.

Cause Of Action

In support of this Motion, GBIC relies upon and refers the Court to the pleadings on file in this action, including the Plaintiff's Original Petition and the Plaintiff's Memorandum In Support Of Its Motion For Summary Judgment, the Affidavits of GBIC's President (ARNOLD BENSON) and GBIC's counsel (BRIAN G.

JANIS), Defendant's First Amended Original Answer (containing admissions at Paragraphs VI. C., VII. A., VII. B., VII. E., and VIII. A.), Defendant's Response To Plaintiff's First Request For Admissions (set forth as Exhibit 6 of Plaintiff's Exhibits To Its Motion For Summary Judgment and incorporated by reference herein as if fully copied and set forth at length), and Plaintiff's Exhibits To Its Motion For Summary Judgment, filed (the Memorandum, the Affidavits and the Exhibits) contemporaneously with this Motion and incorporated by reference herein as if fully copied and set forth at length.

## VIII.

### Summary Of The Evidence

#### A.

As set forth in detail in the Affidavit Of GBIC's President, ARNOLD BENSON, GBIC entered into a Project Agreement with TITAN, under which TITAN received a parcel of land and site development/improvements to construct and operate (and maintain) a tire manufacturing facility in Brownsville; under the Agreement, there was a reversion clause, such that, if TITAN failed to continue its Brownsville operations and failed to maintain a tire manufacturing operation in Brownsville, the said land and improvements would revert -- under the said contract -- from TITAN to GBIC.

B.

The conditional reversion under the Project Agreement was activated by TITAN's discontinuance of its tire manufacturing operations in Brownsville and its failure to maintain a tire manufacturing operation in Brownsville, as exemplified by a public announcement (press release) of TITAN to this effect, stating that TITAN would be centralizing its tire manufacturing operations in Des Moines, Iowa (along with the said liquidation sale advertisement).

C.

Later, a notice was given to TITAN by GBIC (through its counsel) of such reversion, and subsequently, a declaratory judgment proceeding commenced, pursuant to law and the Project Agreement, to judicially confirm such reversion.

D.

A condition (or conditions) under the Project Agreement having been fulfilled, the land and improvements purchased or financed by GBIC for TITAN -- to construct, maintain and operate a tire manufacturing facility in Brownsville, the "basis of the bargain" -- subject to the contractual reversion clause, reverted from TITAN to GBIC, because the said clause was activated, and the reversion -- based on such condition -- occurred, by which title to and possession of the land and improvements thereon vested in GBIC.

E.

Thus, GBIC is entitled to a declaratory judgment confirming the reversion under the Project Agreement, as well as its court costs and attorney fees.

F.

These is no genuine issue of material fact regarding any of the elements of the declaratory relief claim (cause of action) asserted by GBIC, and nothing has been asserted by TITAN as a (valid or applicable) plea in bar to such claim.

G.

GBIC is therefore entitled to judgment as a matter of law, in that GBIC's cause of action is a <u>prima facie</u> declaratory relief case involving the interpretation of a contract.

H.

TITAN raised various affirmative defenses, which -- as set forth in this Motion -- do not state valid defenses, and which do not (thus) bar GBIC's claim in any manner.

IX.

<u>Conclusion</u>

A.

GBIC's Motion For Summary Judgment should be granted because GBIC filed a claim for declaratory relief premised on there being a contractual reversion of land and improvements thereon under a Project Agreement entered into by the parties, conditioned on the

occurrence of certain events -- including the failure to continue operations and to maintain a tire manufacturing operation in Brownsville -- which did in fact occur, which gave rise (therefore) to such contractual reversion.

B.

However, TITAN has failed and refused to acknowledge the reversion under the Project Agreement, giving rise to a justiciable controversy between the parties, and resulting in this suit for declaratory relief to judicially confirm the reversion of the land and improvements thereon (from TITAN) to GBIC, under the terms of the Project Agreement, whereby the Court will need to interpret the Agreement, and declare the rights or status of the parties under the said contract, to finally resolve the controversy.

C.

In that TITAN received millions of dollars from GBIC to open a tire manufacturing facility in Brownsville, under the Project Agreement, by failing to continue such Brownsville tire manufacturing operation, under the contract, the land and improvements financed by GBIC reverted, under the contract and as a matter of law, to GBIC, and thus, the Court should declare such in the disposition of this case, judicially confirming such reversion, and resolving this case by a summary judgment in favor of GBIC, awarding costs of court and attorney fees to GBIC.

*       *       *

WHEREFORE, GBIC respectfully requests that this matter be set for hearing, with notice to all other parties, and that on final hearing, the Court grant GBIC's Motion For Summary Judgment and that GBIC recover from TITAN the following:

1 - A declaration that under the said Project Agreement (and related Special Warranty Deed), by virtue of TITAN removing its operations from Brownsville, such that it is no longer operating in Brownsville and no longer maintains a tire manufacturing operation in or near Brownsville, the land and improvements thereon (as indicated above), as purchased through funds of GBIC, have reverted to GBIC.

2 - An award to GBIC of reasonable and necessary attorney fees.

3 - An award to GBIC for costs expended or incurred in this action.

4 - An award to GBIC of such other and further relief to which it is justly and equitably entitled.

DATED this 9th day of July, 2004.

                Respectfully submitted,

                GREATER BROWNSVILLE INCENTIVES
                  CORPORATION, Plaintiff

BY: _____
     Brian G. Janis

     Southern District Of Texas
     Federal Admissions ID. No. 1201
     (Texas State Bar No. 10570300)

| | |
|---|---|
| OF COUNSEL: | ATTORNEY-IN-CHARGE FOR PLAINTIFF |
| SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P. | 100 North Expressway 83<br>Brownsville, Texas 78521-2284<br>Telephone: 956/546-3731<br>Telefax: 956/546-3766 |

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing GBIC's Motion For Summary Judgment has been served upon Michael Rodriguez, counsel of record for TITAN, at 319 East Elizabeth Street, Brownsville, Texas 78520, by mailing same United States Mail, postage prepaid and properly addressed, and by hand-delivering same, on this 9th day of July, 2004.

_____
Brian G. Janis