United States District Court
Southern District of Texas
FILED

SEP 1 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

**TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE
AFFIDAVIT OF BRIAN G. JANIS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, TITAN INTERNATIONAL, INC., DEFENDANT, and files this Motion to Strike Affidavit of Brian Janis. In support thereof Defendant Titan International, Inc. would show the Court the following:

Texas courts have identified the following factors to guide a court in its determination of a reasonable attorneys' fee award: (1) the time and labor involved; (2) the nature and complexity of the case; (3) the amount of money or the value of the property or interest involved; (4) the extent of the responsibilities assumed by the attorney; (5) whether other employment is lost because of the undertaking; (6) the benefits resulting to the client from the services; (7) the contingency or certainty of compensation; and (8) whether the employment is casual or for an established or constant client. *Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 738 (Tex.App.-Texarkana 1996, n.w.h.); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Also, a fee award must be reasonable under the particular circumstances of the

case and must bear some reasonable relationship to the amount in controversy. *Armstrong Forest Prod. v. Redempco, Inc.*, 818 S.W.2d 446, 453 (Tex. App.- Texarkana 1991, writ denied). Mr. Janis's affidavit utterly fails to satisfy these factors. He simply requests an award of $30,000 without any explanation of why that amount is appropriate. Mr. Janis makes the following statements:

> I am the attorney of record for Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, and submit this Affidavit in support of an award of attorney fees to Plaintiff in the amount of $30,000.00, pursuant to Chapter 38 of the Texas Civil Practice And Remedies Code, allowing for reasonable attorney fees—in addition to the amount of the costs—in a suit on a contract (e.g., a Project Agreement). And pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, allowing for costs and reasonable and necessary attorney fees—as are equitable and just—in a suit for a declaratory judgment. . . .
>
> I believe that a reasonable attorney fee for Plaintiff in this case, for the preparation and handling of a demand regarding the issues in this action, the subsequent initiation of litigation to resolve the issues in this action, the response to the removal of this case to federal court and certain pre-trial matters in this action, and the preparation and handling of the pending Motion for Summary Judgment, taking into account my services, the time expended, the complexity of the case (involving a large amount of legal research and briefing), the hourly rate, the amount in controversy and the like, is the sum of $30,000.00.

Janis Aff., at ¶¶ 4 & 7. Mr. Janis's subject belief that $30,000 is reasonable is irrelevant and wholly fails to satisfy the requirements of Texas law.

Therefore, Defendant requests that Mr. Janis's Affidavit in Support of Plaintiff's Motion for Summary Judgment be stricken.

            Respectfully submitted,

            RODRIGUEZ & NICOLAS, L.L.P.

            By: _____
            Michael Rodriguez
            State Bar No. 00791553
            Federal I.D. No. 18759
            Henri E. Nicolas, Jr.
            State Bar No. 24014808
            Federal ID No. 26052
            319 East Elizabeth Street
            Brownsville, Texas 78520
            Telephone: (956) 574-9333
            Facsimile: (956) 574-9337

## CERTIFICATE OF CONFERENCE

I, Henri E. Nicolas, Jr., do hereby, certify that on September 10, 2004 I contacted the Plaintiff's counsel, Mr. Brian Janis regarding this response and motion. Mr. Janis is opposed.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on July 21, 2004 been forwarded to:

**VIA REGULAR MAIL & HAND DELIVERY**
Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

**VIA FIRST CLASS MAIL & FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

_____
Henri E. Nicolas, Jr.