IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
SEP 1 0 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, <br> Plaintiff <br> VS. <br><br> TITAN INTERNATIONAL, INC., <br> Defendant | § <br> § <br> § <br> § CIVIL ACTION NO. B-03-224 <br> § <br> § <br> § <br> § |

## TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE AFFIDAVIT OF ARNOLD BENSON

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, TITAN INTERNATIONAL, INC., DEFENDANT, and files this Motion to Strike Affidavit of Arnold Benson. In support thereof Defendant Titan International, Inc. would show the Court the following:

| Statement: | Objection: |
|---|---|
| 2. I am personally acquainted with the facts stated in this Affidavit. | This is not the proper standard. Rule 56 requires the affiant testify only to the facts which he personally knows, not the facts with which he "personally acquaints" himself. Fed. R. Civ. P. 56 (e). |
| 4. At all material times, I was (and am) the President of the GREATER BROWNSVILLE INCENTIVES CORPORATION, a Texas economic development corporation, hereinafter referred to as "GBIC," which expends public funds it receives (from city sales taxes) for economic development purposes (and projects), and I am authorized to act on behalf of GBIC in this matter. | This statement is demonstrably false. The Project Agreement was signed by then-president Mr. Eduardo R. Rodriguez. Mr. Benson was not the president at the time the Project Agreement was negotiated or signed. He does not have personal knowledge regarding the facts surrounding this case. *See* Project Agreement, Attached to Defendant's Resp. to Mot. For Summ. J. at Ex. A. |

6. As set fort in detail in that Petition, and in the foregoing Motion For Summary Judgment, the GBIC is an economic development corporation created under Texas (statutory) law that enters into project agreements with various business concerns, almost always to create jobs, in consideration for certain incentives (such as building/lease assistance and/or site development funding).

The purpose or purposes of other project agreements is irrelevant to this case. In fact, to the extent the purpose of the Project Agreement is not encompassed in the Project Agreement, it is irrelevant. Fed. R. Evid. 403; *see also* Fed. R. Civ. P. 56 (e) (stating that affidavits "shall set forth such facts as would be admissible in evidence").

Moreover, this is purely parol evidence which Plaintiff cannot admit without first making a showing that the terms of the Project Agreement are ambiguous. The parol evidence rule dictates that when a written contract is complete and unambiguous, the court shall not admit extrinsic evidence regarding prior or contemporaneous agreements. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995). The rule rests in part on the principle that "[n]egotiations preceding a written contract should not displace the terms of the written contract." *Fisher Controls Intern., Inc. v. Gibbons*, 911 S.W.2d 135, 141-42 (Tex.App.--Houston [1st Dist.] 1995, writ denied). The rule of merger, a corollary to the parol evidence rule, provides, "Absent pleading and proof of ambiguity, fraud, or accident, a written instrument presumes that all the parties' earlier agreements relating to the transaction have merged into the written instrument." *Tex. A & M Univ.-Kingsville v. Lawson*, 127 S.W.3d 866, 872 (Tex.App.--Austin 2004, no pet. h.).

| | |
|---|---|
| 7. In this instance, GBIC and TITAN entered into a Project Agreement, which involved funding of millions of dollars for the establishment by TITAN of a tire manufacturing operation in or near Brownsville, which was anticipated to enhance economic development and to create 500 jobs; a copy of the Project Agreement was filed with the Court as Exhibit 2 of Plaintiff's Exhibits In Support Of Its Motion For Summary Judgment. | The Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*<br><br>Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403. |

8. A large part of the funds paid for by GBIC was for the purchase of the land -- as reflected by a Special Warranty Deed from GBIC, a copy of which was filed with the Court as Exhibit 4 of Plaintiff's Exhibits In Support Of It's Motion For Summary Judgment, conveying the land to TITAN, pursuant to the Project Agreement -- and site improvements and or/construction of the facility to operate the tire manufacturing plant of TITAN in Brownsville.

This testimony is conclusory. When affidavits are used to support or oppose a motion for summary judgment they "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(c); *Beijing Metals & Minerals Import/Export Corp. v. American Bus. Ctr., Inc.*, 993 F.2d 1178, 1182 (5th Cir. 1993). Affidavits that are not based on personal knowledge or that are based merely on information and belief do not satisfy the requirements of Rule 56(e), and those portions of an affidavit that do not comply with Rule 56(c) are not entitled to any weight and cannot be considered in deciding a motion for summary judgment. *Richardson v. Oldham*, 12 F.3d 1373, 1378-79 (5th Cir. 1994). Neither shall conclusory affidavits suffice to create or negate a genuine issue of fact. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

Moreover, the Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403.

