IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
FILED
OCT 1 9 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, § § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. B-03-224 |
| § § | |
| TITAN INTERNATIONAL, INC., § | |
| Defendant § | |

## TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXHIBITS TO ITS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TITAN INTERNATIONAL, INC., DEFENDANT, and files this Motion to Strike Plaintiff's Supplemental Exhibits To Its Motion For Summary Judgment and would show the Court the following:

Long after filing its motion for summary judgment and almost a week after Defendant filed its response to Plaintiff's motion for summary judgment and cross motion for summary judgment, Plaintiff filed its Supplemental Exhibits To Its Motion For Summary Judgment. The evidence consisting of printouts of Defendant's website and newspaper articles from the Brownsville Herald is inadmissible.

**I.   Exhibits 7-9 are inadmissible evidence under Rule 56**

The Federal Rules of Civil Procedure clearly spell out what is evidence for purposes of a motion for summary judgment under Rule 56 – "depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .." Fed. R. Civ. P. 56 (c). Moreover, Rule 56 limits an affidavit to the "personal knowledge" of the affiant

that would be admissible under the Federal Rule of Evidence. *See* Fed. R. Civ. P. 56 (e) (stating that "affidavits shall be made on personal knowledge" and "shall set forth such facts as would be admissible in evidence"). Plaintiff has simply foisted these documents on the Court with no affidavit or other indicia of credibility, admissibility or value. These documents should be excluded because they are not supported by depositions, answers to interrogatories, admissions on file, or affidavits in support of a motion for summary judgment as required by Rule 56.

II.     **Exhibits 7-9 are inadmissible because they are irrelevant**

Federal Rules of Evidence Rule 401 defines relevant evidence:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Obviously, evidence which does not meet the relevancy standard is irrelevant and, therefore, not admissible. Fed. R. Evid. 402.

This case is about whether the duration or term clause found in Section V of the Project Agreement terminated the contract and obligations on October 31, 2001. Nothing in either exhibit 7,8, or 9 addresses the issue of the Project Agreement or the duration clause found therein.

III.    **Exhibit 9 is inadmissible -- without personal knowledge, hearsay, irrelevance, and speculation**

Defendant further objects to the newspaper articles on the basis of lack of personal knowledge, hearsay, irrelevance, and speculation. As already stated, evidence must be admissible to be considered at summary judgment stage. *See* Fed. R. Civ. P. 56(e); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir.1991); *see also Buffin*

*TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE*                                                                2
*PLAINTIFF'S SUPPLEMENTAL EXHIBITS TO*
*ITS MOTION FOR SUMMARY JUDGMENT*

*v. Bowles*, No. Civ.3:99-CV-1386-H, 2000 WL 575216, at *2 (N.D. Tex. May 11, 2000) (granting defendant's motion to strike newspaper articles submitted by plaintiff in support of plaintiff's motion for summary judgment). Regardless of whether newspaper articles are self-authenticating under Fed. R. Evid. 902(6), *Price v. Rochford*, 947 F.2d 829, 833 (7th Cir.1991); *Orloff v. Cleland*, 708 F.2d 372, 378 n. 6 (9th Cir.1983), they are inadmissible hearsay.[1] *Buffin*, 2000 WL 575216, at *2.

Therefore, Defendant requests that Plaintiff's Supplemental Exhibits To Its Motion For Summary Judgment be stricken.

> Respectfully submitted,
>
> RODRIGUEZ & NICOLAS, L.L.P.
>
> By: /s/ Michael Rodriguez
> Michael Rodriguez
> State Bar No.00791553
> Federal I.D. No. 18759
> Henri E. Nicolas, Jr.
> State Bar No. 24014808
> Federal ID No. 26052
> 319 East Elizabeth Street
> Brownsville, Texas 78520
> Telephone: (956) 574-9333
> Facsimile: (956) 574-9337

---

[1] Newspaper articles "may be considered to the extent they are being offered not to prove the truth of the matters asserted, but only that they were reported." *Buffin*, 2000 WL 575216, at *2. Defendant agrees that these newspaper articles were written; however, whether these articles were written is not a material issue in this case. Therefore, these articles are irrelevant and inadmissible under the Federal Rules of Evidence.

*TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE*   3
*PLAINTIFF'S SUPPLEMENTAL EXHIBITS TO*
*ITS MOTION FOR SUMMARY JUDGMENT*

## CERTIFICATE OF CONFERENCE

I, Henri E. Nicolas, Jr., do hereby, certify that on October 19th, 2004, I contacted the Plaintiff's counsel, Mr. Brian Janis regarding **TITAN INTERNATIONAL, INC.'S, MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXHIBITS TO ITS MOTION FOR SUMMARY JUDGMENT**. Mr. Janis is opposed.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on October 19th, 2004 been forwarded to:

**VIA REGULAR MAIL & HAND DELIVERY**
Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

**VIA REGULAR MAIL & FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

_____
Henri E. Nicolas, Jr.