```
                                                United States District Court
                                                 Southern District of Texas
                                                         FILED
         UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF TEXAS              OCT 29 2004
             BROWNSVILLE DIVISION
                                                Michael N. Milby, Clerk of Court
```

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § | CIVIL ACTION |
| Plaintiff | § § | |
| VS. | § | NO. B-03-224 |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

**<u>PLAINTIFF'S MOTION FOR ORDER THAT MATTERS ARE ADMITTED</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and moves this Court for (1) an order that certain facts (to be admitted) set forth in GBIC's Request For Admissions to TITAN INTERNATIONAL, INC., hereinafter "TITAN," as set forth below, are deemed admitted, as TITAN's responses to GBIC's Request do not comply with the requirements of Rule 36 (a) of the Federal Rules Of Civil Procedure, and (2) an award of expenses in this matter pursuant to Rule 37 (a)(4) of the Federal Rules Of Civil Procedure.

In support of this Motion, GBIC would respectfully show the following:

I.

Background

A.

GBIC served on TITAN, on April 16, 2004, pursuant to Rule 36 of the Federal Rules Of Civil Procedure, a request to admit the following facts (which are taken from GBIC's First Request For Admissions [Nos. 8-12], which is Exhibit 1 to this Motion, which is set forth in a document filed with the Court with this Motion and incorporated by reference herein as if fully copied and set forth at length):

1.

TITAN TIRE CORPORATION OF TEXAS is not only a subsidiary of TITAN INTERNATIONAL, INC. (TITAN), it is (or was) the manager of the tire manufacturing facility in Brownsville at issue in this proceeding, acting on behalf of TITAN INTERNATIONAL, INC., the parent of or the holding company for TITAN TIRE CORPORATION OF TEXAS.

2.

TITAN TIRE CORPORATION OF TEXAS conducted its business entirely in Texas and operated a tire manufacturing facility -- owned by it and/or TITAN INTERNATIONAL, INC. -- in Brownsville, Cameron County, Texas.

3.

TITAN TIRE CORPORATION OF TEXAS and/or TITAN INTERNATIONAL, INC. (TITAN), no longer operate a tire manufacturing facility in Brownsville, Cameron County, Texas (i.e., neither entity is manufacturing tires at the said Brownsville facility).

4.

TITAN INTERNATIONAL, INC. (TITAN), publicly announced, as reflected by Exhibit "C" to Plaintiff's Original Petition, that it was going to consolidate its _entire_ tire manufacturing operations in Des Moines, Polk County, Iowa.

5.

At no time did TITAN INTERNATIONAL, INC. (TITAN), or TITAN TIRE CORPORATION OF TEXAS advise GBIC (or its agents) about or seek the permission of GBIC (or its agents) to enter into the said financing/loan transactions involving the property that was sold to TITAN INTERNATIONAL, INC.'s (TITAN's) predecessor, TITAN WHEEL INTERNATIONAL, INC., which land and the building thereon is the subject of this case.

\*     \*     \*

B.

TITAN served on GBIC, on or about June 2, 2004, a response to said request for admission of (in part) the aforesaid facts (listed in Subparagraph A. above), pursuant to Rule 36 of the Federal Rules Of Civil Procedure, which contained the following responses to the aforesaid facts (which are taken from TITAN's Responses To GBIC's First Request For Admissions [Nos. 8-12], which is Exhibit "2" to this Motion, which is set forth in a document filed with the Court with this Motion and incorporated by reference herein as if fully copied and set forth at length):

1.

TITAN TIRE CORPORATION OF TEXAS is not only a subsidiary of TITAN INTERNATIONAL, INC. (TITAN), it is (or was) the manager of the tire manufacturing facility in Brownsville at issue in this proceeding, acting on behalf of TITAN INTERNATIONAL, INC., the parent of or the holding company for TITAN TIRE CORPORATION OF TEXAS.

**RESPONSE**: Deny.

2.

TITAN TIRE CORPORATION OF TEXAS conducted its business entirely in Texas and operated a tire manufacturing facility -- owned by it and/or TITAN INTERNATIONAL, INC. -- in Brownsville, Cameron County, Texas.

**RESPONSE**: Due to the wording of the Request For Admissions, Defendant cannot either admit or deny.

3.

TITAN TIRE CORPORATION OF TEXAS and/or TITAN INTERNATIONAL, INC. (TITAN), no longer operate a tire manufacturing facility in Brownsville, Cameron County, Texas (i.e., neither entity is manufacturing tires at the said Brownsville facility).

**RESPONSE**: Deny.

4.

TITAN INTERNATIONAL, INC. (TITAN), publicly announced, as reflected by Exhibit "C" to Plaintiff's Original Petition, that it was going to consolidate its entire tire manufacturing operations in Des Moines, Polk County, Iowa.

**RESPONSE**: Deny.

5.

At no time did TITAN INTERNATIONAL, INC. (TITAN), or TITAN TIRE CORPORATION OF TEXAS advise GBIC (or its agents) about or seek the permission of GBIC (or its agents) to enter into the said financing/loan transactions involving the property that was sold to TITAN INTERNATIONAL, INC.'s (TITAN's) predecessor, TITAN WHEEL INTERNATIONAL, INC., which land and the building thereon is the subject of this case.

**RESPONSE**: Deny.

\*            \*            \*

II.

Contentions

A.

GBIC avers that TITAN's responses -- set forth above -- are false and incorrect, as they are completely contrary to records derived from TITAN itself, which are available, as a publicly - traded corporation (TITAN), to the general public. In other words, TITAN deliberately and without good cause failed to admit the foregoing facts, which are matters of substantial importance in this case.

