UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 15 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § § § § § § § | CIVIL ACTION |
| Plaintiff | | |
| VS. | | NO. B-03-224 |
| TITAN INTERNATIONAL, INC., | | |
| Defendant | | |

**PLAINTIFF'S MOTION FOR ANCILLARY INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, GREATER BROWNSVILLE INCENTIVES CORPORATION, hereinafter "GBIC," by and through its undersigned counsel, and moves this Court for ancillary injunctive relief, supplementing the pending request in this proceeding for declaratory relief, under Texas law (this case having been removed to federal court from state court), as well as Rule 65 of the Federal Rules Of Civil Procedure; in support of this Motion, GBIC would respectfully show the following:

I.

Background

A.

GBIC entered into a Project Agreement, involving the financing of a tire manufacturing facility in or near Brownsville, Texas, with TITAN, as of February 27, 1997 in Brownsville, and was to provide funding for TITAN:

> "... to enable the initiation of a tire manufacturing operation in or near Brownsville, to enhance economic development and create jobs thereby." ¶ I.

B.

A true and correct copy of the Project Agreement is filed contemporaneously with this Motion (as a separate exhibit) as Exhibit "1" and incorporated by reference herein as if fully copied and set forth at length. As reflected by this Exhibit, the Project Agreement was recorded in the Official Records of Cameron County, Texas at Volume 9555, Page 295, <u>et seq.</u>

C.

Under the Project Agreement, which explicitly refers to a conveyance of land by GBIC for the use of TITAN, as evidenced by a Special Warranty Deed, dated as of February 28, 1997 (which was filed with this Court as an exhibit to Plaintiff's Original Petition), the land was granted, sold and conveyed to TITAN by GBIC.

D.

However, this conveyance is <u>subject to</u> other provisions of the said Project Agreement, such as the third (unnumbered) subparagraph of Paragraph II. (entitled "Disbursement Of Funds"), at Page 4 of the Agreement, which reads as follows:

> "The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., <u>discontinues operations</u> or is dissolved or liquidated or <u>no longer maintains a tire manufacturing operation in or near Brownsville</u>, ... from

PLAINTIFF'S MOTION FOR ANCILLARY INJUNCTIVE RELIEF - PAGE 2

the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall <u>revert</u> to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall <u>not</u> be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business) ... ." ¶ II. (emphasis added).

E.

This provision of the Project Agreement is the crux of GBIC's request for declaratory relief in this civil action (i.e., that the land at issue and the improvements thereon have <u>reverted</u> to GBIC, as explained in greater detail in GBIC's prior pleadings, such as Plaintiff's Original Petition and Plaintiff's Motion For Summary Judgment).

F.

In regard to such provision of the Project Agreement, a notice/demand (letter) was forwarded to TITAN about the foregoing contractual provision and GBIC's interpretation of that provision, a true and correct copy of which (the said letter) is filed contemporaneously with this Motion (as a separate exhibit) as Exhibit "2" and incorporated by reference herein as if fully copied and set forth at length.

II.

## Request For Injunctive Relief

A.

In addition to the original request for declaratory relief to resolve the controversy between the parties in this action (as set forth in prior pleadings of the parties), GBIC also seeks ancillary injunctive relief to enforce the latter portion of the contractual provision (set forth above), to maintain the status quo relative to such property, and to bar and preclude any conveyance or transfer of such land or improvements by TITAN.

B.

As reflected by the Affidavit Of Jason C. Hilts, the President/CEO of the Brownsville Economic Development Council, Inc. (BEDC), TITAN previously "transferred" title to the property, in violation of that contractual provision (that is, without obtaining the consent of GBIC) for the purpose of a financing/lease-back, and it has been brought to his attention that TITAN is marketing the property or a portion of same in order to sell the same.

C.

This is a clear violation of the said contractual provision and is contrary to the (prior) reversion of the property (i.e., the property is no longer the property of TITAN and same cannot be conveyed to a third party). The point that there is a prohibition, under the Project Agreement, against the alienation of such

property, was set forth in the said notice/demand letter (Exhibit "2," at Page 3 [in the last paragraph]).

D.

