UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES § | | CIVIL ACTION |
| CORPORATION, § | | |
| Plaintiff § | | |
| § | | |
| VS. § | | NO. B-03-224 |
| § | | |
| TITAN INTERNATIONAL, INC., § | | |
| Defendant § | | |

## TEMPORARY RESTRAINING ORDER

On the ____ day of November, 2004, GREATER BROWNSVILLE INCENTIVES CORPORATION (GBIC), an economic development corporation established under Article 5190.6 (Section 4A) of the Texas Revised Civil Statutes, Plaintiff in this action, filed a verified motion for ancillary injunctive relief, including a preliminary injunction, and in connection therewith, presented a request for a Temporary Restraining Order, as set forth in its (said) motion.

It clearly appears from the facts set forth in its verified motion that unless Defendant, TITAN INTERNATIONAL, INC. (TITAN), is immediately restrained from directly or indirectly selling, alienating, conveying or transferring the property -- purchased by GBIC but conveyed to TITAN for economic development purposes, under and pursuant to a Project Agreement, to establish a tire manufacturing operation (facility) in or near Brownsville, subject to reversion upon the occurrence of certain events -- pending a hearing on same, in derogation of GBIC's personal and property

TEMPORARY RESTRAINING ORDER - PAGE 1

rights, TITAN could and probably will commit the foregoing acts before notice can be given and a hearing is conducted on GBIC's motion for a preliminary injunction.

If the commission of such acts are not restrained immediately, GBIC will suffer irreparable injury because the said property, which is subject to reversion (as indicated above), and is the subject of this suit -- a request for declaratory relief regarding such reversion -- will (or could) be sold, alienated, conveyed or transferred, which will result in the violation of GBIC's personal and property rights, without cause, by TITAN, without other recourse or an adequate remedy at law.

IT IS, THEREFORE, ORDERED that TITAN, and its various officers, agents, servants, employees or counsel, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be, and hereby are, commanded forthwith to halt, desist and discontinue, directly or indirectly, selling, alienating, conveying or transferring that property -- purchased by GBIC but conveyed to TITAN for economic development purposes, under and pursuant to a Project Agreement, to establish a tire manufacturing operation (facility) in or near Brownsville, subject to reversion upon the occurrence of certain events -- from the date of entry of this Order and until and to the tenth (10th) day after entry of same, or until further orders of this Court.

IT IS, FURTHER, ORDERED that the motion of GBIC for a preliminary (temporary) injunction be heard before this Court on _____ \_\_\_\_, 2004, at _____ \_\_\_.M., at the United States Courthouse in Brownsville, Texas.

The Clerk of the above-entitled Court shall forthwith, on the filing by GBIC of the bond hereinafter required, for which a <u>check</u> of GBIC will constitute a sufficient cash deposit (i.e., without sureties) therefor, and on approval of same according to law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

This Temporary Restraining Order shall not be effective unless and until GBIC executes and files with the Clerk a bond, in conformity with the law, in the amount of _____ AND NO/100THS ($_____) DOLLARS, which can be provided by the said cash deposit (i.e., check) payable to the United States District Clerk (for the Southern District Of Texas) for deposit into the Court's Registry.

SIGNED this \_\_\_\_\_ day of November, 2004 at _____ \_\_\_.M. at Brownsville, Texas.

_____
U.S. MAGISTRATE JUDGE