United States District Court
Southern District of Texas
FILED

NOV 18 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § § | |

**TITAN INTERNATIONAL, INC.'S, RESPONSE TO PLAINTIFF'S MOTION FOR ORDER THAT MATTERS ARE ADMITTED**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Titan International, Inc., ("Titan" or "Defendant"), opposes each allegation and the relief sought in Plaintiff's Motion For Order That Matters Are Admitted.

I.  **Summary of Argument**

Plaintiff served requests for admission that can graciously be described as turgid. They are in fact nearly incomprehensible, consisting of compound sentences containing conjunctions and disjunctions in the same sentence. Try as Plaintiff might, Rule 36 affords no relief for its inartful questioning. Moreover, none of the requests for admission are even relevant to this litigation. Finally, Plaintiff does not even attempt to offer any evidence to counter Titan's response to Request No. 12,[1] apparently believing the Court will not notice. Titan truthfully and correctly responded to Plaintiff's Requests for Admission Nos. 8-12.

---

[1] In its motion, Plaintiff renumbers the Requests for Admission, sometimes referring to them as numbers 1-5 and at other times referring to them as numbers 8-12. In this response, Titan will refer to the requests as they were numbered in the Plaintiff's Requests for Admission, *i.e.* Nos. 8-12.

## II.   Plaintiff's Requests For Admission Are Inadequate

"As a threshold matter, a court must determine whether the statements set forth in a request for admissions satisfy the formal requirements of Rule 36: each request for admissions must be **direct, simple and limited to singular relevant facts.**" *See Herrera v. Scully*, 143 F.R.D. 545, 549 (D.C.N.Y. 1992) (quotations and citations omitted) (emphasis added). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." 8A WRIGHT, MILLER & MARCUS, *Federal Practice and Procedure* § 2258, at 546-47 (**ED. 19XXX WEST**); *see also United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 968 (3rd Cir. 1988).

Plaintiff's requests for admission, set forth below, wholly fail to satisfy this initial, threshold inquiry. The requests are anything but "direct, simple and limited to a singular relevant event." They are scattered, complex, and compound; moreover, they are not all relevant or even designed to lead to discovery of relevant evidence. Plaintiff is unable to satisfy the threshold inquiry of this Court; therefore, Plaintiff's motion should be denied.

## III.   Titan Properly Responded to Each Request For Admission

Should the Court decide that Plaintiff's Requests For Admission are in fact direct, simple and limited to singular relevant events, Titan properly responded to the requests. By failing to meet these threshold requirements and filing its motion, Titan is now forced to do exactly what the rules are designed to prevent: provide an explanation for their responses. Titan addresses Request Nos. 8-12, first setting out the request and response then explaining the response.

**8.   TITAN TIRE CORPORATION OF TEXAS is not only a subsidiary of TITAN INTERNATIONAL, INC., (TITAN), it is (or was) the manager of the tire**

manufacturing facility in Brownsville at issue in this proceeding, acting on behalf of TITAN INTERNATIONAL, INC., the parent of or the holding company for TITAN TIRE CORPORATION OF TEXAS.

**RESPONSE:**

**Deny**

      Titan properly denied this request for admission as it is phrased. First, the request includes incorrect statements about the corporate relationship between Titan International, Inc. and Titan Tire Corporation of Texas. Moreover, the request uses "manager" and "acting on behalf of" as terms of art that are not defined. Using the common meanings of these words, the request does not accurately reflect the relationship between Titan International, Inc. and Titan Tire Corporation of Texas.

9.     TITAN TIRE CORPORATION OF TEXAS conducted its business entirely in Texas and operated a tire manufacturing facility -- owned by it and/or TITAN INTERNATIONAL, INC. -- in Brownsville, Cameron County, Texas.

**RESPONSE:**

**Due to the wording of the Request for Admission, defendant cannot either admit or deny.**

      Titan properly denied this request for admission as it is phrased. This request for admission incorporates issues related to (1) Titan Tire Corporation of Texas's business, (2) the location of that business, and (3) the ownership of the plant. Again, this request is scattered, complex, and compound. It cannot be answered as written.

