United States District Court
Southern District of Texas
FILED

NOV 2 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION,<br>Plaintiff<br>VS.<br><br>TITAN INTERNATIONAL, INC.,<br>Defendant | §<br>§<br>§<br>§ CIVIL ACTION NO. B-03-224<br>§<br>§<br>§<br>§ |

## TITAN INTERNATIONAL, INC.'S, RESPONSE TO PLAINTIFF'S MOTION FOR ANCILLARY INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, TITAN INTERNATIONAL, INC., DEFENDANT ("Titan" or "Defendant"), and files this Response to Plaintiff's Motion for Ancillary Injunctive Relief. In support thereof Defendant would show the Court the following:

Titan has not listed the Brownsville Plant at issue in this litigation with any realtor. Titan has not entered into any agreement to sell the Brownsville Plant. Titan has not sold the Brownsville Plant. There is no imminent and irreparable injury which would justify any form of injunction in this case.

**I.   What relief is Plaintiff seeking?**

Plaintiff Greater Brownsville Incentives Corporation's ("GBIC" or "Plaintiff") has filed a motion for some form of unspecified injunctive relief. Plaintiff asks for various forms of relief throughout its motion and brief, and in this regard, Plaintiff's motion does not qualify as fair notice of the relief being sought. Moreover, Plaintiff's

motion is conspicuously devoid of any law or analysis.

Plaintiff cites Rule 65, presumably of the Federal Rules of Civil Procedure, but fails to clarify whether it is seeking relief under Rule 65(a) which governs preliminary injunctions or Rule 65(b) which governs temporary restraining orders.

Later in its brief, Plaintiff states it is seeking "ancillary injunctive relief to enforce the latter portions of the contractual provision . . . ." Pl.'s Mot., II.A. In another portion of the brief, Plaintiff argues "injunctive relief is . . . an appropriate method of enforcing the said provision . . . necessitating that the Court issue a temporary restraining order (ex parte) and a temporary (preliminary) injunctive (after a hearing)." Pl.'s Mot., II.D.

Plaintiff also cites Texas Civil Practice and Remedies Code §§37.011 and 65.011 as grounds for relief, despite the fact that these are procedural. A federal court sitting in diversity applies federal procedure and state substantive law. It is entirely inappropriate to cite Texas procedural law in this case.

Finally, Plaintiff filed a proposed order captioned "Temporary Restraining Order."

Plaintiff is unable to prove any of the basic elements required for any form of injunctive relief in federal court.

## II. Plaintiff fails to state a claim for any form of injunctive relief and state law does not apply here.

Temporary restraining orders and preliminary injunctions are extraordinary remedies and must be supported by specific findings of the court. *Placid Oil Co. v. United States Dept. of Interior,* 491 F.Supp. 895, 904 (N.D. Tex. 1980). In this case, Plaintiff has the heavy burden to clearly show that a preliminary injunction should be

granted. *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir. 1991); *Kern River Gas Transmission v. Coastal Corp.,* 899 F.2d 1458, 1462 (5th Cir. 1990); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 809 (5th Cir. 1989); *Hardin v. Houston Chronicle Publ'g Co.,* 572 F.2d 1106, 1107 (5th Cir. 1978). Thus, to successfully obtain a preliminary injunction, GBIC must demonstrate:

> (1) a substantial likelihood of success on the merits of its claim;
> (2) a substantial threat of irreparable injury or harm for which there is no adequate remedy at law;
> (3) that the threatened injury to GBIC outweighs any harm that the injunction might cause to Titan; and
> (4) that the injunction will not disserve the public interest.

*DSC Communications Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996); *Cherokee Pump & Equip., Inc. v. Aurora Pump,* 38 F.3d 246, 249 (5th Cir. 1994); *Canal Auth. of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974).

Relief must be denied unless the facts and law clearly favor the moving party. *See Canal Auth. of Florida,* 489 F.2d at 573. **Therefore, if GBIC fails to meet its burden on any one of the four required elements, this Court must deny injunctive relief.** *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir. 1985); *see also Clements Wire & Mfg. Co. v. NLRB,* 589 F.2d 894, 897 (5th Cir. 1979). Titan addresses each element in turn.

### a. GBIC cannot show substantial likelihood of success on the merits of its claim.

Plaintiff does not address this element in its brief. Titan filed its motion for summary judgment on November 23, 2004, on the dispositive motion deadline. Titan argues that a summary judgment must be granted in its favor because (1) Plaintiff has

failed to respond to Titan's motions to strike Plaintiff's evidence and Titan's cross-motion for summary judgment and (2) Plaintiff's claim is barred because the alleged breaching conduct occurred twenty five months after the Project Agreement expired. Plaintiff simply cannot get around the fact that there is a clear, unambiguous duration clause in the Project Agreement ending the contract on October 31, 2001. Nor can Plaintiff get around the fact that Texas law does not recognize "breaches" that occur after the termination of a contract. *Griffin Indus., Inc. v. Foodmaker, Inc.*, 22 S.W.3d 33, 36 (Tex. App. Houston [14th Dist.] 2000, pet. denied); *Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 246 F. Supp. 2d 632, 638 (S.D. Tex. 2003), *reversed by* No. 03-20264, 2004 WL 2491725 at *3 (5th Cir. September 10, 2004); *Mangione v. Government Personnel Mut. Life Ins. Co.*, NO. 04-01-00655-CV, 2002 WL 1677457, at *3 (Tex.App. — San Antonio July 24, 2002, *rev. denied*) (not designated for publication) ("Because the Confidentiality Agreement expired sixty days after its execution, GPM's **actions after that time are irrelevant**. . . We hold the expiration clause in the Confidentiality Agreement is unambiguous, and expired sixty days after its execution.") (citations omitted) (emphasis added).

