IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 3 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, §<br>Plaintiff §<br>VS. §<br>§<br>§<br>TITAN INTERNATIONAL, INC., §<br>Defendant § | CIVIL ACTION NO. B-03-224 |

# TITAN INTERNATIONAL, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, TITAN INTERNATIONAL, INC., DEFENDANT ("Titan" or "Defendant"), and files this Motion to Dismiss Pursuant to Rule 12(b)(7). In support thereof Defendant would show the Court the following:

In the event that this Court does not grant Titan's motion for summary judgment, Titan requests dismissal of this matter in its favor for the following reason:

**I.     This Case Should Be Dismissed for Plaintiff's Failure to Join Necessary and Indispensable Parties**

Greater Brownsville Incentives Corporation ("GBIC" or "Plaintiff") has failed to join two necessary and indispensable parties to this lawsuit, General Electric Capital Corporation ("G. E. Capital") and Titan Tire Corporation of Texas ("Titan Texas"), despite knowing of those parties existence and representing to the Court that Plaintiff would amend its petition to add them.[1] That alone is sufficient to dismiss this case.

Plaintiff is well aware that G. E. Capital is the actual owner of the property which

---

[1]     At the March 29, 2004, hearing on Plaintiff's motion to remand, Plaintiff represented that it would amend its petition to enter Titan of Texas. *See* Docket #19.

is the subject of this lawsuit. After entering into a lease agreement, on May 21, 1998 Titan Texas and Titan International, Inc. (collectively the "Grantor") entered into a Deed of Trust, Assignment and Security Agreement with G. E. Capital transferring all of the Grantor's rights, title and interest in and to the property upon which this lawsuit is based.[2]

Plaintiff's failure to join G. E. Capital and Titan Texas requires this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(7). If there is at least one party: (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party), then the Court must dismiss pursuant to Rule 12(b)(7). *James v. Valvoline, Inc.*, 159 F.Supp.2d 544, 550 (S.D. Tex. 2001).

### a. Necessary Parties To Litigation

"Federal Rule of Civil Procedure 19(a) sets forth three scenarios under which a non party may be necessary: (1) the inability to accord complete relief among those already parties, (2) the absent party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest, or (3) the absent party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id.*

G. E. Capital and Titan Texas are necessary parties to this lawsuit. Complete relief is not possible for GBIC without G. E. Capital and Titan Texas joined as parties to

---

[2] The G. E. Capital financing documents, which were produced to Plaintiff, are attached to Defendant's Responses to Plaintiff's First Set of Request for Production of Documents, attached hereto at Exhibit 1.

the lawsuit. Furthermore, the absent party, as true owner, has a legally protected interest in the outcome of the litigation.

### b. Joinder Is Not Feasible

Joinder is not feasible in this case because the deadline to join parties has passed. Furthermore, joinder of Titan Texas, a Texas corporation, would destroy diversity jurisdiction.

### c. Indispensable Parties To Litigation

Both Titan Texas and G. E. Capital are indispensable parties. Four practical considerations must be examined when determining whether a party is indispensable: (1) an assessment of the prejudicial effect of a judgment rendered in the absence of a party that cannot be joined, (2) consideration of the extent to which prejudice may be minimized by limiting the relief granted, (3) whether judgment rendered in the party's absence will be adequate, and (4) the presence of an adequate forum if the action is dismissed. *Doty v. St. Mary Parish Land Company*, 598 F.2d 885, 887-89 (5th Cir. 1979).

A judgment rendered in GBIC's favor in the absence of Titan Texas and G. E. Capital would be prejudicial and inadequate. The main prejudicial effect to Titan and GBIC is that any decision by this Court will very likely lead to further litigation involving the current and absent parties – a ruling in GBIC's favor in this litigation will inevitably lead to further litigation. It is impossible to minimize, by limiting the relief granted, the prejudice caused because Plaintiff seeks a judicial declaration that the land (including the improvements thereon) conveyed by Plaintiff to Titan has reverted to Plaintiff.

Furthermore, it is impossible to suggest that a judgment rendered in GBIC's favor without Titan Texas and G. E. Capital present in the lawsuit would be adequate. *See Provident Tradesmens Bank & Trust Co. v. M. Patterson*, 390 U.S. 102, 110 (1968) ("Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered."). In *Doty*, the Fifth Circuit considered the adequacy of a judgment rendered in a lessee's absence by examining the possibility of multiple litigation and the resulting inconsistent obligations. *See Doty* at 888. The Court came to conclusion that the lawsuit could not proceed without the missing parties and held that dismissal by the district court was proper. *Id.*

## II. Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant, Titan International, Inc. respectfully requests that this Court grant Titan's Motion to Dismiss Pursuant to Rule 12(b)(7) in the event the Court does not grant Titan's motion for summary judgment.

Respectfully submitted,

RODRIGUEZ & NICOLAS, L.L.P.

By: _____
Michael Rodriguez
State Bar No.00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

## CERTIFICATE OF CONFERENCE

I, Henri E. Nicolas, Jr., do hereby, certify that on November 22, 2004 I contacted the Plaintiff's counsel, Mr. Brian Janis regarding this response and motion. Mr. Janis is opposed.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below on November 30, 2004 been forwarded to:

**VIA REGULAR MAIL & HAND DELIVERY**
Brian G. Janis
Brian G. Janis, P.C.
1325 Palm Blvd., Suite B
Brownsville, Texas 78520
Telephone (956) 541-2168
Facsimile (956) 541-8663

**VIA REGULAR MAIL & FACSIMILE**
James R. Goza
City Attorney, City of Brownsville, Texas
P.O. Box 911
Brownsville, Texas 78522
Telephone (956) 548-6011
Facsimile (956) 546-4291

_____
Henri E. Nicolas, Jr.