IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES | § | |
| CORPORATION, | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## EXHIBITS IN SUPPORT OF
## TITAN INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT

| EXHIBIT NUMBER | EXHIBIT |
|---|---|
| 1 | Affidavit of Cheri Holley |
| 2 | Affidavit of Ken Lefoldt |
| 3 | Docket Sheet B-03-224 |
| 4 | Deposition Transcript of A. Benson |
| 5 | Deposition Transcript of J. Hilts |

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES | § | |
| CORPORATION, | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## AFFIDAVIT OF CHERI T. HOLLEY
## IN SUPPORT OF TITAN INTERNATIONAL, INC.'S
## MOTION FOR SUMMARY JUDGMENT; MOTION FOR ENTRY OF FINAL
## JUDGMENT; AND ALTERNATIVELY MOTION FOR
## DISMISSAL WITH PREJUDICE

Before me, the undersigned notary, on this day, personally appeared Cheri T. Holley, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

1.    "My name is Cheri T. Holley; I serve as General Counsel for Titan International, Inc. The business address for Titan International, Inc. is 2701 Spruce Street, Quincy, Illinois 62301. I am over the age of 18 and have never been convicted of a felony. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    I have reviewed the true and correct copies of the Project Agreement, attached hereto at Exhibit 1, and the Specialty Warranty Deed, attached hereto as Exhibit 2.

3.    I also have personal knowledge of the business conducted by Titan International, Inc.

*Affidavit Of Cheri T. Holley*
*In Support Of Titan International, Inc.'s*
*Motion For Summary Judgment*

1

**EXHIBIT**
1

4.      Titan International, Inc., is a publicly traded company with subsidiaries that produce off-highway tires and rims for the agricultural, construction and military sectors. In the mid-nineties, Titan International, Inc. was considering developing a tire manufacturing plant in Texas. Titan negotiated with GBIC, among others, and reached an agreement regarding incentives to be paid to Titan in exchange for construction of a tire plant in Brownsville. The negotiations resulted in the execution of the Project Agreement that was signed on or about November 7, 1997, but made effective as of February 1997.

5.      The Project Agreement was intended to last five years. Section V. of the Project Agreement contains the following language:

### Term of Agreement
**The term of this Agreement shall be five (5) years, commencing November 1, 1996, and ending October 31, 2001.**

6.      Titan's efforts to comply with the Project Agreement were immediately frustrated. Plant construction was delayed approximately two years pending the outcome of litigation regarding the proximity of the plant to the Palo Alto Battleground, a National Historic Site.

7.      The delay caused irreparable harm to Titan. The approximately two year delay in construction coincided with a strike at Titan's flagship plant. Had the Brownsville plant not been delayed, Titan would have been able to continue full-scale production simply by shifting production from Iowa to Brownsville. Instead, Titan lost manufacturing capacity.

8.  Nonetheless, Titan constructed and opened the tire manufacturing operation at 6700 Paredes Line Road.

9.  As general counsel of Titan International Inc., I had conversations with Brian Janis in his capacity as counsel for Greater Brownsville Incentives Corporation during the negotiations of the Project Agreement in which we discussed the financing arrangement Titan would be entering with General Electric Capital Corporation. Throughout the process GBIC and its representatives always knew of Titan's intention with respect to financing.   Nevertheless, under the terms of the Project Agreement Titan was not required to communicate the financing arrangement because it was executed in the ordinary course of business.

10.    In July 2003, the tire manufacturing operation in Brownsville had a mass layoff of employees pursuant to the WARN Act. The tire manufacturing operation has never been discontinued, dissolved, or liquidated. It is being maintained until it becomes economically feasible to again produce tires there in mass quantities.

FURTHER AFFIANT SAYETH NOT:

Dated: 11/22/04                            _Cheri T. Holley_
                                              Cheri T. Holley

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF ADAMS          )

        Subscribed and sworn to before me, the undersigned Notary Public, this 22nd day of November, 2004.

