## STIPULATIONS

Deposition(s) of: _____
Style: _Greater Brownsville Incentives Corp. vs Titan International Inc_
Cause No.: _B-03-224_____ Date: _11-19____ Trial Date: _____

1.  This deposition is taken pursuant to:
    X A. Notice                          ___ C. Agreement
    ___ B. Notice and Subpoena           ___ D. Court Order

2.  Objections:                              _Federal_
    X A. Objections will be made pursuant to the ~~Texas/~~ ~~Federal~~ Rules of Civil Procedure.
    ___ B. All objections are reserved.
    ___ C. All objections will be made at the time of taking the deposition.
    ___ D. An objection made by one defendant is good for all.

3.  Signature and Delivery:
    _X_ A. The original transcript will be sent to _M/ Nicolas_____, the
    Custodial Attorney, and the original signature page, along with a copy of the
    transcript(s), will be submitted to ___ the witness or _X_ the witness' attorney,
    who will return the executed signature page, including any changes, to
    Bryant & Stingley, Inc., within _____ days of transmittal.

    ___ B. Signature is waived and the reporter will deliver the original transcript and
    exhibits to the Custodial Attorney, _____.

I, the undersigned, do hereby agree to the stipulations as indicated above and request the following:

1. Copy of Transcript: Yes _✓_ No ___        Video: (If Applicable) Yes ___ No ___
(ASCII Disk and Condensed Transcript included) Video Sync___ DVD___ CD___ VHS___

   RUSH / EXPEDITED: Yes _X_   No ___   By (Date): _11/22/04 by noon_

   E-mail Address: _hnicolas@mrodriguez.com_

   Signature: _____   Representing: _T.I._____

2. Copy of Transcript: Yes _✓_ No ___        Video: (If Applicable) Yes ___ No ___
(ASCII Disk and Condensed Transcript included) Video Sync___ DVD___ CD___ VHS___

   RUSH / EXPEDITED: Yes ___   No ___   By (Date): _____

   E-mail Address: _____

   Signature: _____   Representing: _GBIC_____

3. Copy of Transcript: Yes___ No ___         Video: (If Applicable) Yes ___ No ___
(ASCII Disk and Condensed Transcript included) Video Sync___ DVD___ CD___ VHS___

   RUSH / EXPEDITED: Yes ___   No ___   By (Date): _____

   E-mail Address: _____

   Signature: _____   Representing: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § | |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## DEFEENDANTS' NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF JASON C. HILTS & ARNOLD BENSON

TO:    JASON C. HILTS & ARNOLD BENSON, by and through their Attorney of Record, Mr. Brian G. Janis, SANCHEZ, WHITTINGTON, JANIS & ZABARTE, 100 North Expressway 83, Brownsville, Texas 78521.

Pursuant to the Federal Rules of Civil Procedure, please take notice that

Defendants in the above-styled and numbered cause will take the oral deposition of

**JASON C. HILTS**, at 8:30 o'clock, **a.m.** and **ARNOLD BENSON**, at 10:30 o'clock,

**a.m.** on **Friday, November 19, 2004** at the Law Office of Brian G. Janis, 100 North

Expressway 83, Brownsville, Texas, 78521.

Jason C. Hilts & Arnold Benson shall appear before a certified court reporter at

the place stated above for the purpose of giving their testimony.

Respectfully submitted,

RODRIGUEZ & NICOLAS, L.L.P.
319 E. Elizabeth Street
Brownsville, Texas 78520
(956) 574-9333 telephone
(956)574-9337 facsimile

By: _Michael Rodriguez_ _____
Michael Rodriguez

Hilts
EXHIBIT NO. 1
Bryant & Stingley, Inc.

State Bar No. 00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal I.D. No. 26052
**ATTORNEYS FOR
DEFENDANT TITAN
INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by regular US mail, and facsimile, in compliance with the Federal Rules of Civil Procedure on this 16th day of November, 2004.

**Via Regular Mail and Facsimile**

Brian G. Janis
SANCHEZ, WHITTINGTON, JANIS & ZABARTE
100 North Expressway 83
Brownsville, Texas 78521-2284
Phone (956) 546-3731
Facsimile (956) 546-3766

Henri E. Nicolas, Jr.

