United States District Court
Southern District of Texas
ENTERED

DEC 0 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREATER BROWNSVILLE INCENTIVES CORPORATION, | § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. B-03-224 |
| | § § § | |
| TITAN INTERNATIONAL, INC., | § | |
| Defendant | § | |

## AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR ANCILLARY INJUNCTIVE RELIEF

On the 23rd day of November, 2004, came on to be considered Plaintiff Greater Brownsville Incentives Corporation's (hereinafter "Plaintiff" or "GBIC") Motion for Ancillary Injunctive Relief in the above-styled action (Dkt. No. 45). After consideration of the pleadings, motions, and arguments of counsel, this Court is of the opinion that Plaintiff's motion should be denied.

Temporary restraining orders and preliminary injunctions are extraordinary remedies and must be supported by specific findings of the Court.[1] The party seeking such extraordinary relief has the heavy burden of clearly showing that a preliminary injunction should be granted.[2] Thus, to successfully obtain a preliminary injunction, GBIC must demonstrate:

---

[1] *See Placid Oil Co. v. United States Dept. of Interior*, 491 F.Supp. 895, 904 (N.D. Tex. 1980).
[2] *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Kern River Gas Transmission v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir. 1990); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989); *Hardin v. Houston Chronicle Publ'g Co.*, 572 F.2d 1106, 1107 (5th Cir. 1978).

(1) a substantial likelihood of success on the merits of its claim;

(2) a substantial threat of irreparable injury or harm for which there is no adequate remedy at law;

(3) that the threatened injury to GBIC outweighs any harm that the injunction might cause to Titan; and

(4) that the injunction will not disserve the public interest.

*DSC Communications Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).[3] Injunctive relief must be denied unless the facts and law clearly favor the moving party.[4] Failure to meet the burden on any one of the four required elements requires denial of injunctive relief.[5] The court finds that Plaintiff has not met its burden in regards to the four required elements mentioned above. Thus denial of injunctive relief is proper.

It is therefore ORDERED that Plaintiff's Motion for Ancillary Injunctive Relief (Docket No. 45) is DENIED. It is FURTHER ORDERED that Defendant Titan International, Inc. give this Court twenty days notice before entering into any contractual agreement related to the property at issue in this suit. To be clear, this order prevents Titan International Inc. from selling, promising to sale, or otherwise encumbering the property without first giving the Court twenty days notice of its intent to do so.

IT IS SO ORDERED.

Done on this 6th day of December, 2004, at Brownsville, Texas.

Felix Recio
United States Magistrate Judge

---

[3] *See also Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Canal Auth. of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).
[4] *See Canal Auth. of Florida*, 489 F.2d at 573.
[5] *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985); *see also Clements Wire & Mfg. Co. v. NLRB*, 589 F.2d 894, 897 (5th Cir. 1979).