9. However, TITAN created no more that 122 jobs at the Brownsville facility, resulting in an overpayment by GBIC, and a claim letter being submitted to TITAN by GBIC, a copy of which was filed with the Court as Exhibit 1 of Plaintiff's Exhibits In Support Of Its Motion For Summary Judgment, advising TITAN of the situation.

This is not evidence and is not within the personal knowledge of the affiant. Moreover, the number of jobs created by Defendant is irrelevant to the only issues in this case: (1) whether the contract terminated on October 31, 2001 and (2) whether Defendant discontinued operations until well beyond the termination of the contract. *See* Fed. R. Evid. 403.

10. As a part of the Project Agreement, particularly Subparagraph A. of Paragraph II., one of the incentives to be paid to TITAN by GBIC was a "Site Development Credit" in the sum of $1,000,000.00, which was not paid in cash as such but in the form of grant (i.e., conveyance) of a site to locate the facility needed for this project.

This testimony is conclusory and, therefore, inadmissible. *See supra.*

The Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403.

11. This site (land), of up to two-hundred acres north of Brownsville, to locate the facility for this project (the "plant" of TITAN) in or near Brownsville, was acquired (i.e., paid for) by GBIC as a "site improvement expenses."

The Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

12. Subsequently, a special Warranty Deed (Exhibit 4), dated November 14, 1996, was executed by GBIC in favor of TITAN, with an effective date of February 28, 1997, pursuant to the said Project Agreement.

The Project Agreement and Deed speak for themselves and is attached to Defendant's motion at Exs. A & B. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

13. The Deed indicates that the consideration given "is in accordance with [the] Project Agreement by and between [the] Grantor and Grantee" (i.e., GBIC and TITAN), and involved the conveyance of 192 acres (more or less), to provide a site for the construction and operation of the said tire manufacturing facility (of TITAN) in or near Brownsville.

The Project Agreement and Deed speak for themselves and is attached to Defendant's motion at Exs. A & B. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403.

14. Under the Project Agreement, which explicitly refers to a conveyance of land by GBIC for the use of TITAN, as evidenced by the Special Warranty Deed, the land was granted, sold and conveyed to TITAN by GBIC. However this conveyance is <u>subject to</u> other provisions of the said Project Agreement, such as the third (unnumbered) subparagraph of Paragraph II (entitled "Disbursement Of Funds"), at Page 4 of the Agreement.

The Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403.

15. As set forth in the Petition, the Motion For Summary Judgment and the Project Agreement itself (at Paragraph II., as referred to in Paragraph 14 above), there is a provision in the contract that was <u>agreed to by the parties,</u> to the effect that <u>if</u> TITAN discontinued its :operations or … no longer maintains a tire manufacturing operation in or near Brownsville …" at any time after the execution of the "Agreement (February 27, 1997), any properties or assets held by TITAN … acquired with funds, in whole or in part (including such funds), provided by GBIC, "shall revert" to GBIC.

The Project Agreement speaks for itself and is attached to Defendant's motion at Ex. A. This testimony, to the extent it purports to describe the purpose of the Project Agreement is parol evidence and not admissible. *See supra.*

This testimony is conclusory and, therefore, inadmissible. *See supra.* The meaning of the contract is for the Court to decide.

Moreover, the evidence is irrelevant. *See* Fed. R. Evid. 403.

16. According to information received by GBIC, including but not limited to press release to this effect, a copy of which (the press release) was filed with the Court as Exhibit 3 of Plaintiff's Exhibits In Support Of Its Motion For Summary Judgment, TITAN publicly announced that its tire manufacturing operation in Brownsville would be consolidated (with all of its tire manufacturing operations) into its principal tire facility located in Des Moines, Iowa.

This information is not within the personal knowledge of the affiant. *See* Fed. R. Civ. P. 56 ( c) & (e). The press release speaks for itself and is not subject to Mr. Benson's interpretation.

Moreover, and more importantly, the press release is dated July 28, 2003, nearly two years after the Project Agreement terminated. Therefore, Mr. Benson's testimony is irrelevant. *See* Fed. R. Evid. 403.

17. This press release was augmented by recent advertisement that appeared in The Brownsville Herald reflecting that "limited quantities" of tires could be purchased, as part of a "year end inventory liquidation," at the TITAN facility in Brownsville, a copy of which (the advertisement) was filed with the Court as Exhibit 5 of Plaintiff's Exhibits In Support Of Its Motion For Summary Judgment.

Other than Mr. Benson's statement that such a document was filed with the Court, the testimony is irrelevant and inadmissible. *See* Fed. R. Evid. 403.

18. As such, TITAN <u>discontinued</u> its operations in Brownsville and "no longer maintains a tire manufacturing operation in or near Brownsville" (as is set forth in the provision above [referred to in Paragraph 15]).