B.

Further, TITAN's responses constitute an effort to avoid the obvious and mislead, requiring the proof of such facts at a hearing or trial, unless the Court were to deem such facts admitted, under Rule 36 of the Federal Rules Of Civil Procedure, pursuant to this


Motion, as such responses do not comply with the requirements of Rule 36.

C.

The second response above indicates that TITAN "does not know how to respond," despite the fact that Rule 36 provides a method to do so, and the request is written in plain English (i.e., it is quite clear as to what is requested).

D.

There was no objection stated by TITAN to GBIC's Request For Admissions.

E.

Every fact denied (above) is contradicted by the exhibits submitted with the pleadings in this case, particularly a TITAN press release, an advertisement placed by or on behalf of TITAN and TITAN's own website (Exhibits 3, 5, 7 and 8 to GBIC's Motion For Summary Judgment). Specifically, comparing the denied facts (to be admitted) to the said exhibits:

1 - Titan Tire Corporation (of Texas, and in general) is a subsidiary of TITAN, which was the manager of the Brownsville plant, acting on behalf of TITAN (Titan Tire Corporation's parent).

2 - Titan Tire Corporation Of Texas conducted its business entirely in Texas and operated a tire manufacturing facility -- owned by it and/or TITAN -- in Brownsville.

3 - Titan Tire Corporation and/or TITAN no longer operate a tire manufacturing facility in Brownsville (i.e., neither entity is manufacturing tires at the said Brownsville facility).

4 - TITAN publicly announced [as reflected by an exhibit to Plaintiff's Original Petition and the Motion For Summary Judgment] that it was going to consolidate its entire manufacturing operations in Des Moines, Iowa.

5 - At no time did TITAN or Titan Tire Corporation Of Texas advise GBIC (or its agents) about or seek the permission of GBIC (or its agents) to enter into the financing/loan transactions involving the property sold to TITAN (which land and building thereon is the subject of this case).

F.

GBIC contends, in summary, that TITAN's responses to GBIC's Request For Admissions are not sufficient, and do not comply with the requirements of Rule 36 of the Federal Rules Of Civil Procedure. Accordingly, GBIC filed this Motion to have such facts, set forth in the request (and the response), deemed admitted in all particulars.

G.

GBIC further contends that under Rule 37 (a) (4) of the Federal Rules Of Civil Procedure, it is entitled to and does request an award of its expenses in having to bring this Motion to address the issue of blatantly false and incorrect responses to its request for admission, involving matters of substantial importance (as set forth above).

H.

GBIC also contends that by virtue of the said press release of TITAN, the advertisement of (or on behalf of) TITAN and the various matters set forth in the excerpt from TITAN's corporate website

(the said exhibits), the facts to be admitted set forth in the request for admission (and the response to same) should not only be deemed admitted, for the foregoing reasons, but same (the facts) should also be admitted into evidence under the Federal Rules Of Evidence, particularly Rule 201 (Judicial Notice Of Adjudicative Facts), as well as the following:

1 - Rule 801 (d) (2) (Definitions [Hearsay]: Admission by party-opponent).

2 - Rule 803 (6) (Hearsay Exceptions: Records of regularly conducted activity).

3 - Rule 803 (7) (Hearsay Exceptions: Absence of entry in records kept in accordance with the provisions of paragraph [6] [above] [i.e., there is no record of TITAN (or for that matter GBIC) reflecting "permission" as regards the said financing/loan transaction, referred to in Request For Admission No. 12]).

4 - Rule 803 (17) (Hearsay Exceptions: Market reports, commercial publications [regarding the newspaper/website articles set forth as Exhibit 9, as well as the TITAN press releases]).

5 - Rule 804 (b) (3) (Hearsay Exceptions: Statement against interest).

\*             \*             \*

WHEREFORE, GBIC respectfully requests that the Court, on hearing this motion, grant its Motion For Order That Matters Are Admitted, it be ordered that the facts set forth in GBIC's Request For Admissions (specified in this Motion) are deemed admitted

PLAINTIFF'S MOTION FOR ORDER THAT MATTERS ARE ADMITTED - PAGE 8

against TITAN, TITAN be ordered to pay the reasonable expenses incurred by GBIC having to make this Motion and that GBIC be awarded its costs and attorney fees incurred in this motion proceeding against TITAN, and GBIC have such other and further relief to which it may be justly and equitably entitled.

DATED this 29TH day of October, 2004.

                                  Respectfully submitted,

                                  GREATER BROWNSVILLE INCENTIVES
                                    CORPORATION, Plaintiff

BY: _____
                                Brian G. Janis

                                Southern District Of Texas
                                Federal Admissions ID. No. 1201
                                (Texas State Bar No. 10570300)

                                ATTORNEY-IN-CHARGE FOR PLAINTIFF

                                100 North Expressway 83
                                Brownsville, Texas 78521-2284
                                Telephone: 956/546-3731
                                Telefax: 956/546-3766

## CERTIFICATE OF CONFERENCE

This is to confirm that GBIC, acting through its undersigned counsel, conferred with TITAN, acting through its counsel, on several occasions, the last conference occurring on October 14, 2004, in a good faith effort to resolve the matter in dispute, and that TITAN's counsel could not agree to the requested relief set forth in this Motion or with this Motion (itself).

_____
Brian G. Janis

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing GBIC's Motion For Order That Matters Are Admitted has been served upon Michael Rodriguez, counsel of record for TITAN, at 319 East Elizabeth Street, Brownsville, Texas 78520, by mailing same United States Mail, postage prepaid and properly addressed, and by hand-delivering same, on this 29th day of October, 2004.

_____
Brian G. Janis