The reason for this request for injunctive relief is that it is an appropriate method of enforcing the said provision (i.e., the prohibition against the alienation of the property without GBIC's consent) of the contract, so as to maintain the status quo, and if not so enforced, GBIC fears that TITAN will continue to attempt to sell the property and otherwise ignore this (said) contractual provision, and conceivably any related declarations of this Court, necessitating that the Court issue a temporary restraining order (ex parte) and a temporary (preliminary) injunction (after a hearing).

E.

Otherwise, GBIC will suffer from the inability to enforce the said contractual provision and the property could be sold to a third party or otherwise transferred without its consent, to the detriment of GBIC, a public entity -- and thus to the detriment of the taxpayers and residents of the City Of Brownsville -- in violation of GBIC's (and such taxpayers'/residents') personal and property rights.

F.

No harm or prejudice would result to TITAN, if such an order issued, which would only maintain the status quo and enable the

enforcement of the relevant provision of the Project Agreement, such that if there is no such order barring TITAN from making any transfers of such property, a subsequent ruling of this Court would be ineffective (i.e., after the fact).

G.

Otherwise, GBIC would not have an adequate remedy at law, and this would cause irreparable harm to GBIC. Plus, the Court would probably prefer to maintain "jurisdiction" over the property, pending its ruling on the request for declaratory relief.

H.

The requested injunctive relief is authorized by Sections 37.011 and 65.011 of the Texas Civil Practice And Remedies Code, which provide that:

> "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. ... . If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith." TEX. CIV. PRAC. & REM. CODE ANN. § 37.011 (Vernon 1997) (Supplemental Relief).

\*           \*           \*

> "A writ of injunction may be granted if: (1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant; (2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual; (3) the applicant is entitled to

a writ of injunction under the principles of equity and the statutes of this state relating to injunction; ... (5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law." TEX. CIV. PRAC. & REM. CODE ANN. § 65.011 (Vernon 1997) (Grounds Generally).

\*         \*         \*

WHEREFORE, GBIC respectfully requests that (1) the Court, on hearing this motion, grant its Motion For Ancillary Injunctive Relief, (2) it be ordered that TITAN, to maintain the status quo pending the resolution of this case, is barred and precluded from alienating, selling, conveying or transferring the property at issue in this civil action (its Brownsville tire plant) to any other party whatsoever, and (3) GBIC have such other and further relief to which it may be justly and equitably entitled.

DATED this 12th day of November, 2004.

Respectfully submitted,

GREATER BROWNSVILLE INCENTIVES
   CORPORATION, Plaintiff

BY: _____
Brian G. Janis

Southern District Of Texas
Federal Admissions ID. No. 1201
(Texas State Bar No. 10570300)

ATTORNEY-IN-CHARGE FOR PLAINTIFF

100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: 956/546-3731
Telefax: 956/546-3766

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | <u>VERIFICATION</u> |
| COUNTY OF CAMERON | § | |

    BEFORE ME, the undersigned Notary Public, on this day personally appeared ARNOLD BENSON, who, being by me duly sworn on his oath, deposed and said that: (1) he is the President of GBIC, Plaintiff in the above-entitled and numbered action; (2) he has been duly authorized to execute this Affidavit and have this motion filed on behalf of GBIC; (3) he has read the above and foregoing Plaintiff's Motion For Ancillary Injunctive Relief; and (4) every statement of fact contained therein is within his personal knowledge and is true and correct.

                                  GREATER BROWNSVILLE INCENTIVES
                                  CORPORATION

                      BY: _____
                                ARNOLD BENSON, President

    SUBSCRIBED AND SWORN TO BEFORE ME on this 9th day of November, 2004, to certify which witness my hand and official seal.

                          _____
                          Notary Public in and for
                          The State Of Texas

                *                *                *

## CERTIFICATE OF CONFERENCE

This is to confirm that GBIC, acting through its undersigned counsel, conferred with TITAN, acting through its counsel, on November 12, 2004, in a good faith effort to resolve the matter in dispute, and that TITAN's counsel could not agree to the requested relief set forth in this Motion or with this Motion (itself).



Brian G. Janis

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing GBIC's Motion For Ancillary Injunctive Relief has been served upon Michael Rodriguez, counsel of record for TITAN, at 319 East Elizabeth Street, Brownsville, Texas 78520, by mailing same United States Mail, postage prepaid and properly addressed, and by hand-delivering same, on this 15th day of November, 2004.

Brian G. Janis