10.     TITAN TIRE CORPORATION OF TEXAS and/or TITAN INTERNATIONAL, INC. (TITAN), no longer operate a tire manufacturing facility in Brownsville, Cameron County, Texas (i.e., neither entity is manufacturing tires at the said Brownsville facility).

**RESPONSE:**

**Deny**

This request fails to satisfy the threshold requirements stated above. It includes a conjunction and disjunction, immediately making the question impossible to answer. Moreover, it contains terms that are not defined. Lastly, Titan continues to "operate" a tire manufacturing facility in Brownsville. Therefore, Titan has properly answered the question.

Plaintiff attaches exhibits 3, 4, and 5 to its motion in an attempt to demonstrate that Titan is not operating a tire manufacturing facility in Brownsville. Exhibit 5 consists of press releases and news articles from the local newspaper and the internet. Those press releases and articles are not evidence in this case.[2]

Nor do exhibits 3 and 4 to Plaintiff's motion contradict Titan's response to Request No. 10. For example, in Plaintiff's exhibit 4 Plaintiff underlines the statement "Brownsville, Texas, functions as a distribution and warehouse site." Titan does in fact use the Brownsville facility for distribution and warehouse purposes; it also operated a tire manufacturing facility there. The two are not mutually exclusive.

**11.    TITAN INTERNATIONAL, INC. (TITAN), publicly announced, as reflected by Exhibit "C" to Plaintiff's Original Petition, that it was going to consolidate its entire tire manufacturing operations in Des Moines, Polk County, Iowa.**

**RESPONSE:**

**Deny**

The request inaccurately represents the language and totality of the press release. The press release, although irrelevant, "speaks for itself." The press release and Titan's response to this request are not mutually exclusive.

---

[2] On October 19, 2004, Titan filed a Motion To Strike Plaintiff's Supplemental Exhibits To Its Motion For Summary Judgment requesting that these press releases and articles be stricken. Plaintiff has not responded to that motion, although the response date was November 8, 2004. Pursuant to Southern District of Texas Local Rule 7.4, "Failure to respond **will be** taken as a representation of no opposition." (emphasis added). The mandatory language of the local rule requires both that Titan's motion is unopposed and that the press releases and newspaper articles be stricken.

12. At no time did TITAN INTERNATIONAL, INC., (TITAN), or TITAN TIRE CORPORATION OF TEXAS advise GBIC (or its agents) about or seek the permission of GBIC (or its agents) to enter into the said financing/loan transactions involving the property that was sold to TITAN INTERNATIONAL, INC.'s (TITAN'S) predecessor, TITAN WHEEL INTERNATIONAL, INC., which land and the building thereon is the subject on this case.

**RESPONSE:**

**Deny**

This Request for Admission is the most scattered, complex and compound of all. Yet, Titan truthfully responded. GBIC has produced no evidence to contradict Titan's response. None of the exhibits attached to Plaintiff's motion contain any information regarding financing, loans, or mortgages. There is absolutely no basis for this request to be deemed admitted.

**IV. Conclusion**

For the Foregoing reasons, Plaintiff's motion should be denied in its entirety. However, if the Court is inclined to grant Plaintiff's motion, Titan respectfully requests the Court take the less drastic measure of ordering Plaintiff to rephrase its requests in a manner that is **direct, simple and limited to singular relevant facts**. Moreover, Titan requests the Court not deem the requests admitted and instead order "an amended answer be served." Fed. R. Civ. P. 36(a). Attorneys' fees should not be awarded considering Plaintiff's unreasonably complex questions and Titan's good faith attempt to honestly respond.

WHEREFORE, PREMISES CONSIDERED, Defendant, Titan International, Inc. respectfully requests that this Court deny Plaintiff's Motion For Order That Matters Are Admitted.

Respectfully submitted,

RODRIGUEZ & NICOLAS, L.L.P.

By: _____
Michael Rodriguez
State Bar No.00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

## CERTIFICATE OF CONFERENCE

A response to a motion does not require a certificate of conference.

_____
Henri E. Nicolas, Jr.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on November 18, 2004 been forwarded to:

**VIA FIRST CLASS MAIL & HAND DELIVERY**
Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

**VIA FIRST CLASS MAIL & FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

_____
Henri E. Nicolas, Jr.