In short, Plaintiff cannot demonstrate a likelihood of success, much less the **substantial likelihood of success** required by Fifth Circuit precedent.

### b. GBIC cannot show a substantial threat of irreparable injury or harm for which there is no adequate remedy at law.

As an initial matter, the "irreparable harm" test and the "likelihood of success" test must be balanced. Plaintiff is not likely to succeed in this case. The likelihood of success being marginal, Plaintiff must make a showing of extreme irreparable harm.

They cannot. Plaintiff filed this lawsuit over a year ago on November 10, 2003. Plaintiff harps on the fact that Titan has had a financing arrangement with General Electric Capital Corporation since 1998, yet GBIC has known about that for years even before the financing arrangement was executed. *See Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 969 (2nd Cir. 1995) (stating that a delay of thirteen months before seeking a preliminary injunction negated the claim of irreparable injury).

Irreparable harm cannot be either speculative or remote, but must be both actual and imminent. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). In this case, Plaintiff cannot show imminent harm. Even Mr. Hilts, president of Brownsville Economic Development Council and the affiant who supports Plaintiff's motion, admitted there is no deal to sell the Brownsville Plant:

> Q. And to your knowledge, that deal for the sale of the property is not going to go forward. There's no offer and acceptance.
> A. I don't know anything more than what I told you.
> Q. From what Mr. Kohl told you, there's no sale of the property.
> A. Not at this time, as far as I know, no.

Hilts Depo., 25:25-26:8, attached at Exhibit 2. Mr. Hilts could identify one potential buyer, but he admitted there was no sale and that a sale was not in progress. Mr. Benson, GBIC's president, testified at his deposition that he did not have any direct knowledge of a sale of the Brownsville Plant. Benson Depo., 45:20-46:4, attached at Exhibit 3. A potential sale, a rumored sale, or speculation of a sale simply are not sufficient to meet this requirement.

### c. Balance of hardships – GBIC cannot show that the threatened injury to it outweighs any harm that the injunction might cause to Titan.

An improperly granted injunction would present an undue and extreme hardship

to Titan, especially in light of the Plaintiff's marginal likelihood of success. For example, Plaintiff seeks an injunction not merely prohibiting a sale of or transfer of title to the property but also of Titan's right to consider offers, show the property to potential buyers, or negotiate future sales, all of which are perfectly permissible under any interpretation of the Project Agreement. This would be an extreme hardship on Titan especially in this economic environment – Titan could lose a potential future buyer then win this lawsuit.

GBIC, on the other hand, does not stand to lose anything. First, it does not have a viable claim. Second, GBIC has a legal remedy for any possible injury.

**d. An injunction will disserve the public interest.**

First, GBIC's motion must be denied for failing to meet any of the first three requirements. Nevertheless, GBIC cannot satisfy this requirement. It is not in the interest of the public to alienate free transfers of property, much less enjoining Titan from considering offers and showing the plant to people who want might consider purchasing it in the future.

**III.   Special temporary restraining order requirements**

In the event the Court issues a temporary restraining order preventing Titan from entertaining offers to purchase the Brownsville Plant, Titan seeks a reasonable and sufficient bond to protect its interests. Titan's legitimate concern is that the Court issue a temporary restraining order, Titan misses the opportunity to even meet with a potential buyer, then Titan wins the case, but the potential buyer is no longer interested in the Brownsville Plant.

The bond should be set at the value of the Brownsville Plant -- $30,000,000.

Only a bond in that amount could adequately protect Titan from a wrongfully issued injunction. In the event of wrongfully issued injunction, Titan's only recourse will be the bond and no other remedy. Therefore, the bond should be in an amount adequate to cover Titan's possible damages.

### IV.     Special considerations for a temporary injunction

In the event the Court decides to consider whether a temporary injunction should be issued, Titan requests the Court consolidate the hearing on preliminary injunction with the trial on the merits, pursuant to Rule 65(a)(2). Currently, the Court will hear argument on dispositive motions on December 9, 2004, and hold trial in January.

### V.      Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant, Titan International, Inc. respectfully requests that this Court deny Plaintiff's motion for ancillary injunctive relief.

Respectfully submitted,

RODRIGUEZ & NICOLAS, L.L.P.

By: /s/ Michael Rodriguez
Michael Rodriguez
State Bar No.00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

## CERTIFICATE OF CONFERENCE

A certificate of conference is not required for a response.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on November 23, 2004 been forwarded to:

**FACSIMILE & HAND DELIVERY**
Brian G. Janis
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 telephone
(956) 546-3766 facsimile

**FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
(956) 548-6011 telephone
(956) 546-4291 facsimile

_____
Henri E. Nicolas, Jr.