                              _____
                                   Notary Public

                         "OFFICIAL SEAL"
                         JENNIFER L. CRAMM
                         NOTARY PUBLIC, STATE OF ILLINOIS
                         MY COMMISSION EXPIRES 1/8/2006

THE STATE OF TEXAS                §
                                  §
COUNTY OF CAMERON                 §

### PROJECT AGREEMENT

THIS Project Agreement is made this 27th day of February, 1997 in Brownsville, Cameron County, Texas, between the GREATER BROWNSVILLE INCENTIVES CORPORATION, a Texas non-profit corporation established pursuant to Article 5190.6 of the Texas Revised Civil Statutes, having a principal place of business at 1 Market Square, Brownsville, Cameron County, Texas 78522, and TITAN WHEEL INTERNATIONAL, INC., an Illinois business corporation, having a principal place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, regarding funding for the establishment of a tire manufacturing operation in Brownsville, as follows:

I.

### Use Of Funds

The proceeds provided by this Agreement are to be used by TITAN WHEEL INTERNATIONAL, INC. "to enable the initiation of a tire manufacturing operation in or near Brownsville, and to enhance economic development and create jobs thereby," to be itemized in the schedules or plans for same to be provided to the GREATER BROWNSVILLE INCENTIVES CORPORATION, which Project is to be funded in part by the foregoing proceeds (the said funds having been "leveraged" to obtain additional funding for same).

TT.

### Disbursement Of Funds

Such funds will be disbursed in accordance with the following provisions. Assuming compliance with the terms of this Agreement by TITAN WHEEL INTERNATIONAL, INC., such that TITAN WHEEL INTERNATIONAL, INC., is required to create 500 "new jobs" (375 during the first year after construction of the facility for the "Project," 75 during the second year thereafter and 50 during the third year thereafter) over the term of this Agreement (as a condition to funding hereunder), the GREATER BROWNSVILLE INCENTIVES CORPORATION shall pay to TITAN WHEEL INTERNATIONAL, INC., the following:

A - As a "Site Development Credit," the sum of $1,000,000.00, to be paid not in cash but in the form of a grant of a site (of



**EXHIBIT**

**1**

PROJECT AGREEMENT - PAGE 1

Doc- 00005176 Bk Vol CR 9555 Pg 295

real property, up to 200 acres) north of Brownsville for use
as a facility for this "project" (the "plant" for TITAN), such
land to be acquired (at a closing to be conducted in the near
future) by the GREATER BROWNSVILLE INCENTIVES CORPORATION,
constituting part of the "site improvement expense" of TITAN
WHEEL INTERNATIONAL, INC., at its new Brownsville area
facility, as defined by guidelines of the GREATER BROWNSVILLE
INCENTIVES CORPORATION, incurred at the said Brownsville
facility (as limited above);

B - As a "Site Development Credit," the sum of $1,000,000.00, paid
sixty (60) days after presentation of the relevant invoices,
reflecting the amount which is ONE-HUNDRED PER CENT (100%) of
the (non-land acquisition) "site improvement expense" for
TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines
of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at
the new Brownsville facility of TITAN WHEEL INTERNATIONAL,
INC. (as limited above);

C - As an additional "Site Development Credit," the sum of
$460,001.00, paid sixty (60) days after presentation of the
relevant invoices, reflecting the amount which is ONE-HUNDRED
PER CENT (100%) of additional (non-land acquisition) "site
improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as
defined by the guidelines of the GREATER BROWNSVILLE
INCENTIVES CORPORATION, for (1) a 1/4 mile access road, and
(2) a facility parking lot, incurred at the new Brownsville
facility of TITAN WHEEL INTERNATIONAL, INC. (as limited
above), it being provided, however, that the sum of
$692,862.00 will be paid directly to the Public Utilities
Board (i.e., through the City Of Brownsville) for
miscellaneous "site improvement expenses" for TITAN WHEEL
INTERNATIONAL, INC., as defined by the guidelines of the
GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) extending
water/sewer lines to the site, (2) the purchase of water
rights, and (3) acreage charges, which is subject to
reimbursement (to GBIC) on receipt of funds from pending grant
applications under the auspices of the CITY OF BROWNSVILLE
(with the U.S. Economic Development Administration);