THE STATE OF TEXAS                    §
                                      §
COUNTY OF CAMERON                     §

## PROJECT AGREEMENT

THIS Project Agreement is made this __27th__ day of February, 1997 in Brownsville, Cameron County, Texas, between the GREATER BROWNSVILLE INCENTIVES CORPORATION, a Texas non-profit corporation established pursuant to Article 5190.6 of the Texas Revised Civil Statutes, having a principal place of business at 1 Market Square, Brownsville, Cameron County, Texas    78522, and TITAN WHEEL INTERNATIONAL, INC., an Illinois business corporation, having a principal place of business at 2701 Spruce Street, Quincy, Adams County, Illinois 62301, regarding funding for the establishment of a tire manufacturing operation in Brownsville, as follows:

I.

### Use Of Funds

The proceeds provided by this Agreement are to be used by TITAN WHEEL INTERNATIONAL, INC. "to enable the initiation of a tire manufacturing operation in or near Brownsville, and to enhance economic development and create jobs thereby," to be itemized in the schedules or plans for same to be provided to the GREATER BROWNSVILLE INCENTIVES CORPORATION, which Project is to be funded in part by the foregoing proceeds (the said funds having been "leveraged" to obtain additional funding for same).

II.

### Disbursement Of Funds

Such funds will be disbursed in accordance with the following provisions. Assuming compliance with the terms of this Agreement by TITAN WHEEL INTERNATIONAL, INC., such that TITAN WHEEL INTERNATIONAL, INC., is required to create 500 "new jobs" (375 during the first year after construction of the facility for the "Project," 75 during the second year thereafter and 50 during the third year thereafter) over the term of this Agreement (as a condition to funding hereunder), the GREATER BROWNSVILLE INCENTIVES CORPORATION shall pay to TITAN WHEEL INTERNATIONAL, INC., the following:

A -    As a "Site Development Credit," the sum of $1,000,000.00, to be paid not in cash but in the form of a grant of a site (of

PROJECT AGREEMENT - PAGE 1

Doc 00059176  Bk OR 9555  Vol Pg 295



EXHIBIT NO. 2

Bryant & Slingley, Inc.

real property, up to 200 acres) north of Brownsville for use
as a facility for this "project" (the "plant" for TITAN), such
land to be acquired (at a closing to be conducted in the near
future) by the GREATER BROWNSVILLE INCENTIVES CORPORATION,
constituting part of the "site improvement expense" of·TITAN
WHEEL INTERNATIONAL, .INC., at its new Brownsville area
facility, as defined by guidelines of the GREATER BROWNSVILLE
INCENTIVES CORPORATION, incurred at the said Brownsville
facility (as limited above);

B - As a "Site Development Credit," the sum of $1,000,000.00, paid
sixty (60) days after presentation of the relevant invoices,
reflecting the amount which is ONE-HUNDRED PER CENT (100%) of
the (non-land acquisition) "site improvement expense" for
TITAN WHEEL INTERNATIONAL, INC., as defined by the guidelines
of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at
the.new Brownsville facility of TITAN WHEEL INTERNATIONAL, ·
. INC..(as limited above);

C - As an additional "Site Development Credit," the sum of
$460,001.00, paid sixty (60) days after presentation of the
relevant invoices, reflecting the amount which is ONE-HUNDRED
PER CENT (100%) of additional (non-land acquisition) "site
improvement expenses" for TITAN WHEEL INTERNATIONAL, INC., as
defined by the guidelines of the GREATER BROWNSVILLE
INCENTIVES CORPORATION, for (1) a 1/4 mile access road, and
(2) a facility parking lot, incurred at the new Brownsville·
facility of TITAN WHEEL INTERNATIONAL, INC. (as limited
above), it being provided, however, that the sum of
$692,862.00 will be paid directly to the Public Utilities
Board (i.e., ¯ through the City Of· Brownsville) for
miscellaneous "site improvement expenses" for TITAN WHEEL
INTERNATIONAL, INC., as defined by the guidelines of the
GREATER BROWNSVILLE INCENTIVES CORPORATION, for (1) extending
water/sewer lines to the site, (2) the purchase of water
rights, and (3) acreage charges, which is subject to
reimbursement (to GBIC) on receipt of funds from pending grant
applications under the auspices of the CITY OF BROWNSVILLE
(with the U.S. Economic Development Administration);