This statement is not within Mr. Benson's personal knowledge and is irrelevant. *See* Fed. R. Civ. P. 56 ( c) & (e); Fed. R. Evid. 403.

This testimony is conclusory: Mr. Benson is attempting to testify to the ultimate issue for this Court to decide.

19. Thus, two of the reasons (or contingencies) to invoke the said provision (in Paragraph II. of the Project Agreement) have occurred, and therefore the land conveyed by GBIC to TITAN (subject to the said condition), and the improvements thereon (to the extent same has also been financed by GBIC), has <u>reverted</u> to GBIC, under the pursuant to the Project Agreement.

This statement is not within Mr. Benson's personal knowledge and is irrelevant. *See* Fed. R. Civ. P. 56 ( c) & (e); Fed. R. Evid. 403.

This testimony is conclusory: Mr. Benson is attempting to testify to the ultimate issue for this Court to decide.

20. Therefore, GBIC, as set forth in the said claim letter, invoked the reversion clause and sought the return of the land (which "shall revert," according to that clause) it purchased for TITAN and that portion of the improvements thereon paid for by GBIC.

This statement is not within Mr. Benson's personal knowledge and is irrelevant. *See* Fed. R. Civ. P. 56 ( c) & (e); Fed. R. Evid. 403.

This testimony is conclusory: Mr. Benson is attempting to testify to the ultimate issue for this Court to decide.

21. In that TITAN did not respond to the said claim letter by acknowledging the reversion clause or that the reversion clause was activated by TITAN's action to discontinue its operations in Brownsville, it became apparent that TITAN was not going to honor its obligation to GBIC under the Project Agreement (under that clause), necessitating the judicial enforcement of the reversion clause, to confirm the reversion of the land and improvements, resulting in a suit for declaratory relief being filed, seeking that relief, in addition to costs of court and attorney fees.

This sentence is not comprehensible. However, to the extent that Mr. Benson is attempting to testify that Defendant has an obligation or has failed to honor an obligation, the testimony is not within Mr. Benson's personal knowledge and is irrelevant. *See* Fed. R. Civ. P. 56 ( c) & (e); Fed. R. Evid. 403.

This testimony is conclusory: Mr. Benson is attempting to testify to the ultimate issue for this Court to decide. *See supra.*

22. In filing this case, the only issue is the matter of the reversion of the land and the improvements thereon, under the Project Agreement, according to the directives of the Board Of Directors of GBIC (the debt claim, as regards the said overpayment, and other matters are not at issue in this case).

The complaint and other pleadings in this case are for the Court to interpret. Mr. Benson cannot narrow the issues for the Court to decide.

23. Thus, GBIC filed suit to obtain a judicial declaration that under the Project Agreement (and related Special Warranty Deed), by virtue of TITAN removing its operations from Brownsville, such that it is no longer operating in Brownsville and longer maintains a tire manufacturing operation in or near Brownsville, the land and improvements operation in July of 2003 and suit was filed in November of 2003 (within four months), so it cannot be asserted that GBIC "slept on its rights."

This is an argument and an issue for the Court to decide. Mr. Benson may not testify to an ultimate legal issue.

24. As I understand this case, it only deals with the matter of the property and the title to same, under the reversion provision referred to above (in the Project Agreement), and I have been advised that the effort to enforce the contract (specifically the reversion clause), to require or mandate a transfer of land and the improvements on the land (judicially), is very similar to a suit for injunction or what has been referred to as "specific performance" of a contract.

This statement is based on Mr. Benson's "understanding" rather than his personal knowledge as required by Federal Rule of Civil Procedure Rule 56(e) ("affidavits shall be made on personal knowledge"). Therefore, this statement is improper and inadmissible. It must be stricken.

Neither Mr. Benson's conclusions nor the advice he has received are relevant to this case. Fed. R. Evid. 403.

26. TITAN has not set forth any basis whatsoever for GBIC's claims in this case not to be enforced and reduced to judgment, regardless of various affirmative defenses asserted, which GBIC contends are groundless, inapplicable or both (for the reasons set forth below).

This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide.

27. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of waiver/ estoppel for the reason that GBIC has not, at any time, knowingly or voluntarily waived any of its rights under the Project Agreement (or at law) to enforce the reversion that is at issue in this case.

This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide.

28. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of laches for the reason that TITAN discontinued its Brownsville tire manufacturing operation in July of 2003 and suit was filed in November of 2003 (within four months), so it cannot be asserted that GBIC "slept on its rights."