D - As yet an additional (and final) "Site Development Credit,"
the sum of $680,000.00 (or if less, the maximum cost of
240,000 cubic yards of dirt, as explained below), paid sixty
(60) days after presentation of the relevant invoices,
reflecting the amount which is ONE-HUNDRED PER CENT (100%) of
additional (non-land acquisition) "site improvement expenses"
for TITAN WHEEL INTERNATIONAL, INC., as defined by the
guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION,

PROJECT AGREEMENT - PAGE 2

for acquiring fill dirt (the local provider of which is to be identified publicly) to elevate the ground level and to provide a sufficient base for the construction of the buildings and improvements required for the contemplated manufacturing operation of TITAN WHEEL INTERNATIONAL, INC., in or near Brownsville, Texas (as limited above), noting further that the sum of $300,000.00 of the aforesaid sums (i.e., the "site development expenses" payable to TITAN hereunder) is to be paid, instead, to the CITY OF BROWNSVILLE for the "EDA Jose Escandon Road Project," which project is being funded by the CITY for the benefit of TITAN and is to involve some reimbursement or payment from the U.S. Economic Development Administration, and that TITAN must first expend its (own) budgeted funds ($50,000.00) for such fill dirt (and invoices for same must be provided to GBIC) before any of the said funds above (in this sub-paragraph) are expended, and moreover, while GBIC will pay for such fill dirt, it (and the CITY) is not responsible for problems or disputes involving quantity, quality, time of service or method of delivery, or the delivery (to the extent possible, the providers of fill dirt should be from Brownsville or its extraterritorial jurisdiction, for which TITAN will submit a signed contract for same, along with proof of all necessary permits for the site and a Texas Department Of Transportation [required] Traffic Control Plan);

E – As a "Lease/Building Assistance Credit," the sum of $1,712,500.00, paid pro-rata (i.e., annually) over the three years of this Agreement referred to above, after construction of the said facility for the "Project," (i.e., $687,500.00, $737,500.00 and $287,500.00), reflecting the "lease expense" (or the equivalent of such expense to construct a building for manufacturing use) for facilities of TITAN WHEEL INTERNATIONAL, INC. (i.e., 50%, 35% and 20%), as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above), during the said term of this Agreement, subject to the right to carryover funds not used in the first or second years to the third year; and

F – As a "Job Creation Credit," the sum of $975,000.00, paid pro-rata (i.e., annually), in the sum of $780,000.00, $117,000.00 and $78,000.00, reflecting the amount which is TEN (10%) PER CENT of the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as

PROJECT AGREEMENT - PAGE 3

limited above), during the said three (3) years of this Agreement.

The maximum amount of reimbursement is not to exceed (for all credits hereunder) $13,040.73 per "new job created" at TITAN WHEEL INTERNATIONAL, INC. (in or near Brownsville, Texas only), during the term of this Agreement, in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, provided that the GREATER BROWNSVILLE INCENTIVES CORPORATION has first verified and approved the amount of the "site improvement expenses," the "lease/building expense" and the "annual non-principal wages," and the "new jobs created" are valid, continuous and in force for at least ninety (90) days -- as determined at the close of the second quarter of the relevant year -- which amounts are not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 (noting that $692,862.00 will be paid directly to the Public Utilities Board, by and through the City Of Brownsville), $680,000.00 (or if less, the cost of 240,000 cubic yards of dirt), $1,712,500.00 and $975,000.00, respectively, over the term of this Agreement (i.e., five years).'

The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, or if TITAN WHEEL INTERNATIONAL, INC., does not commence such construction within eleven (11) months, does not commence hiring and training for the plant within ten (10) months (involving Spend Skills Development Training dollars, which must be spent in Brownsville), or does not commence operations within two (2) years in or near Brownsville, from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business), and, to avoid commingling or problems with tracing such funds, TITAN WHEEL INTERNATIONAL, INC., shall segregate, for accounting and other similar purposes, all funds (and properties) received from the GREATER BROWNSVILLE INCENTIVES CORPORATION and from other sources.