D - As yet an additional (and final) "Site Development Credit,"
the sum of $680,000.00 (or if less, the maximum cost of
240,000 cubic yards of dirt, as explained below), paid sixty
(60) days after presentation of the relevant invoices,
reflecting the amount which is ONE-HUNDRED PER CENT (100%) of
additional (non-land acquisition) "site improvement expenses"
for TITAN WHEEL INTERNATIONAL, INC., as defined by the
guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION,

PROJECT AGREEMENT - PAGE 2

for acquiring fill dirt (the local provider of which is to be identified publicly) to elevate the ground level and to provide a sufficient base for the construction of the buildings and improvements required for the contemplated manufacturing operation of TITAN WHEEL INTERNATIONAL, INC., in or near Brownsville, Texas (as limited above), noting further that the sum of $300,000.00 of the aforesaid sums (i.e., the "site development expenses" payable to TITAN hereunder) is to be paid, instead, to the CITY OF BROWNSVILLE for the "EDA Jose Escandon Road Project," which project is being funded by the CITY for the benefit of TITAN and is to involve some reimbursement or payment from the U.S. Economic Development Administration, and that TITAN must first expend its (own) budgeted funds ($50,000.00) for such fill dirt (and invoices for same must be provided to GBIC) before any of the said funds above (in this sub-paragraph) are expended, and moreover, while GBIC will pay for such fill dirt, it (and the CITY) is not responsible for problems or disputes involving quantity, quality, time of service or method of delivery, or the delivery (to the extent possible, the providers of fill dirt should be from Brownsville or its extraterritorial jurisdiction, for which TITAN will submit a signed contract for same, along with proof of all necessary permits for the site and a Texas Department Of Transportation [required] Traffic Control Plan);

E -   As a "Lease/Building Assistance Credit," the sum of $1,712,500.00, paid pro-rata (i.e., annually) over the three years of this Agreement referred to above, after construction of the said facility for the "Project," (i.e., $687,500.00, $737,500.00 and $287,500.00), reflecting the "lease expense" (or the equivalent of such expense to construct a building for manufacturing use) for facilities of TITAN WHEEL INTERNATIONAL, INC. (i.e., 50%, 35% and 20%), as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as limited above), during the said term of this Agreement, subject to the right to carryover funds not used in the first or second years to the third year; and

F -   As a "Job Creation Credit," the sum of $975,000.00, paid pro-rata (i.e., annually), in the sum of $780,000.00, $117,000.00 and $78,000.00, reflecting the amount which is TEN (10%) PER CENT of the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., as defined by guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, incurred at the new Brownsville facility of TITAN WHEEL INTERNATIONAL, INC. (as

PROJECT AGREEMENT - PAGE 3

limited above), during the said three (3) years of this Agreement.

The maximum amount of reimbursement is not to exceed (for all credits hereunder) $13,040.73 per "new job created" at TITAN WHEEL INTERNATIONAL, INC. (in or near Brownsville, Texas only), during the term of this Agreement, in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION, provided that the GREATER BROWNSVILLE INCENTIVES CORPORATION has first verified and approved the amount of the "site improvement expenses," the "lease/building expense" and the "annual non-principal wages," and the "new jobs created" are valid, continuous and in force for at least ninety (90) days -- as determined at the close of the second quarter of the relevant year -- which amounts are not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 (noting that $692,862.00 will be paid directly to the Public Utilities Board, by and through the City Of Brownsville), $680,000.00 (or if less, the cost of 240,000 cubic yards of dirt), $1,712,500.00 and $975,000.00, respectively, over the term of this Agreement (i.e., five years).'