This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide.

| | |
|---|---|
| 29. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of an arbitration agreement for the reason that this case does not involve a dispute under the contract (for debt and the like) but involves (only) a judicial confirmation of a right that's has already come into existence by the fulfillment of a condition or contingency under that contract, to-wit, a reversion of land and improvements as a result of a failure to continue a tire manufacturing operation in Br0ownsville, this suit being in the nature of equitable (e.g., injunctive) relief (fundamentally, a matter that can only be resolved by court). | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 30. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of GBIC's alleged failure to mitigate damages for the reason that this case does not involve a damage claim; this case is limited to declaratory and related relief. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 31. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of GBIC's alleged failure to comply with its duties and obligations under the contract for the reason that GBIC has performed all of its duties under the Project Agreement, and it is TITAN that does not acknowledge its duties under the contract at issue in the only particular at issue in this case, to-wit, the acceptance of the reversion of the land and improvements arising under the contract. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |

| | |
|---|---|
| 32. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of GBIC's alleged delay in the construction of the tire manufacturing plant for the reason that GBIC has never invoked that item (construction completion) as a basis for a reversion (although that is another basis in the same provision of the contract for such a reversion to arise0 and GBIC could not, since it was not acting as a contractor, delay the construction, plus GBIC has always acted to expedite the project (the plant) as it was in the mutual interest of the parties to do so (such as adding funds for additional site development credits, at TITAN's request). | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 33. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of GBIC allegedly failing to provide all incentives promised to TITAN for the reason that this case does not involve a damage claim (this case is limited to declaratory and related relief), but GBIC awarded all incentives set forth in the Project Agreement that TITAN was entitled to receive, in accordance with the Project Agreement. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 34. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of TITAN complying with the Project Agreement, which terminated (i.e., expired) prior to this case being filed, for the reason that this case does not involve a damage (debt) claim, the only issue in <u>this</u> case is TITAN complying with the Project Agreement in regard to the reversion of the land and the improvements (by recognizing ad acknowledging the reversion), and the expiration of a contract's term does not nullify the terms of the contract— particularly where there is no time limit on the provision at issue in the contract. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |

| | |
|---|---|
| 35. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of frustration for the reason that this case does not involve a damage claim and TITAN did <u>not</u> have to discontinue its Brownsville manufacturing operation: it did so knowingly and voluntarily, thus invoking (by its own action) the reversion clause of he Project Agreement. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 36. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of accord and satisfaction, or satisfaction, for the reason that GBIC has not entered into any new agreements with TITAN regarding the subject of the said Project Agreement (Or Special Warranty Deed) | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 37. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of (statute of) limitations for the reason that TITAN discontinued its Brownsville tire manufacturing operation in July of 2003 and this suit was filed November of 2003 (within four months), so it cannot be asserted that GBIC's claim in the instant case barred by limitations. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 38. TITAN cannot preclude GBIC's claims for declaratory and related relief on the basis of "illusory contract": for the reason that that contract reflected the agreement of the parties in writing, executed after months of "arm's length" negotiations and involving sophisticated parties represented by counsel, supported by substantial consideration as to both parties, including the reversion clause (which was the "basis for the bargain" [at least in part]). | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |

| | |
|---|---|
| 39. TITAN cannot preclude GBIC's claim for declaratory and related relief on the basis of "failure of condition precedent' for the reason that the Project Agreement does not contain a "condition precedent" provision as such, GBIC preformed all of its obligations under Project Agreement—in accordance with its terms—and the condition precedent—if this refers to the event giving rise to the reversion (the discontinuance of operations at the said tire manufacturing facility and/or the failure to maintain an ongoing tire manufacturing facility in Brownsville);did in fact occur. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |
| 40. Accordingly, TITAN has not presented a valid affirmative defense that bars or precludes GBIC's action (its prima facie case) for declaratory and related relief. | This statement is an inadmissible opinion on an ultimate legal issue. It is merely Mr. Benson's opinion. This is an issue for the Court to decide. |

                                            Respectfully submitted,

                                            RODRIGUEZ & NICOLAS, L.L.P.

                                            By:_____
                                            Michael Rodriguez
                                            State Bar No.00791553
                                            Federal I.D. No. 18759
                                            Henri E. Nicolas, Jr.
                                            State Bar No. 24014808
                                            Federal ID No. 26052
                                            319 East Elizabeth Street
                                            Brownsville, Texas  78520
                                            Telephone:  (956) 574-9333
                                            Facsimile:  (956) 574-9337

## CERTIFICATE OF CONFERENCE

I, Henri E. Nicolas, Jr., do hereby, certify that on September 10, 2004 I contacted the Plaintiff's counsel, Mr. Brian Janis regarding this response and motion. Mr. Janis is opposed.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on July 21, 2004 been forwarded to:

**VIA REGULAR MAIL & HAND DELIVERY**
Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

**VIA FIRST CLASS MAIL & FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

_____
Henri E. Nicolas, Jr.