PROJECT AGREEMENT - PAGE 4

III.

## Consideration

In consideration of the establishment of a tire manufacturing operation in or near Brownsville, Cameron County, Texas, pursuant to this Agreement, which will create jobs, facilitate commerce and trade and improve the economic infrastructure and labor force of the area, thus enhancing economic development, the stated goal of the GREATER BROWNSVILLE INCENTIVES CORPORATION, said entity will finance, for the benefit of TITAN WHEEL INTERNATIONAL, INC., the said "Site Development Credits," "Lease/Building Assistance Credit" and "Job Creation Credit," to enable the initiation of a tire manufacturing operation in or near Brownsville, funding part of the "cost" of a "project" for economic development thereby, as such terms are described and defined in Article 5190.6 of the Texas Revised Civil Statutes, the said CORPORATION's authorizing legislation, same having been found by the said CORPORATION's Board Of Directors "to be required or suitable for the promotion of development and expansion of manufacturing and industrial facilities, ... distribution centers [etc.] ... ."

The foregoing credits are supplemented by other incentives provided by the State Of Texas and other entities, as reflected by the listing annexed hereto as Exhibit "A" and incorporated by reference herein (the total amount of incentives including the said credits), it being understood by the parties to this Project Agreement that the GREATER BROWNSVILLE INCENTIVES CORPORATION (and by extension, the CITY OF BROWNSVILLE) does not control the provision of such incentives (by the State Of Texas and other entities) and has no responsibility for the provision of same, as reflected by Paragraph XV. (and other provisions) of this Project Agreement.

IV.

## Performance Of Agreement

In providing a tire manufacturing operation in or near Brownsville, TITAN WHEEL INTERNATIONAL, INC., acting by and through its respective agents, will conduct itself in conformity with the requirements and standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION. To this extent, TITAN WHEEL INTERNATIONAL, INC., will perform all acts necessary to successfully fulfill the purpose of this Agreement and shall, at all times, faithfully, industriously and to the best of its abilities, experience and talents, perform all the duties that may be required of and from it pursuant to the express and implicit terms hereof and to the reasonable satisfaction of the GREATER BROWNSVILLE INCENTIVES CORPORATION.

PROJECT AGREEMENT – PAGE 5

In a manner calculated to achieve the goals of the GREATER BROWNSVILLE INCENTIVES CORPORATION in enhancing economic development and to maximize the value of the said CORPORATION's investments in various economic development projects, pursuant to the policies set by the CORPORATION's Board Of Directors from time to time, TITAN WHEEL INTERNATIONAL, INC., shall keep the said CORPORATION apprised of the status of the said Project, to insure compliance with this Agreement. To this extent, on a quarterly basis, TITAN WHEEL INTERNATIONAL, INC., shall prepare and send to the GREATER BROWNSVILLE INCENTIVES CORPORATION, by and through its Board Of Directors, a report showing the activities conducted pursuant to this Agreement during the preceding quarter and setting forth an accounting of funds received and expended pursuant to this Agreement during the preceding quarter, with each such report showing the cumulative expenses and revenues for the preceding quarter together with all prior quarters during the term of this Agreement, as well as "employment levels" for all such quarters.

TITAN WHEEL INTERNATIONAL, INC., shall have a "review" audit of all funds and activities of this Project prepared annually by a Certified Public Accountant (which auditor may be employed by the company), a copy of which shall be presented to the GREATER BROWNSVILLE INCENTIVES CORPORATION within ninety (90) days of the close of the said company's fiscal year, and further, the said company will provide a copy of its proposed and adopted budgets regarding this Project to the GREATER BROWNSVILLE INCENTIVES CORPORATION as soon as same can be (reasonably) forwarded to the CORPORATION. Additionally, the said company will make available for inspection, at a reasonable time and place, at the request of the CORPORATION, any or all of the said company's financial and payroll records as same relates to this Project, provided however, that all of such records will be deemed "confidential" and not released to third parties (pursuant to the Texas Open Records Act).