The parties agree that in the event that TITAN WHEEL INTERNATIONAL, INC., discontinues operations or is dissolved or liquidated or no longer maintains a tire manufacturing operation in or near Brownsville, or if TITAN WHEEL INTERNATIONAL, INC., does not commence such construction within eleven (11) months, does not commence hiring and training for the plant within ten (10) months (involving Spend Skills Development Training dollars, which must be spent in Brownsville), or does not commence operations within two (2) years in or near Brownsville, from the date of execution of this Project Agreement (February 27, 1997), any properties or assets held by TITAN WHEEL INTERNATIONAL, INC., which were acquired with funds, in whole or in part (including such funds), provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION, shall revert to that CORPORATION (subject to any superior liens); to this extent, any properties or assets acquired by TITAN WHEEL INTERNATIONAL, INC., with funds, in whole or in part, provided by the GREATER BROWNSVILLE INCENTIVES CORPORATION shall not be alienated, conveyed or transferred from TITAN WHEEL INTERNATIONAL, INC., without the prior authorization of the GREATER BROWNSVILLE INCENTIVES CORPORATION (except in the ordinary course of business), and, to avoid commingling or problems with tracing such funds, TITAN WHEEL INTERNATIONAL, INC., shall segregate, for accounting and other similar purposes, all funds (and properties) received from the GREATER BROWNSVILLE INCENTIVES CORPORATION and from other sources.

PROJECT AGREEMENT - PAGE 4

III.

Consideration

In consideration of the establishment of a tire manufacturing operation in or near Brownsville, Cameron County, Texas, pursuant to this Agreement, which will create jobs, facilitate commerce and trade and improve the economic infrastructure and labor force of the area, thus enhancing economic development, the stated goal of the GREATER BROWNSVILLE INCENTIVES CORPORATION, said entity will finance, for the benefit of TITAN WHEEL INTERNATIONAL, INC., the said "Site Development Credits," "Lease/Building Assistance Credit" and "Job Creation Credit," to enable the initiation of a tire manufacturing operation in or near Brownsville, funding part of the "cost" of a "project" for economic development thereby, as such terms are described and defined in Article 5190.6 of the Texas Revised Civil Statutes, the said CORPORATION's authorizing legislation, same having been found by the said CORPORATION's Board Of Directors "to be required or suitable for the promotion of development and expansion of manufacturing and industrial facilities, ... distribution centers [etc.] ... ."

The foregoing credits are supplemented by other incentives provided by the State Of Texas and other entities, as reflected by the listing annexed hereto as Exhibit "A" and incorporated by reference herein (the total amount of incentives including the said credits), it being understood by the parties to this Project Agreement that the GREATER BROWNSVILLE INCENTIVES CORPORATION (and by extension, the CITY OF BROWNSVILLE) does not control the provision of such incentives (by the State Of Texas and other entities) and has no responsibility for the provision of same, as reflected by Paragraph XV. (and other provisions) of this Project Agreement.

IV.

Performance Of Agreement

In providing a tire manufacturing operation in or near Brownsville, TITAN WHEEL INTERNATIONAL, INC., acting by and through its respective agents, will conduct itself in conformity with the requirements and standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION. To this extent, TITAN WHEEL INTERNATIONAL, INC., will perform all acts necessary to successfully fulfill the purpose of this Agreement and shall, at all times, faithfully, industriously and to the best of its abilities, experience and talents, perform all the duties that may be required of and from it pursuant to the express and implicit terms hereof and to the reasonable satisfaction of the GREATER BROWNSVILLE INCENTIVES CORPORATION.

PROJECT AGREEMENT - PAGE 5

In a manner calculated to achieve the goals of the GREATER BROWNSVILLE INCENTIVES CORPORATION in enhancing economic development and to maximize the value of the said CORPORATION's investments in various economic development projects, pursuant to the policies set by the CORPORATION's Board Of Directors from time to time, TITAN WHEEL INTERNATIONAL, INC., shall keep the said CORPORATION apprised of the status of the said Project, to insure compliance with this Agreement. To this extent, on a quarterly basis, TITAN WHEEL INTERNATIONAL, INC., shall prepare and send to the GREATER BROWNSVILLE INCENTIVES CORPORATION, by and through its Board Of Directors, a report showing the activities conducted pursuant to this Agreement during the preceding quarter and setting forth an accounting of funds received and expended pursuant to this Agreement during the preceding quarter, with each such report showing the cumulative expenses and revenues for the preceding quarter together with all prior quarters during the term of this Agreement, as well as "employment levels" for all such quarters.