V.

## Term Of Agreement

The term of this Agreement shall be five (5) years, commencing November 1, 1996 and ending October 31, 2001.

VI.

## Termination

This Agreement may be terminated for cause (including the failure to comply with the requirements or standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION, or any action constituting a

PROJECT AGREEMENT - PAGE 6

breach of the terms of this Agreement) by either party, as appropriate, or by mutual agreement of the parties, or in the event of any occurrence (e.g., bankruptcy, dissolution or governmental action, as appropriate) precluding either party from performing the obligations contemplated under this Agreement. In the event of the termination of this Agreement for any reason prior to the expiration of the term of this Agreement, the parties shall be entitled to all compensation earned by them through the effective date of termination, as appropriate, and any remedies available at law or in equity, which rights and remedies shall survive the termination of this Agreement.

VII.

Indemnity

TITAN WHEEL INTERNATIONAL, INC., shall indemnify, protect and hold harmless the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, from any and all liabilities, claims, demands, actions, losses, damages and costs, including all costs of defense thereof, of any nature whatsoever, for injury to or death of persons or loss or damage to property, or for any other reason, including economic or environmental loss of any kind, in any manner arising out of or connected with the performance of TITAN WHEEL INTERNATIONAL, INC., under this Agreement, or arising out of the execution of or performance (or non-performance) of this Agreement, and including claims and actions based upon the acts or omissions of TITAN WHEEL INTERNATIONAL, INC., or its shareholders, directors, officers, agents, employees, representatives, parents, subsidiaries, affiliates, related holding companies, successors, assigns and insurers.

Upon demand, TITAN WHEEL INTERNATIONAL, INC., shall, at its own expense, defend the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, against any and all such liabilities, claims, demands, actions, losses, damages and costs. Moreover, TITAN WHEEL INTERNATIONAL, INC., shall give the GREATER BROWNSVILLE INCENTIVES CORPORATION prompt notice of any claim within its knowledge that in any way, directly or indirectly, affects either party. Both parties shall have the right to participate in the defense of such claim to the extent of their interests.

PROJECT AGREEMENT - PAGE 7

VIII.

Insurance

Both parties agree to obtain insurance (to the extent available) in the type and amount deemed advisable to protect their respective interests. To this extent, the parties agree to provide insurance for their respective conveyances, equipment, facilities and instrumentalities, as appropriate.

IX.

Status Of Parties

The parties hereto shall not be construed to have the relationship of partners, joint venturers, principal-agent or employer-employee. The parties hereto are separate entities who enter into this Agreement for their respective benefit.

X.

Compliance With Law

The parties will act, at all times, in compliance with all pertinent and applicable laws.

XI.

Entire Agreement

This Agreement contains the entire agreement between the parties relating to the rights herein granted and the obligations herein assumed, and supersedes any prior understandings, representations, memorandums or agreements regarding the service relationship that is the subject of this Agreement. Any oral representations or modifications concerning this instrument shall be of no force or effect. This Agreement may be amended, provided that no amendment, modification or alteration of the terms of this Agreement shall be binding unless the same is in writing and duly executed by the parties hereto.

XII.

Law Governing; Venue

This Agreement shall be governed by and construed in accordance with the laws of the State Of Texas (and where applicable, the laws of the United States Of America), and, the

PROJECT AGREEMENT - PAGE 8

obligations and undertakings of each of the parties to this Agreement shall be performable in Cameron County, Texas.

## XIII.

### No Waiver

Any waiver by any party of any default under or breach of this Agreement shall not be construed as a continuing waiver of such default or breach, nor as a waiver of or permission for (express or implied) any other or subsequent default or breach.

## XIV.

### No Assignment

This Agreement shall not be assigned in whole or in part by either party without the consent and approval of the other party, set forth in writing and signed by both parties. Any assignee will be bound by the terms of this Agreement.