TITAN WHEEL INTERNATIONAL, INC., shall have a "review" audit of all funds and activities of this Project prepared annually by a Certified Public Accountant (which auditor may be employed by the company), a copy of which shall be presented to the GREATER BROWNSVILLE INCENTIVES CORPORATION within ninety (90) days of the close of the said company's fiscal year, and further, the said company will provide a copy of its proposed and adopted budgets regarding this Project to the GREATER BROWNSVILLE INCENTIVES CORPORATION as soon as same can be (reasonably) forwarded to the CORPORATION. Additionally, the said company will make available for inspection, at a reasonable time and place, at the request of the CORPORATION, any or all of the said company's financial and payroll records as same relates to this Project, provided however, that all of such records will be deemed "confidential" and not released to third parties (pursuant to the Texas Open Records Act).

V.

## Term Of Agreement

The term of this Agreement shall be five (5) years, commencing November 1, 1996 and ending October 31, 2001.

VI.

## Termination

This Agreement may be terminated for cause (including the failure to comply with the requirements or standards of the GREATER BROWNSVILLE INCENTIVES CORPORATION, or any action constituting a

PROJECT AGREEMENT - PAGE 6

breach of the terms of this Agreement) by either party, as appropriate, or by mutual agreement of the parties, or in the event of any occurrence (e.g., bankruptcy, dissolution or governmental action, as appropriate) precluding either party from performing the obligations contemplated under this Agreement. In the event of the termination of this Agreement for any reason prior to the expiration of the term of this Agreement, the parties shall be entitled to all compensation earned by them through the effective date of termination, as appropriate, and any remedies available at law or in equity, which rights and remedies shall survive the termination of this Agreement.

VII.

Indemnity

TITAN WHEEL INTERNATIONAL, INC., shall indemnify, protect and hold harmless the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, from any and all liabilities, claims, demands, actions, losses, damages and costs, including all costs of defense thereof, of any nature whatsoever, for injury to or death of persons or loss or damage to property, or for any other reason, including economic or environmental loss of any kind, in any manner arising out of or connected with the performance of TITAN WHEEL INTERNATIONAL, INC., under this Agreement, or arising out of the execution of or performance (or non-performance) of this Agreement, and including claims and actions based upon the acts or omissions of TITAN WHEEL INTERNATIONAL, INC., or its shareholders, directors, officers, agents, employees, representatives, parents, subsidiaries, affiliates, related holding companies, successors, assigns and insurers.

Upon demand, TITAN WHEEL INTERNATIONAL, INC., shall, at its own expense, defend the GREATER BROWNSVILLE INCENTIVES CORPORATION, its directors, affiliates, officers, agents, employees, representatives, successors, assigns and insurers, against any and all such liabilities, claims, demands, actions, losses, damages and costs. Moreover, TITAN WHEEL INTERNATIONAL, INC., shall give the GREATER BROWNSVILLE INCENTIVES CORPORATION prompt notice of any claim within its knowledge that in any way, directly or indirectly, affects either party. Both parties shall have the right to participate in the defense of such claim to the extent of their interests.

PROJECT AGREEMENT - PAGE 7

VIII.

Insurance

Both parties agree to obtain insurance (to the extent available) in the type and amount deemed advisable to protect their respective interests.  To this extent, the parties agree to provide insurance for their respective conveyances, equipment, facilities and instrumentalities, as appropriate.

IX.

Status Of Parties

The parties hereto shall not be construed to have the relationship of partners, joint venturers, principal-agent or employer-employee.  The parties hereto are separate entities who enter into this Agreement for their respective benefit.

X.

Compliance With Law

The parties will act, at all times, in compliance with all pertinent and applicable laws.

XI.

Entire Agreement

This Agreement contains the entire agreement between the parties relating to the rights herein granted and the obligations herein assumed, and supersedes any prior understandings, representations, memorandums or agreements regarding the service relationship that is the subject of this Agreement.  Any oral representations or modifications concerning this instrument shall be of no force or effect.  This Agreement may be amended, provided that no amendment, modification or alteration of the terms of this Agreement shall be binding unless the same is in writing and duly executed by the parties hereto.

XII.

Law Governing; Venue

This Agreement shall be governed by and construed in accordance with the laws of the State Of Texas (and where applicable, the laws of the United States Of America), and, the

PROJECT AGREEMENT - PAGE 8

obligations and undertakings of each of the parties to this Agreement shall be performable in Cameron County, Texas.