## XV.

### No Warranties Or Representations

The parties to this Agreement specifically acknowledge that the GREATER BROWNSVILLE INCENTIVES CORPORATION (or by extension, the CITY OF BROWNSVILLE) shall not be obligated to pay any funds to TITAN WHEEL INTERNATIONAL, INC., beyond the (contingent) payments contemplated by this Agreement, as set forth above, which are not to exceed the sum that is: $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00 (as set forth above) for the "site improvement expenses," $1,712,500.00 for the "lease/building expense" and $975,000.00 for the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., and/or the sum representing $13,040.73 per "new job created," in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION -- for the "Site Development Credits" (not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00, as set forth above), for the "Lease Assistance Credit" (not to exceed the sum of $1,712,500.00), and for the "Job Creation Credit" (not to exceed the sum of $975,000.00).

NO WARRANTY OR REPRESENTATION OF ADDITIONAL PAYMENTS OR FUNDING OR CREDIT OR THE EXTENSION OF CREDIT HAS BEEN MADE, IS BEING MADE OR WILL BE MADE BY THE GREATER BROWNSVILLE INCENTIVES CORPORATION (OR THE CITY OF BROWNSVILLE). FURTHERMORE, NO WARRANTY OR REPRESENTATION OF ANY KIND WHATSOEVER IS BEING MADE BY THE

PROJECT AGREEMENT - PAGE 9

GREATER BROWNSVILLE INCENTIVES CORPORATION OR TITAN WHEEL INTERNATIONAL, INC., IN CONNECTION WITH THE EXECUTION OR PERFORMANCE OF THIS AGREEMENT, except to the extent set forth in this instrument.

## XVI.

### Parties Bound

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective heirs, legal representatives, successors and assigns, as appropriate.

## XVII.

### Notices

Any notice to either party shall be sent by certified or registered mail, addressed to the parties as set forth above, at their respective addresses set forth above or such other address as may be designated.

## XVIII.

### Invalidity

If any term, provision, covenant or condition of this Agreement is held by a tribunal of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Moreover, it is the intention of the parties to this Agreement that in lieu of each clause or provision of this Agreement that is held to be invalid, void or unenforceable, there be added as a part of this Agreement a clause or provision as similar in terms to such invalid, void or unenforceable clause or provision as may be feasible which shall nevertheless be valid, legal and enforceable.

## XIX.

### Arbitration

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR INVALIDITY THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT AND THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, USING ONE ARBITRATOR -- SUCH ARBITRATION TO BE CONDUCTED IN BROWNSVILLE, CAMERON COUNTY, TEXAS,

IN THE ENGLISH LANGUAGE -- AND A JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

XX.

### Attorney Fees

If any proceeding is initiated to resolve a dispute arising under or relating to this Agreement by either of the parties hereto, it is expressly agreed that the prevailing party shall be entitled to recover from the other party reasonable attorney fees and expenses in addition to any other relief that may be awarded.

XXI.

### Construction Of Instrument

Each of the parties hereto have been represented by the attorneys of their choice in the negotiation and drafting of this Agreement. Accordingly, this Agreement shall not be construed in favor of either party.

XXII.

### Authority

The parties to this Agreement, to-wit, TITAN WHEEL INTERNATIONAL, INC., and the GREATER BROWNSVILLE INCENTIVES CORPORATION, specifically warrant and represent that the signatories below are authorized to act on behalf of the respective party to this instrument, that the signatories have been specifically authorized to execute this Project Agreement by said parties in accordance with the requisite corporate formalities of each such party, that the execution of this instrument by said signatories constitutes the binding act of each such party to this instrument and that the execution of this instrument and the adoption of same by each party is authorized by law.

EXECUTED in duplicate (as revised) on the ___7th___ day of November, 1997 at Brownsville, Cameron County, Texas.

GREATER BROWNSVILLE INCENTIVES CORPORATION

BY: _Eduardo R. Rodriguez_
Eduardo R. Rodriguez, President

PROJECT AGREEMENT - PAGE 11

ATTEST:

_____
.Irv Downing, Secretary

TITAN WHEEL INTERNATIONAL, INC.