## XIII.

## No Waiver

Any waiver by any party of any default under or breach of this Agreement shall not be construed as a continuing waiver of such default or breach, nor as a waiver of or permission for (express or implied) any other or subsequent default or breach.

## XIV.

## No Assignment

This Agreement shall not be assigned in whole or in part by either party without the consent and approval of the other party, set forth in writing and signed by both parties.  Any assignee will be bound by the terms of this Agreement.

## XV.

## No Warranties Or Representations

The parties to this Agreement specifically acknowledge that the GREATER BROWNSVILLE INCENTIVES CORPORATION (or by extension, the CITY OF BROWNSVILLE) shall not be obligated to pay any funds to TITAN WHEEL INTERNATIONAL, INC., beyond the (contingent) payments contemplated by this Agreement, as set forth above, which are not to exceed the sum that is:    $1,000,000.00,  $1,000,000.00, $460,001.00 or $680,000.00 (as set forth above) for the "site improvement expenses," $1,712,500.00 for the "lease/building expense" and $975,000.00 for the "annual non-principal wages" of TITAN WHEEL INTERNATIONAL, INC., and/or the sum representing $13,040.73 per "new job created," in accordance with guidelines of the GREATER BROWNSVILLE INCENTIVES CORPORATION -- for the "Site Development Credits" (not to exceed the sum of $1,000,000.00, $1,000,000.00, $460,001.00 or $680,000.00, as set forth above), for the "Lease Assistance Credit" (not to exceed the sum of $1,712,500.00), and for the "Job Creation Credit" (not to exceed the sum of $975,000.00).

NO WARRANTY OR REPRESENTATION OF ADDITIONAL PAYMENTS OR FUNDING OR CREDIT OR THE EXTENSION OF CREDIT HAS BEEN MADE, IS BEING MADE OR WILL BE MADE BY THE GREATER BROWNSVILLE INCENTIVES CORPORATION (OR THE CITY OF BROWNSVILLE).  FURTHERMORE, NO WARRANTY OR REPRESENTATION OF ANY KIND WHATSOEVER IS BEING MADE BY THE

PROJECT AGREEMENT - PAGE 9

GREATER BROWNSVILLE INCENTIVES CORPORATION OR TITAN WHEEL INTERNATIONAL, INC., IN CONNECTION WITH THE EXECUTION OR PERFORMANCE OF THIS AGREEMENT, except to the extent set forth in this instrument.

## XVI.

### Parties Bound

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective heirs, legal representatives, successors and assigns, as appropriate.

## XVII.

### Notices

Any notice to either party shall be sent by certified or registered mail, addressed to the parties as set forth above, at their respective addresses set forth above or such other address as may be designated.

## XVIII.

### Invalidity

If any term, provision, covenant or condition of this Agreement is held by a tribunal of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Moreover, it is the intention of the parties to this Agreement that in lieu of each clause or provision of this Agreement that is held to be invalid, void or unenforceable, there be added as a part of this Agreement a clause or provision as similar in terms to such invalid, void or unenforceable clause or provision as may be feasible which shall nevertheless be valid, legal and enforceable.

## XIX.

### Arbitration

ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR INVALIDITY THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT AND THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, USING ONE ARBITRATOR -- SUCH ARBITRATION TO BE CONDUCTED IN BROWNSVILLE, CAMERON COUNTY, TEXAS,

IN THE ENGLISH LANGUAGE -- AND A JUDGMENT UPON THE AWARD RENDERED
BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION
THEREOF.

XX.

Attorney Fees

If any proceeding is initiated to resolve a dispute arising
under or relating to this Agreement by either of the parties
hereto, it is expressly agreed that the prevailing party shall be
entitled to recover from the other party reasonable attorney fees
and expenses in addition to any other relief that may be awarded.

XXI.

Construction Of Instrument

Each of the parties hereto have been represented by the
attorneys of their choice in the negotiation and drafting of this
Agreement. Accordingly, this Agreement shall not be construed in
favor of either party.

XXII.

Authority

The parties to this Agreement, to-wit, TITAN WHEEL
INTERNATIONAL, INC., and the GREATER BROWNSVILLE INCENTIVES
CORPORATION, specifically warrant and represent that the
signatories below are authorized to act on behalf of the respective
party to this instrument, that the signatories have been
specifically authorized to execute this Project Agreement by said
parties in accordance with the requisite corporate formalities of
each such party, that the execution of this instrument by said
signatories constitutes the binding act of each such party to this
instrument and that the execution of this instrument and the
adoption of same by each party is authorized by law.