BY: _____
Gary Carlson, Vice-President

ATTEST:

Name: _____
Title: _____

PROJECT AGREEMENT - PAGE 12



## CERTIFICATE OF CITY SECRETARY

THE STATE OF TEXAS          §
COUNTY OF CAMERON       §
CITY OF BROWNSVILLE     §


    I, Inelda T. Garcia, the duly appointed, qualified City Secretary of the City of Brownsville, Texas, do hereby certify that the above and foregoing is a full, true, and correct copy of a *Project Agreement between the Greater Brownsville Incentives Corporation (GBIC) and Titan Wheel International, Inc.,* approved on February 27, 1997, as shown in the GBIC minute book in the records of The Office of the City Secretary.


    In testimony whereof, witness my hand and seal of the said City of Brownsville, Texas, on this the __28th__ day of ___October___, 2003.


By:   Inelda T. Garcia
       City Secretary
       City of Brownsville, Texas

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On: Oct 29, 2003 at 03:33P

Document Number:        00059176

By
Marleen Fuentes
Joe G Rivera, County Clerk
Cameron County

Date:    November 14, 1996        EFFECTIVE DATE: February 28, 1997

Grantor:  GREATER BROWNSVILLE INCENTIVES CORPORATION,
          a Texas Non-Profit Corporation

Grantor's Mailing Address (including county):

          City Hall, Market Square, Brownsville, Texas    78520
          CAMERON County

Grantee:  TITAN WHEEL INTERNATIONAL, INC.,
          an Illinois Business Corporation

Grantee's Mailing Address (including County):

          2701 Spruce Street, Quincy, Illinois    62301
          ADAMS County

CONSIDERATION:  IN ACCORDANCE WITH PROJECT AGREEMENT BY AND
                BETWEEN GRANTOR AND GRANTEE OF EVEN DATE HEREWITH

PROPERTY (including any improvements):

          BEING a 192.634 acre tract out of a "Parcel One", "Tracts
          1, 2, and 3 of Parcel Two" and "Parcel Four" as described
          in a Deed from Norwill, Incorporated to Henry A. Willms,
          John F. Willms, Gary A. Willms and Myra Foster.  Said
          Deed is recorded in Volume 2200, Page 92 of the Deed
          Records of Cameron County, Texas.  Said 192.634 acre
          tract being more particularly described on the Exhibit
          "A" attached hereto and made a part hereof.

          SAVE & EXCEPT there is hereby reserved a 100' wide strip
          along the South Boundary line for possible future
          dedication to the City of Brownsville for Jose Escandon
          Road.  In the event that said 100' wide strip is not
          dedicated for said purpose on or before twenty five (25)
          years from date hereof, this reservation shall lapse.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

          This conveyance is made and accepted subject to any and all
          restrictions, covenants, conditions, easements, mineral and
          royalty reservations, zoning laws, leases, regulations and
          ordinances of municipal and other governmental authorities, if
          any, and only to the extent that same are still in effect,
          shown of record in Cameron County, Texas; together with any
          and all visible and apparent easements, to include but not
          limited to easements for roadways on or across the land.

TAX ROLL-BACK:

          If Grantee's use of the property hereafter results in the
          assessment of additional taxes for periods prior to date
          hereof such additional taxes shall be the obligation of
          Grantee.

DISCLAIMER OF REPRESENTATIONS AND WARRANTIES:

          GRANTOR HAS NOT MADE AND HEREBY SPECIFICALLY DISCLAIMS ANY
          WARRANTY, GUARANTY, OR REPRESENTATION, ORAL OR WRITTEN, PAST,
          PRESENT, FUTURE, AS TO, OR CONCERNING (i) THE NATURE AND
          CONDITION OF THE PROPERTY, INCLUDING BUT NOT BY WAY OF
          LIMITATION, THE WATER, SOIL, AND GEOLOGY, AND THE SUITABILITY
          THEREOF FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY
          ELECT TO CONDUCT THEREON, (ii) THE MANNER, CONSTRUCTION,
          CONDITION, AND STATE OF REPAIR OR LACK OF REPAIR OF ANY OF THE
          PROPERTY, (iii) EXCEPT FOR ANY WARRANTIES CONTAINED IN THE
          DEED, THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE,