EXECUTED in duplicate (as revised) on the ___7th___ day of
November, 1997 at Brownsville, Cameron County, Texas.

GREATER BROWNSVILLE INCENTIVES
CORPORATION

BY: _____
Eduardo R. Rodriguez, President

PROJECT AGREEMENT - PAGE 11

ATTEST:

_____
.Irv Downing, Secretary

TITAN WHEEL INTERNATIONAL, INC.

BY:  _____
        Gary Carlson, Vice-President

ATTEST:

Name: _____
Title: _____

PROJECT AGREEMENT - PAGE 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES | § | CIVIL ACTION |
| CORPORATION, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | NO. B-03-224 |
| | § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## AFFIDAVIT OF JASON C. HILTS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, on this day personally appeared JASON C. HILTS, known to me, and being by me duly sworn, deposed and said on his oath that:

1 -   I am of the age of majority, of sound mind and capable of making this Affidavit.

2 -   I am personally acquainted with the facts stated in this Affidavit.

3 -   I submit this Affidavit in support of the foregoing Motion For Ancillary Injunctive Relief filed in this action on behalf of GREATER BROWNSVILLE INCENTIVES CORPORATION (GBIC).

4 -   At all material times, I was (and am) the President/CEO of the Brownsville Economic Development Council, Inc. (BEDC), a Texas non-profit corporation, hereinafter referred to as "BEDC," and I am authorized to act on behalf of BEDC (and GBIC) in this matter.

5 -   BEDC, under a Service Agreement with GBIC, attempts to have businesses relocate to Brownsville or to have local businesses expand, to expand the local economy, to create, retain and expand employment opportunities in Brownsville, and to enhance economic development in Brownsville.

AFFIDAVIT OF JASON C. HILTS - PAGE 1

Hilts

EXHIBIT NO. 3

Bryant & Stingley, Inc.

6 -   In such capacity, I became familiar with the Project Agreement
      between GBIC and TITAN, involving the establishment of a tire
      manufacturing facility/operation in Brownsville.

7 -   During my tenure at BEDC, I have witnessed the negotiations
      and the process to have TITAN open a plant in Brownsville,
      including the entry into a Project Agreement, the opening of
      the plant, the operation of the plant, and the closing of the
      plant (about a year ago) as a tire manufacturing facility in
      Brownsville.

8 -   I am also aware that TITAN previously "transferred" title
      (under a deed of trust or similar instrument on file in this
      case) to the property at issue (the plant), in violation of a
      provision in the Project Agreement (without obtaining the
      consent of GBIC), for the purpose of a financing/lease-back.

9 -   It has been brought to my attention, by various telephone
      calls and meetings with area developers and realtors, as well
      as industrial prospects and site selectors, that TITAN is
      marketing the property at issue or a portion of same, in order
      to sell the same; specifically, I have received inquiries and
      information about the property, the status of this suit, the
      features of the property, the prices offered for the property
      and the rejection of such "price(s)" by TITAN.

10 -  In other words, TITAN -- of late -- is undertaking an active
      campaign or effort to sell the property, confirming it is no
      longer operating the plant as a tire manufacturing facility,
      and more significantly, despite the ongoing suit and the
      contract provision prohibiting same, TITAN intends to sell
      this property, without regard to any of GBIC's contract rights
      (including the requirement of consent by GBIC to any such
      sale) in and to the land and the improvements at issue.

      FURTHER AFFIANT SAYETH NOT.


                                    _____
                                    JASON C. HILTS, President/CEO
                                    BROWNSVILLE ECONOMIC DEVELOPMENT
                                       COUNCIL, INC.



                    AFFIDAVIT OF JASON C. HILTS - PAGE 2

SUBSCRIBED AND SWORN TO BEFORE ME on the 9 th day of November, 2004, to certify which witness my hand and official seal.



JUANA VELASQUEZ
Notary Public, State of Texas
My Commission Expires 01-15-07

Notary Public in and for
The State Of Texas

AFFIDAVIT OF JASON C. HILTS - PAGE 3