EXHIBIT B
PAGE 1 OF 3 PAGES

**EXHIBIT**

**2**

POSSESSION, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHERWISE, AND (iv) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, RULES, ORDINANCES, OR REGULATIONS OF ANY GOVERNMENT OF OTHER BODY, GRANTEE HEREBY EXPRESSLY ACKNOWLEDGES AND AGREES THAT GRANTEE HAS THOROUGHLY INSPECTED AND EXAMINED THE PROPERTY TO THE EXTENT DEEMED NECESSARY BY GRANTEE IN ORDER TO ENABLE GRANTEE TO EVALUATE THE PURCHASE OF THE PROPERTY. GRANTEE HEREBY FURTHER ACKNOWLEDGES AND AGREES THAT GRANTEE IS RELYING SOLELY UPON THE INSPECTION, EXAMINATION, AND EVALUATION OF THE PROPERTY "AS IS", "WHERE IS" AND "WITH ALL FAULTS" BASIS AND GRANTEE EXPRESSLY ACKNOWLEDGES THAT IN CONSIDERATION OF THE AGREEMENT OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE IN RESPECT OF THE PROPERTY. IT IS FURTHER AGREED THAT GRANTOR HAS NOT WARRANTED, AND DOES NOT HEREBY WARRANT, THAT THE PROPERTY OR ANY IMPROVEMENTS LOCATED THEREON NOW OR IN THE FUTURE WILL MEET OR COMPLY WITH THE REQUIREMENTS OF ANY SAFETY CODE OR REGULATION OF THE STATE OF TEXAS, THE CITY WHERE THE PROPERTY IS LOCATED, THE COUNTY WHERE THE PROPERTY IS LOCATED, OR ANY OTHER AUTHORITY OR JURISDICTION. IT IS FURTHER AGREED THAT GRANTOR DOES NOT MAKE ANY REPRESENTATIONS OR WARRANTIES REGARDING SOLID WASTE, AS DEFINED IN THE TEXAS SOLID WASTE DISPOSAL ACT AND THE REGULATIONS ADOPTED THEREUNDER OR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGULATIONS AT 40 C.F.R., PART 261, THE DISPOSAL OR EXISTENCE IN, OR EMANATING FROM THE PROPERTY, OR ANY HAZARDOUS SUBSTANCE, AS DEFINED BY THE COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT OF 1980, AS AMENDED, AND REGULATIONS PROMULGATED THEREUNDER. GRANTEE HEREBY ASSUMES ALL RISKS (SPECIAL, DIRECT, INDIRECT, CONSEQUENTIAL, OR OTHER DAMAGES) RESULTING OR ARISING FROM OR RELATING TO THE OWNERSHIP, USE, CONDITION, LOCATION, MAINTENANCE, REPAIR OR OPERATION OF THE PROPERTY.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor's heirs, executors, administrators and successors are hereby bound to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, by, through or under Grantor, but not otherwise.

When the context requires, singular nouns and pronouns include the plural.

GREATER BROWNSVILLE INCENTIVES CORPORATION

by DONALD G. JOHNSON,
Chairman of the Board

STATE OF TEXAS                    ACKNOWLEDGMENT
COUNTY OF CAMERON

This instrument was acknowledged before me on February 28,
1997, by DONALD G. JOHNSON, Chairman of the Board of GREATER
BROWNSVILLE INCENTIVES CORPORATION.

_____
Notary Public, State of TEXAS

MICHELE SANCHEZ
Notary Public, State of Texas
My Commission Expires 5-06-97

AFTER RECORDING RETURN TO:                PREPARED IN THE OFFICE OF:
TITAN WHEEL INTERNATIONAL, INC.           MICHELE SANCHEZ, P.C.
2701 Spruce Street                        717 North Expressway 83
Quincy, Illinois 62301                    Brownsville, Texas  78520

EXHIBIT B
PAGE 3 OF 3 PAGES

# EXHIBIT 2